# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOE DASILVA, JR.,

    *Plaintiff*,

v.

MARK ESPER, individually and in his official capacity as Secretary of the U.S. Department of Defense; SEAN EDWARDS, individually and in his official capacity as Chief of U.S. Army Detroit Arsenal Fire Division; and MARTIN POTTER, individually and in his official capacity as Assistant Chief of U.S. Army Detroit Arsenal Fire Division;

    *Defendants*.

Case No.

Hon.

_____/

SOLOMON M. RADNER (P73653)
EXCOLO LAW, PLLC
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
(866) 939-2656
sradner@excololaw.com
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, JOE DASILVA, JR., by and through his attorneys, SOLOMON M. RADNER and EXCOLO LAW, PLLC, and files his Complaint against the Defendants in this civil action, stating unto this court as follows:

## JURISDICTION AND VENUE

1. This is an action for damages against Defendants, MARK ESPER ("ESPER"), individually and in his official capacity as Secretary of the U.S. Department of Defense ("DEPARTMENT"); SEAN EDWARDS ("EDWARDS"), individually and in his official capacity as Chief of U.S. Army Detroit Arsenal Fire Division; and MARTIN POTTER ("POTTER"), individually and in his official capacity as Assistant Chief of U.S. Army Detroit Arsenal Fire Division, brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, and the Elliott-Larsen Civil Rights Act.

2. This Court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

4. The unlawful actions alleged in this Complaint took place within the jurisdiction of the United States District Court for the Eastern District of Michigan.

5. Venue is appropriate in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) and based on the situs of the incident, which occurred in the City of Warren, County of Macomb, State of Michigan.

## STATEMENT OF FACTS

6. At all pertinent times, Plaintiff, JOE DASILVA, JR., was a United States citizen, domiciled in the State of Michigan, employed as a Firefighter/EMT by the U.S. Army at the Detroit Arsenal Fire Division.

7. At all pertinent times, Defendant POTTER was employed as Assistant Chief by the U.S. Army at the Detroit Arsenal Fire Division.

8. At all pertinent times, Defendant EDWARDS was employed as Chief by the U.S. Army Detroit Arsenal Fire Division.

9. For the duration of Plaintiff's employment at the Detroit Arsenal Fire Division, Defendant POTTER was Plaintiff's supervisor.

10. Defendant POTTER and Defendant EDWARDS are routinely loud and rude to Plaintiff specifically, in addition to ignoring him and/or ostracizing him from the workplace community.

11. For over three years, Defendant POTTER has periodically made unwanted sexual comments to Plaintiff, such as stating that Plaintiff should wear a bra, that Plaintiff has breast implants, or suggesting that they try the "pencil test." ("Pencil test" is a vulgar slang phrase, referring to placing a pencil underneath an individual's breast tissue to see if the tissue is large enough to hang over the pencil and weighs enough to keep the pencil lodged in place against the torso.)

12. Multiple coworkers have witnessed these statements, and Plaintiff has not witnessed Defendant POTTER make similar statements to anyone but Plaintiff.

13. On or about January 6, 2017, Defendant EDWARDS stated "Dasilva, I don't like you. I just have to work with you." while in front of several of Plaintiff's peers. Defendants EDWARDS and POTTER periodically make other comments to this effect.

14. On or about January 25, 2017, Plaintiff requested to attend a training course in pursuit of his own professional development, but his request was denied. Defendants EDWARDS and POTTER have denied similar requests.

15. On or about February 2, 2017, Defendant POTTER completed Plaintiff's performance evaluation, scoring Plaintiff lower based on specific metrics than other employees who had identical metrics.

16. On or about February 6, 2017, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint.

17. Following Plaintiff's EEOC complaint, Defendant POTTER continued to make unwanted sexual comments to Plaintiff with increasing frequency.

18. On or about April 16, 2018, Plaintiff filed a SHARP complaint and a 15-6 complaint, both of which are internal Army complaints pertaining to sexual harassment.

19. The Army's internal investigators concluded that Defendant POTTER's actions rose to the level of sexual harassment.

20. On March 20, 2020, Administrative Judge Deborah M. Barno, of

the EEOC Detroit Field Office, granted Defendant ESPER's motion for summary judgment, finding against Plaintiff and dismissing his EEOC claim.

21. Judge Barno erroneously concluded that there had only been two comments made by Defendant POTTER against Plaintiff. To the contrary, these comments have been regular and ongoing for years.

