UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

JOE DASILVA, JR.,

    *Plaintiff,*

v.

MARK ESPER, *et. al.*,

    *Defendants.*

Case No. 2:20-cv-11358-MAG-APP

Hon. Mark A. Goldsmith

---

**RESPONSE TO ORDER TO SHOW CAUSE**

NOW COMES Plaintiff and files this response to this Court's Order to Show Cause, ECF # 16, and respectfully states the following:

1. This lawsuit was commenced on May 28, 2020. (ECF # 1). On May 29, 2020, a summons was issued for each of the named Defendants. (ECF # 2; ECF # 3; ECF # 4). Plaintiff filed proofs of service for each Defendant. (ECF # 6; ECF # 7; ECF # 8).

2. On August 25, 2020, Plaintiff requested an entry of default against Defendant Esper and Defendant Potter. (ECF # 10; ECF # 11). A default against Defendant Esper and Defendant Potter was entered by the clerk on August 26, 2020. (ECF # 12; ECF # 13).

3. Through communications with the US attorney's office, Plaintiff learned that he had not properly served Defendants, employees of the United States, when

1

Plaintiff served them at their places of employment through certified mail. *See* Fed. R. Civ. P. 4(i) *Serving the United States and Its Agencies, Corporations, Officers of Employees.* Accordingly, on September 8, 2020, Plaintiff filed two motions to set aside the default for Defendant Esper and Defendant Potter. (ECF # 14; ECF # 15).

4. Subsequently, Plaintiff served properly Defendants through the U.S. Attorney and Department of Justice. Fed. R. Civ. P. 4(i). Proofs of service have since been filed. (ECF # 17; ECF# 17-1; ECF # 17-2).

## ARGUMENT

This Court's local rules state when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing… the case unless good cause is shown." E.D. Mich. LR 41.2. The Sixth Circuit is guided by four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 Fed. Appx. 542, 545 (6th Cir. 2015) (quotation omitted).

Here, Plaintiff mistakenly served the wrong entity when serving the individual Defendants originally. Plaintiff has taken action in his case and has sought to correct a procedurally incorrect filing.  Plaintiff has since served the Defendants through the United States Attorney for the district where the action is brought and United States Department of Justice pursuant to Fed. R. Civ. P. 4(i). (ECF # 17; ECF# 17-1; ECF # 17-2). Second, the Defendants have yet to respond to Plaintiff's summons and have not entered an appearance. Thus, Defendants are not prejudiced by Plaintiff's conduct. Third, the Court's October 21, 2020 Order to Show Cause is the first time Plaintiff has been warned about a possible dismissal due to failure to prosecute. Finally, no less drastic sanctions have been imposed or considered by the Court. Plaintiff respectfully requests the Court grant him additional time to prosecute his case.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff additional time to prosecute his claims.

Respectfully Submitted,

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
Solomon M. Radner
Attorney for Plaintiff
26700 Lahser Rd., Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com

Dated: October 28, 2020

## CERTIFICATE OF SERVICE

I hereby affirm that on October 28, 2020, I caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was served on all counsel of record through the Court's CM/ECF electronic filing system.

*/s/ Solomon M. Radner*