UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Joe Dasilva, Jr.**,

    Plaintiff,   Civil No. 20-11358

v.   Honorable Mark A. Goldsmith

**Mark Esper, et al.**,

    Defendants.

## DEFENDANTS' MOTION TO DISMISS

Defendants Esper and Edwards, in their individual and official capacities, and Defendant Potter, in his official capacity, by and through their undersigned attorneys, Saima S. Mohsin, Acting United States Attorney, and Lynn M. Dodge, Assistant United States Attorney, now move to dismiss the Complaint as against them for the reasons set forth more fully in the attached brief in support of this motion. Pursuant to Local Rule 7.1, counsel for these defendants spoke with plaintiff's counsel on a number of occasions between December 16, 2020 and February 17, 2021 regarding the basis of the motion to dismiss, but plaintiff's counsel would not concur in the motion or agree to amend his complaint.

        Respectfully submitted,

        SAIMA S. MOHSIN
        Acting United States Attorney


        */s/ Lynn M. Dodge*
        Lynn M. Dodge (P38136)
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, Michigan 48226
        (313) 226-0205
        lynn.dodge@usdoj.gov

Dated:  February 18, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Joe Dasilva, Jr.**,

    Plaintiff,                      Civil No. 20-11358

v.                                Honorable Mark A. Goldsmith

**Mark Esper, et al.**,

    Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

---

### ISSUES PRESENTED

I.     Whether the Constitutional claims against Defendants (Counts I, III, and IV) fail to state a claim.

II.     Whether the Title VII claim against Defendant Potter (Count II) fails to state a claim.

III.     Whether the Elliott-Larsen claim (Count V) fails to state a claim.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT ........................1

MOTION TO DISMISS STANDARD UNDER RULE 12(b)(6) ............................2

ARGUMENT ..........................................................................................................3

   I.   Plaintiff's Constitutional Claims ...................................................................3

   II.  Plaintiff Fails To Name the Appropriate Defendant in His Title VII
       Count (Count II) ...........................................................................................5

   III. A Federal Employee Does Not Have A Cause of Action Under the State
       Elliott-Larsen Act .........................................................................................6

CONCLUSION ......................................................................................................7

CERTIFICATION OF SERVICE ...........................................................................9

LOCAL RULE CERTIFICATION ........................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Briggs v. Potter*, 463 F.3d 507 (6th Cir. 2006)..........................................................4

*Brown v. General Servs. Admin.*, 425 U.S. 820 (1976)..........................................4, 6

*Bush v. Lucas*, 462 U.S. 367 (1983) .......................................................................4, 5

*Conley v. Gibson*, 355 U.S. 41 (1957) ........................................................................3

*Davis v. Runyon,* 142 F.3d 433 (6th Cir. 1998)..........................................................7

*Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199 (6th Cir. 1984).................6, 7

*Forest v. United States Postal Serv.*, 97 F.3d 137 (6th Cir. 1996) .............................6

*Hancock v. Egger*, 848 F.2d 87 (6th Cir. 1988)..........................................................6

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) ........................................................3

*Mulhall v. Ashcroft*, 287 F.3d 543 (6th Cir. 2002) .....................................................6

*Parker v. National Association of Letter Carriers, AFL-CIO, United States Postal Service, and Megan J. Brennan*, civil action no. 2:19-cv-12915 (E.D. Mich. June 12, 2020)........................................................................................7

*Wathen v. General Electric Co.,* 115 F.3d 400 (6th Cir. 1997)..................................6

*Williams-Lockhart v. West*, 1994 U.S. Dist. LEXIS 19725 (E.D. Mich. Dec. 19, 1994)...................................................................................6

**Statutes**

42 U.S.C. § 1981 ..........................................................................................................7

42 U.S.C. § 2000e-16(c) ..........................................................................................5, 6

Ohio Rev. Code § 4112.................................................................................................7

Ohio Rev. Code § 4112.02............................................................................................7

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................2, 3

Fed. R. Civ. P. 8(a)(2)..................................................................................................2

# INTRODUCTION

Defendants Esper and Edwards, in their individual and official capacities, and Defendant Potter, in his official capacity, now move to dismiss the Complaint as against them for the reasons set forth more fully in the attached brief in support of this motion. The complaint does not designate in which capacity the claims against Potter are alleged, thus, this motion assumes that the allegations against Potter are in his official capacity.

## STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT[1]

Plaintiff Joe Dasilva, Jr., filed this complaint on May 28, 2020. Plaintiff is employed as a Firefighter/EMT by the United States Army at the Detroit Arsenal Fire Division. (ECF No. 1, PageID.3, ¶ 6.) He is supervised by defendant Martin Potter, Assistant Chief. (*Id.* ¶¶ 7, 9.) Defendant Sean Edwards is the Chief of the Division. (*Id.* ¶ 8.)

Plaintiff's complaint alleges that defendants Potter and Edwards "are routinely loud and rude to plaintiff specifically, in addition to ignoring him and/or ostracizing him from the workplace community." (*Id.* ¶ 10.) Plaintiff's complaint alleges that, "for over three years, defendant Potter has periodically made unwanted sexual comments to plaintiff, such as stating that plaintiff should wear a

---

[1] As this is a motion to dismiss for failure to state a claim, the allegations in the complaint will be accepted as true for purposes of this motion.

bra, that plaintiff has breast implants, or suggesting that they try the 'pencil test.'" (*Id.* ¶ 11.) Plaintiff's complaint alleges that defendant Edwards stated, "Dasilva, I don't like you. I just have to work with you." (*Id.* at PageID.4, ¶ 13.)

Plaintiff claims that he was denied a request to attend a training course, (*Id.* ¶ 14), and that defendant Potter scored plaintiff lower on specific metrics than other similarly situated employees on plaintiff's performance evaluation. (*Id.* ¶ 15.)

The complaint alleges that plaintiff filed an EEO complaint on February 6, 2017, (*Id.* at ¶ 16), and that on March 20, 2020, the administrative judge dismissed plaintiff's EEO claim. (*Id.* ¶ 20.) The complaint also alleges that on April 16, 2018, plaintiff filed a SHARP complaint and a 15-6 complaint, which are internal Army complaints, (*Id.* ¶ 18), and that the Army's internal investigators concluded that defendant Potter's actions rose to the level of sexual harassment. (*Id.* ¶ 19.)

Plaintiff now brings this action alleging Constitutional violations, violation of Title VII against defendant Potter, and violation of the Elliott-Larson Civil Rights Act. (ECF No. 1.) Plaintiff seeks compensatory damages, punitive damages, and attorney fees. (*Id.,* PageID.12.)

**MOTION TO DISMISS STANDARD UNDER RULE 12(b)(6)**

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether a cognizable claim has been pleaded in the complaint. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." If it does not, the complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. A claim should be dismissed under Rule 12(b)(6) if the plaintiff can prove no set of facts in support of the claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering such a motion, a court must accept all of the facts alleged in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## ARGUMENT

Plaintiff's Complaint appears to be a hostile work environment claim of discrimination, specifically based on gender stereotyping. (ECF No. 1, PageID.7-8, ¶¶ 36-44). For the following reasons, the claims alleged by plaintiff do not state cognizable claims for relief, and must be dismissed.

I.   Plaintiff's Constitutional Claims

Despite plaintiff alleging that his complaint appears to be based on a hostile work environment claim, Counts I, III, and IV of the Complaint allege Constitutional violations against various defendants. But Title VII "provides the sole and exclusive judicial remedy for claims of discrimination in federal

3

employment." *Brown v. General Servs. Admin.*, 425 U.S. 820, 825 (1976)(Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment"). Because these claims are, at best, claims that would fall under Title VII,[2] plaintiff must rely on Title VII for his alleged illegal job discrimination. *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006)("Federal employees must rely upon Title VII and other federal antidiscrimination statutes like the ADEA that apply to the federal government as the exclusive remedy for combating illegal job discrimination.").

    The Supreme Court has explicitly refused to imply the existence of a constitutional claim arising out of federal employment. *Bush v. Lucas*, 462 U.S. 367 (1983)(Court declined to extend the *Bivens* remedy to federal employees, finding that because Congress had comprehensively regulated the rights and responsibilities of those in the civil service, it was not for the courts to graft a constitutional supplement onto that detailed scheme). Noting that it was not writing on a blank slate, the *Bush* Court recognized that "[t]he question is not what remedy the court should provide for a wrong that would otherwise go unredressed." Rather, "[i]t is whether an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations, should be

---

[2] Defendants do not at this time opine on whether plaintiff's allegations rise to a cognizable claim under Title VII, but that issue is not now before the Court.

augmented by the creation of a new judicial remedy for the constitutional violation at issue." *Id.* at 388. Concluding that Congress "is in a better position" to decide whether to create a new constitutional cause of action in such circumstances, the Court declined to extend *Bivens* by judicial act. *Id.* at 390.

