UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

     Plaintiff,                    Civil No. 20-11358

v.                                 Honorable Mark A. Goldsmith

JOHN E. WHITLEY, in his
official capacity as Acting
Secretary of the Army, AND
MARTIN POTTER, individually
and in his official capacity as
Assistant Chief of U.S. Army
Detroit Arsenal Division,

     Defendants.

---

**DEFENDANTS' MEMORANUM CONCERNING PROCEDURES
GOVERNING CERTIFICATION OF SCOPE OF EMPLOYMENT**

---

## INTRODUCTION

This Memorandum is filed pursuant to the Court's instructions at the status
conference held on March 26, 2021, memorialized in the Court's Order Following
March 26, 2021 Conference (ECF No. 36.) The Memorandum discusses Defendants'
position on: (i) whether the United States has been substituted for Assistant Chief
Martin Potter as to Counts VI and VII of the amended complaint (alleging negligent
and intentional infliction of emotional distress, respectively); and (ii) which party
bears the burden of changing the status quo.

# BACKGROUND

On March 15, 2021, the Attorney General certified that Assistant Chief Potter was acting within the scope of his employment at the time of the alleged actions giving rise to this lawsuit (ECF No. 31, PageID.102-103.) On March 16, 2021, Defendants filed the Attorney General's Certification of Scope of Employment. *Id.* After filing the Attorney General's Certification, undersigned counsel submitted to the Court, through the CM/ECF "utilities" function, a proposed order of substitution to formalize the substitution. Less than an hour after the proposed order was submitted to the Court, undersigned counsel emailed a copy of the proposed order of substitution to Plaintiff's counsel and Assistant Chief Potter's private counsel in accord with ECF Policies & Procedures Rule 12(b), which requires "[t]he movant (filing user) [to] provide all other parties a copy of the proposed order either by e-mail or other form."

On March 19, 2021, the Court's law clerk emailed all counsel asking if there were any objections to entry of the proposed order of substitution. Exhibit 1 – Emails. Plaintiff's counsel objected: "Plaintiff objects to the order. Seems to me that a discussion should have taken place before such an order was proposed. That never happened. I'm willing to have a discussion with counsel." *Id.* The Court then scheduled a status conference for March 22, 2021.

At the status conference, the Court asked the parties to confer about the proposed order of substitution and attempt to reach agreement.[1] The parties conferred via video-conferencing technology on March 24, 2021, but were unable to reach agreement. At the conference, Plaintiff's counsel demanded a certification from the Attorney General that "sexual harassment is within the scope of employment."

At a second status conference on March 26, 2021, the Court requested briefing addressing the procedures for substitution under the Federal Tort Claims Act, as outlined in its Order Following March 26, 2021 Conference. (ECF No. 36.)

## DISCUSSION

In the opening paragraph of its decision in *Osborn v. Haley*, the Supreme Court succinctly described the process of substituting the United States for a federal employee who is sued for a tort committed in the scope of employment:

> The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties. *See* 28 U.S.C. § 2679(b)(1). When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose."

---

[1] Plaintiff's counsel stated at the status conference that he had been "blindsided" by the order of substitution. However, undersigned counsel emailed the proposed order of substitution to all counsel on March 16, 2021, within an hour of submitting it to the Court. Plaintiff's counsel did not raise any issue with the proposed order until the Court's law clerk emailed asking if there were any objections.

3

> § 2679(d)(1), (2). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act (FTCA).

549 U.S. 225, 229-30 (2007). Later in the decision, the Court reiterated that, after the Attorney General certifies that the employee was acting within the scope of employment, "[t]he United States . . . must remain the federal defendant in the action unless and until the District Court determines that the employee . . . engaged in conduct beyond the scope of his employment." *Id.* at 231. Under these authorities, then, the event that triggers substitution of the United States for the federal employee is the Attorney General's certification. *See, e.g.*, *Harbury v. Hayden*, 444 F. Supp. 2d 19, 28 (D.D.C. 2006), *aff'd*, 522 F.3d 413 (D.C. Cir. 2008) ("A Westfall certification has two immediate consequences for a case already in federal court: (1) it requires the substitution of the United States for the federal employee(s) as the defendant(s) in the lawsuit; and (2) it converts the lawsuit into an action against the United States under the FTCA."); *Natal-Rosario v. Puerto Rico Police Dep't*, 639 F. Supp. 2d 174, 181 (D.P.R. 2009) ("[T]he fact that a 'certification' is provisional has no bearing on the fact that 'upon certification' the district court must initially substitute the United States as defendant."); *Horne v. Cherry Hill Off. of Fed. Bureau of Investigations*, No. CV165620, 2020 WL 2570016, at *3 (D.N.J. May 21, 2020) ("The United States submitted a certification that [federal employee] was acting within the scope of his employment during the events alleged in the second amended

4

complaint. . . . therefore, the Court must substitute the United States as the defendant in the tort claims.").

