UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

    *Plaintiff*,

v.

JOHN E. WHITLEY, in his official
capacity as the Acting Secretary of
the Army; and MARTIN POTTER,
individually and in his official capacity
as Assistant Chief of U.S. Army Detroit
Arsenal Fire Division;
    Defendant.
_____/

Case No: 2:20-cv-11358
Hon. Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(516)456-5885
kaltman@lawampmmt.com

## MEMORANDUM OF LAW REGARDING PROCEDURE IN RESPONSE TO GOVERNMENT'S CERTIFICATION OF EMPLOYEE SCOPE OF EMPLOYMENT

At the request of the Court, Plaintiff, through his undersigned counsel, files this MEMORANDUM OF LAW and says:

# LOCAL RULE CERTIFICATION

I, Keith Altman certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3)."

# CONCISE STATEMENT OF ISSUES PRESENTED

1. Is the United States' substitution of Defendant ARMY for Defendant POTTER for counts VI and VII automatic, or does the ARMY need to file a motion for substitution?

2. How should the Court adjudicate the question of substitution?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 USCS § 2679(d)(1)

*Gutierrez De Martinez v. Lamagno*, 515 U.S. 417 (1995)

*Osborn v. Haley*, 549 U.S. 225 (2007)

## Procedural Background of the Case

Plaintiff filed as served an initial complaint in this matter. (ECF No. 1.) In response, the Defendants each filed motions to dismiss the initial complaint. (ECF Nos. 26 and 27). Plaintiff chose to file a FIRST AMENDED COMPLAINT. (ECF No. 29). The Defendants have each filed motions to dismiss the FIRST AMENDED COMPLAINT, pending before the Court. (ECF Nos. 32 and 33).

At the time of filing its motion to dismiss the FIRST AMENDED COMPLAINT, the Acting United States Attorney filed a CERTIFICATION OF SCOPE OF EMPLOYMENT which avers that Defendant POTTER acted within the scope of his employment as an employee of the U.S. Army Arsenal Fire Department at all times relevant to "the incidents referred to" in the First Amended Complaint. (ECF No. 31).

On or about the time of filing the certification, counsel for Defendant Whitley (hereafter referred to as "ARMY") also filed a proposed ORDER OF SUBSTITUTION. The proposed order was unaccompanied by any motion or memorandum. Before submitting the proposed order, counsel for Defendant ARMY had not attempted to confer with the undersigned, nor had the undersigned agreed to any of the relief referred to in the proposed ORDER OF SUBSTITUTION.

The court conducted a brief conference with all counsel present on March 23, 2021 and then another conference on March 26, 2021. The court identified several

procedural issues to be resolved before addressing the substantive issues to be decided. This memorandum will attempt to suggest a way forward in adjudicating these issues.

**The Procedural Effect of Initial Certification Under 28 USCS § 2679(d)(1)**

28 USCS § 2679(d)(1), (a subsection of the larger framework of Title 28 U.S.C. JUDICIARY AND JUDICIAL PROCEDURE, commonly referred to as the Federal Tort Claims Act (FTCA)), states that

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court **shall be deemed an action against the United States** under the provisions of this title and all references thereto**, and the United States shall be substituted as the party defendant.** (Emphasis supplied.)

Clearly then, absent objection from Plaintiff, the effect of the certification filed by Defendant ARMY would be that Counts VI and VII of the FIRST AMENDED COMPLAINT would be "deemed an action against the United States" and the United States would be "substituted as the party defendant." (Scope of employment certification is prima facie evidence that defendant federal employee acted within the scope of his employment; if plaintiff does not come forward with any evidence, certification is conclusive.) *Gutierrez de Martinez v. DEA*, 111 F.3d

1148, 1997 U.S. App. LEXIS 8245 (4th Cir.), cert. denied, 522 U.S. 931, 118 S. Ct. 335, 139 L. Ed. 2d 260, 1997 U.S. LEXIS 6312 (1997).

**<u>The Initial Certification By Defendant ARMY Is Not Conclusive In This Case</u>**

This is not so in the case at bar. The seeming "automatic substitution" principle of 28 USCS § 2679(d)(1) simply does not apply when an opposing party objects to the substitution, as the Plaintiff has here. *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417 (1995). In that case, decided more than twenty-five years ago, the government argued that federal courts had no authority to prevent substitution of the United States as defendant in a tort claim. As Justice Ginsberg characterized this position, the government argued that "Congress … thus plainly intended the one-sided review, i.e., a court check at the call of the defending employee, but no check at the tort plaintiff's call." *Lamagno*, 515 U.S. at 434.