22. Due to the conduct of Defendants, Plaintiff, JOE DASILVA, JR., suffered the following injuries and damages:

   a. Severe emotional distress from the time the sexual harassment began to the present, including, but not limited to: the emotional distress of being subjected to unwanted sexual harassment and the emotional distress of knowing that Defendant POTTER continues to negatively influence his career prospects;
   b. Physical manifestations of emotional distress including, but not limited to, sleeplessness, irritability, loss of appetite, headaches, and other symptoms;
   c. Fright, shock, indignity, humiliation, outrage, indignity and embarrassment of being wrongfully subjected to this sexual harassment;
   d. Loss of employment opportunity, past income, and future earning capacity;
   e. Other damages which may be revealed through discovery.

## COUNT I

### CONSTITUTIONAL VIOLATIONS BY DEFENDANT POTTER (FIRST AMENDMENT – RETALIATION FOR PROTECTED CONDUCT)

23. Plaintiff incorporates herein all the prior allegations.

24. Under 42 U.S.C. § 1983, Plaintiff is protected from violations of the rights guaranteed to him by the Constitution and laws of the United States.

25. By filing an EEOC complaint against Defendant POTTER for sexual

harassment, Plaintiff engaged in protected conduct. His Constitutionally guaranteed right to freedom of speech protects his ability to file such a complaint.

26. While this conduct would be protected even if the allegations had been baseless, the protection guaranteed to this conduct is further bolstered by the fact that both the Army and EEOC investigations independently concluded that Defendant Potter had, in fact, sexually harassed Plaintiff.

27. As a result of this conclusion, the DEPARTMENT transferred Defendant POTTER to another position, to protect Plaintiff from further harassment and retaliation.

28. However, this transfer was insufficient to protect Plaintiff from Defendant POTTER.

29. In the years following Plaintiff's EEOC complaint, he has applied for multiple promotions and/or transfers, including applying for positions that would take him further away from Defendant POTTER.

30. Despite his transfer, Defendant POTTER has remained in a position where he is directly involved in reviewing Plaintiff's applications.

31. No special precautions have been taken to exclude Defendant POTTER from influencing decisions about Plaintiff's applications.

32. Upon information and belief, Defendant POTTER has negatively influence Plaintiff's applications, ultimately leading to every single application being denied.

33. As a result, Plaintiff has been left with the choice between

remaining in his current position, where he is forced to continue working with Defendant POTTER, or facing constructive discharge.

34. Upon information and belief, Defendant POTTER has engaged in these actions as a means of retaliating against Plaintiff for his EEOC complaint and its negative impact on Defendant POTTER.

35. Therefore, Defendant POTTER's actions constitute retaliation against Plaintiff for the protected conduct of engaging in free speech, in violation of the 1st Amendment to the Constitution and 42 U.S.C § 1983.

## COUNT II

### VIOLATION OF TITLE VII OF BY DEFENDANT POTTER (SEXUAL HARASSMENT/GENDER STEREOTYPING)

36. Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination "because of sex."

37. The "because of sex" language contained in Title VII has been interpreted to include discrimination based on gender stereotyping.

38. In most cases, including the case at hand, gender stereotyping falls under the category of a hostile work environment for sexual harassment claims.

39. By making derogatory comments toward Plaintiff, comparing features of his body to those associated with women, Defendant POTTER discriminated against Plaintiff because of his sex, harassing him with comments implying the stereotype that men don't have bodies like Plaintiff's.

40. By continually engaging in such gender stereotyping, Defendant

POTTER created a hostile work environment for Plaintiff.

41. These distinct but ongoing actions collectively constitute one unlawful employment action that cannot be said to occur on any particular day.

42. Therefore, by repeatedly engaging in gender stereotyping, Defendant POTTER sexually harassed Plaintiff by creating a hostile work environment, in violation of Title VII.

43. Title VII requires the exhaustion of administrative remedies prior to a claim being filed in a judicial forum.

44. By not only filing an EEOC claim, but also completing the internal Army grievance process, Plaintiff has exhausted his administrative remedies without receiving adequate protection.

## COUNT III

### CONSTITUTIONAL VIOLATIONS BY DEFENDANT POTTER (FOURTH / FOURTEENTH AMENDMENTS – BODILY INTEGRITY)

45. Plaintiff incorporates herein all the prior allegations.

46. Under the 4th and 14th Amendments to the United States Constitution, citizens are protected in their bodily integrity.