Likewise here, plaintiff's constitutional claims regarding his conditions of employment are comprehensively governed by anti-discrimination laws, which themselves provide a number of steps for administrative and judicial review of adverse employment actions, and his claims are confined to the remedies provided in those laws. Based on this, plaintiff's constitutional claims under Counts I, III, and IV fail to state a cause of action and should be dismissed.

II.   Plaintiff Fails To Name the Appropriate Defendant in His Title VII Count (Count II)

The only proper defendant in a Title VII action is the head of the agency in his or her official capacity. 42 U.S.C. § 2000e-16(c)("An aggrieved employee may file a civil action…in which…the head of the department, agency, or unit, as appropriate, shall be the defendant."). Thus, the only proper defendant for plaintiff's discrimination claim is John E. Whitley, the Acting Secretary of the Army.

In Count II of the complaint, plaintiff names only defendant Potter, his direct supervisor and the individual who ostensibly made some of the remarks alleged in the complaint, as the Title VII defendant. Title VII, however, does not provide for

5

individual liability. *Wathen v. General Electric Co.,* 115 F.3d 400 (6th Cir. 1997)(rejecting individual liability under Title VII).

The Sixth Circuit has held that, because § 2000e-16(c) "'mandates who may be a proper defendant in civil actions brought by federal employees to enforce rights under Title VII,'" failure to follow those requirements will result in dismissal. *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002)(quoting *Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir. 1988)).

Accordingly, the proper Title VII defendant was not named in the complaint, defendant Potter was improperly named, and the count must be dismissed. *See, Williams-Lockhart v. West*, 1994 U.S. Dist. LEXIS 19725, at *3 (E.D. Mich. Dec. 19, 1994).

III.  A Federal Employee Does Not Have A Cause of Action Under the State Elliott-Larsen Act

As discussed in section I, *supra*, Title VII is the exclusive, preemptive scheme for redress of federal employment discrimination. *Brown,* 425 U.S. at 835 (Title VII provides "'an exclusive judicial remedy for claims of discrimination in federal employment.'" *Id.* at 835. Following *Brown,* the Sixth Circuit has repeatedly dismissed discrimination claims brought under other discrimination statutes. *E.g., Forest v. United States Postal Serv.,* 97 F.3d 137, 141 (6th Cir. 1996); *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1204 (6th Cir. 1984)("[A] federal employee claiming job discrimination may proceed only under

Title VII, and may not secure additional remedies by proceeding also under § 1981."). In *Davis v. Runyon,* 142 F.3d 433 (6th Cir. 1998), the Sixth Circuit dismissed claims by a postal employee against the Postmaster General, which were brought under 42 U.S.C. § 1981 and the Ohio Rev. Code § 4112, on the ground that those claims attempted to remedy discrimination in the workplace, and Title VII provides the exclusive judicial remedy for such conduct.

Thus, pursuant to Supreme Court and Sixth Circuit authority, plaintiff may not pursue a claim for discrimination in the federal workplace, other than one under Title VII. Accordingly, plaintiff here cannot proceed on his employment discrimination claim under the state Elliott-Larsen Act, due to the exclusivity of Title VII, and Count V must be dismissed. *See, e.g., Davis,* 142 F.3d 433 (holding that Title VII preempts claims under 42 U.S.C. § 1981 and under Ohio discrimination statute, O.R.C. § 4112.02); *Day,* 749 F.2d at 1204 (same).

## CONCLUSION

For all of the foregoing reasons, the counts in the complaint fail to state a claim on which relief can be granted. Based on this, defendants jointly request that the complaint be dismissed with prejudice. *See Parker v. National Association of Letter Carriers, AFL-CIO, United States Postal Service, and Megan J. Brennan*, civil action no. 2:19-cv-12915 (E.D. Mich. June 12, 2020)(dismissing with prejudice discrimination matter pleaded as a constitutional claim).

        Respectfully submitted,

        SAIMA S. MOHSIN
        Acting United States Attorney

        */s/ Lynn M. Dodge*
        LYNN M. DODGE (P38136)
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, Michigan 48226
        (313) 226-0205
        lynn.dodge@usdoj.gov

Dated: February 18, 2021

## CERTIFICATION OF SERVICE

I hereby certify that on February 18, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the ECF participants in this case.

*s/Lynn M. Dodge*
LYNN M. DODGE
Assistant U.S. Attorney

9

**LOCAL RULE CERTIFICATION**

I, Lynn M. Dodge, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                                     *s/Lynn M. Dodge*
                                                     LYNN M. DODGE
                                                     Assistant U.S. Attorney