*Osborn* comports with the plain language of the FTCA, which provides that substitution occurs "[u]pon certification" by the Attorney General:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

Although the Attorney General's scope-of-employment certification initially requires substitution of the United States for the federal employee defendant, the Attorney General's scope determination is not conclusive if challenged. In *Gutierrez de Martinez v. Lamagno*, the Supreme Court resolved a "sharp[] divide[]" among the Courts of Appeal as to whether the Attorney General's scope-of-employment certification is reviewable by the courts, holding that it is: "The statute is fairly construed to allow petitioners to present to the District Court their objections to the Attorney General's scope-of-employment certification." 515 U.S. 417, 436-37 (1995).

Therefore, "a plaintiff can challenge the Government's scope-of-employment certification in an effort to have the federal employee reinstated as a party

defendant." *Roberts v. United States*, 191 F. App'x 338, 341 (6th Cir. 2006). "If successful, the court must reinstate the federal employee as defendant and assess the claims under state tort law." *Id.* at 341-42. But if the plaintiff's challenge to the Attorney General's certification is unsuccessful, "the Government remains the defendant and the case proceeds under the FTCA." *Id.* at 342 (emphasis added). The Sixth Circuit's explanation that the employee is "reinstated" as a defendant in the event of a successful challenge to the Attorney General's scope certification, but the United States "remains" the defendant in the event of an unsuccessful challenge, means that the Attorney General's initial scope certification effected a change to the party defendant from the employee to the United States.

"A plaintiff challenging the Government's certification has the burden of proof." *Id.* The Attorney General's certification "provides *prima facie* evidence that the employee was acting within the scope of employment. *Id.* (quotation marks omitted). To contest the propriety of substitution, "the plaintiff must produce evidence that demonstrates that the employee was not acting in the scope of employment." *Id.* (quotation marks omitted). "If the plaintiff produces such evidence, the government must then produce evidentiary support for its certification." *Id.* (quotation marks omitted). In the event of a scope challenge, the issue is resolved using summary judgment standards: "Summary judgment is appropriate for resolving challenges to an Attorney General's certification unless the

plaintiff presents specific evidence that the employee's actions were not taken within the scope of his or her employment." *Arbour v. Jenkins*, 4 F.3d 993 (6th Cir. 1993).

*Carey v. United States*, No. CIV S-10-3476, 2011 WL 3667460 (E.D. Cal. Aug. 22, 2011), is illustrative of the proposition that Plaintiff bears the burden of proof to show that the federal-employee defendant was acting outside the scope of employment. The plaintiffs there sued two federal employees after they allegedly used force to evict the plaintiffs from their property. *Id.* at *1. The United States filed a certification of scope of employment signed by a delegate of the Attorney General. *Id.* The plaintiff objected to substitution on the grounds that "the United States failed to provide a sufficient basis for the substitution" and "because no facts or laws were cited." *Id.* The court rejected the plaintiffs' position "that the burden lies with the defendant to prove the individual defendants were in fact acting within the scope of their employment," writing that "[s]uch is not the case" because, "upon certification that the defendants were acting within the scope of their employment, the court is required to substitute the United States as the defendant." *Id.* at *2.

## CODA

Judicial determination of whether Assistant Chief Potter was acting within the scope of his employment is unnecessary at this juncture. The issue is only pertinent to Counts VI and VII of the amended complaint, alleging negligent and intentional infliction of emotional distress, respectively. In their pending motions to dismiss,

Defendants argue that these counts are implausible for two alternative reasons. (ECF No. 32, PageID.134-137.) One of those reasons – that the claims are administratively unexhausted under the FTCA – is applicable only if Assistant Chief Potter was acting within the scope of his employment and the tort claims thus proceed under the FTCA. But the other argument – that the claims are preempted by the Federal Employees' Compensation Act (FECA) – requires dismissal of the tort claims even if Assistant Chief Potter was acting outside the scope of his employment and the tort claims thus proceed against him individually. *See Vantrease v. United States*, 400 F.2d 853 (6th Cir. 1968) (federal employee's common law tort claim against another federal employee, individually, is barred by FECA); *Pritchett v. Johnson*, 402 F. Supp. 2d 808 (E.D. Mich. 2005) (Lawson, J.) (same).

In sum, if Plaintiff wishes to challenge the Attorney General's scope certification and succeeds, the tort claims are against Potter and barred by FECA. If Plaintiff does not wish to challenge the Attorney General's scope certification (or wishes to challenge it but fails) and the claims proceed against the United States under the FTCA, they are administratively unexhausted, depriving the Court of subject matter jurisdiction, and also preempted by FECA. Whether the tort claims proceed against Assistant Chief Potter under state law or against the United States under the FTCA, the fate of the claims is the same either way. As such, Defendants

respectfully ask the Court to resolve their pending motions to dismiss and revisit the

scope issue later, should resolution of that issue become necessary.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

*/s/ Benjamin A. Anchill*
Benjamin A. Anchill (P70968)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9566
Dated: April 5, 2021          benjamin.anchill@usdoj.gov

## CERTIFICATION OF SERVICE

I hereby certify that on April 5, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the ECF participants in this case.

*s/Benjamin A. Anchill*
BENJAMIN A. ANCHILL
Assistant U.S. Attorney