The Supreme Court resoundingly rejected this argument:

> "If, in preserving judicial review of scope-of-employment certifications, Congress "approached the limit" of federal-court jurisdiction … we find the exercise of federal-court authority involved here less ominous than the consequences of declaring certifications of the kind at issue uncontestable: The local United States Attorney, whose conflict of interest is apparent, would be authorized to make final and binding decisions insulating both the United States and federal employees like Lamagno from liability while depriving plaintiffs of potentially meritorious tort claims. The Attorney General, having weighed the competing considerations, does not read the statute to confer on her such extraordinary authority. Nor should we assume that Congress meant federal courts to

> accept cases only to stamp them "Dismissed" on an interested executive official's unchallengeable representation. The statute is fairly construed to allow petitioners to present to the District Court their objections to the Attorney General's scope-of-employment certification…".
>
> *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 434 (1995).
>
> Also see *Coleman v. United States*, 91 F.3d 820 (6 Cir. 1996)).

## When And How Should This Court Decide Objections To The Attorney General's Scope-Of-Employment Certification?

The procedural question that this court directed Plaintiff to brief is on all fours with another of Justice Ginsberg's well-reasoned opinions. In *Osborn v. Haley*, 549 U.S. 225 (2007), the Supreme Court once again was presented with questions regarding the judicial review of the scope-of-employment certification under 28 USCS § 2679(d)(1). Just as in that case, Defendant ARMY notified the District Court that the United States should be substituted for POTTER as the sole defendant in Counts VI and VII (Count VI alleges Negligent Infliction of Emotional Distress by Defendant POTTER; Count VII alleges Intentional Infliction of Emotional Distress by Defendant POTTER), and filed a motion to dismiss on the ground that Plaintiff had not exhausted administrative remedies, as required by the FTCA.

Just as in *Haley,* id, Plaintiff here opposes the substitution of The United States for the alleged tortfeasor and also opposes the motion to dismiss because the alleged tortfeasor's conduct was outside the scope of his employment. Hence the

FTCA affords him no immunity. Despite the claims of automatic substitution, Defendant ARMY clearly acknowledges that the Court has the authority to decide the issue of substitution by its submission of a proposed order. If the substitution was automatic, no such order would be required. Accordingly, undersigned counsel respectfully suggests that this court should follow the procedure employed in *Haley,* id, to wit: allow Plaintiff to oppose and brief the issue of the scope of employment and conduct an evidentiary hearing to determine whether United States should be substituted for Defendant POTTER.

Plaintiff's counsel urges this court to conduct an evidentiary hearing at the earliest opportunity, after appropriate discovery. As the Supreme Court has held often, immunity-related issues "should be decided at the earliest opportunity." *Osborn v. Haley*, 549 U.S. at 253, citing *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) (per curiam) ("Immunity ordinarily should be decided by the court long before trial."); *Anderson v. Creighton*, 483 U.S. 635, 646, n. 6, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) ("[I]mmunity questions should be resolved at the earliest possible stage of litigation.")

## Conclusion

It is worthy of note here that Justice Ginsberg, in both *Osborn v. Haley,* supra, and *Gutierrez De Martinez v. Lamagno,* supra, understood that in those cases, as in the case at bar, the substitution of parties sought by the government is not merely

procedural posturing: the goal of substitution in those cases, as in the case at bar, is to "…depriv[e] plaintiffs of potentially meritorious tort claims." *Lamagno*, 515 U.S. at 434. Defendant ARMY's counsel now seeks to deprive Plaintiff of his right to be heard on his well-pled claims of tortious and intentional infliction of emotional distress, something that counsel was unable to accomplish by the questionable expedient of presenting the substitution to the court as an "agreed order" when no such agreement was obtained or even sought from undersigned counsel. Undersigned counsel respectfully suggests that opposing counsel's "end-around" local rules regarding stipulations was at a minimum professionally discourteous.

Counsel for Defendant ARMY has filed a motion to dismiss Counts VI and VII based on the theory that 28 USCS § 2679(d)(1) requires this Court to condone automatic substitution of The United States for the alleged tortfeasor, without informing the Court of the controlling Supreme Court precedent to the contrary. Surely considerations of fairness and professionalism would have militated in favor of counsel apprising this court of relevant controlling authority.

In any event, undersigned counsel suggests that relevant, controlling authority proscribes the procedure for this court to follow, as set forth hereinabove. Defendant should move for substitution of the Army for Counts VI and VII, and the Court should allow Plaintiff to oppose such substitution.

Respectfully submitted,

THE LAW OFFICE OF KEITH ALTMAN

By: */s/ Keith Altman*
Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(516)456-5885
kaltman@lawampmmt.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2021, I served the foregoing document on Defendants *via* electronic filing:

/s/ *Keith L. Altman*

Keith L. Altman

A*ttorney for Plaintiff*