47. Citizens' right to bodily integrity has been interpreted to include freedom from unwelcome sexual harassment.

48. By making unwanted derogatory comments toward Plaintiff based on gender stereotypes, Defendant POTTER sexually harassed Plaintiff by creating a hostile work environment.

49. Both the Army and EEOC independently concluded that Defendant POTTER had, in fact, sexually harassed Plaintiff.

50. Therefore, Defendant POTTER's actions constitute violations of Plaintiff's bodily autonomy, in violation of the 4th and 14th Amendments to the Constitution and 42 U.S.C § 1983.

## COUNT IV

## CONSTITUTIONAL VIOLATIONS BY DEFENDANTS EDWARDS & ESPER
## (SUPERVISORY LIABILITY)

51. Plaintiff incorporates herein all the prior allegations.

52. The Supreme Court has held that employers are subject to vicarious liability when supervisors engage in unlawful harassment.

53. At all times that Defendant POTTER engaged in unlawful harassment toward Plaintiff, he did so as an employee of the U.S. Department of Defense, represented here by its agent, Defendant ESPER.

54. At all times that Defendant POTTER engaged in unlawful harassment toward Plaintiff, Defendant EDWARDS was his direct supervisor.

55. Defendant EDWARDS and the DEPARTMENT were fully aware of Defendant POTTER's unlawful harassment through Plaintiff's complaints.

56. By pursuing the proper administrative complaint process, Plaintiff has acted reasonably

57. By dispatching an EEOC investigator and responding to the

investigator's finding that sexual harassment had occurred by transferring Defendant POTTER into a role where he would have less interaction with Plaintiff, the DEPARTMENT affirmatively took action in response to Plaintiff's complaints.

58. Given that Plaintiff was forced to continue working with Defendant POTTER, albeit less frequently, Defendant EDWARDS and the DEPARTMENT failed to exercise reasonable care to promptly correct or prevent Defendant POTTER's unlawful harassment.

59. Further, given that Defendant EDWARDS and the DEPARTMENT's actions failed to protect Plaintiff from continued harm by Defendant POTTER, specifically continued influence in Plaintiff's potential promotion, Defendant EDWARDS and the DEPARTMENT failed to exercise reasonable care to promptly correct or prevent Defendant POTTER's unlawful harassment.

60. As a result of Defendant EDWARDS and the DEPARTMENT's failure to exercise reasonable care, Defendant POTTER has abused his ability to influence Plaintiff's potential promotion to retaliate against Plaintiff for engaging in protected conduct by filing a sexual harassment complaint against Defendant POTTER.

61. Therefore, as a result of Defendant EDWARDS and the DEPARTMENT's failure to exercise reasonable care, Defendant POTTER's unlawful harassment has culminated in a tangible employment action.

## COUNT V

## VIOLATIONS OF ELLIOTT-LARSEN CIVIL RIGHTS ACT (SEX DISCRIMINATION; WEIGHT DISCRIMINATION)

62. Plaintiff incorporates herein all the prior allegations.

63. Under the state law of Michigan, the Elliott-Larsen Civil Rights Act ("ELCRA") provides citizens of the State of Michigan with all of the protections against sex discrimination provided by the Constitution of the United States and Title VII of the Civil Rights Act of 1964.

64. Accordingly, the counts above apply equally under the ELCRA.

65. In addition, the ELCRA goes beyond federal protections and guarantees protection from discrimination based on weight.

66. Defendant POTTER's comments toward Plaintiff reference his weight, implying that Plaintiff is overweight to the point that his body no longer reflects that of a man.

67. By making these comments, Defendant POTTER not only engaged in sex discrimination against Plaintiff, but also in weight discrimination.

68. Therefore, Defendant POTTER has violated Plaintiff's rights as guaranteed by the ELCRA, discriminating against Plaintiff based on both his sex and his weight.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOE DASILVA, JR., demands judgment and prays for the following relief, jointly and severally, against all Defendants:

   a. Full and fair compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Reasonable attorney's fees and costs of this action; and

   d. Any such other relief as appears just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

EXCOLO LAW, PLLC

Dated: May 28, 2020

By: */s/ Solomon M. Radner*
SOLOMON M. RADNER (P73653)
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
(866) 939-2656
sradner@excololaw.com