UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA,

    Plaintiff,
vs.

Case No. 20-11358
HON. MARK A. GOLDSMITH

MARK ESPER, et al.,

    Defendants.
_____/

# ORDER REGARDING SCOPE OF EMPLOYMENT CERTIFICATION

As described in a previous order (Dkt. 36), a controversy has arisen out of Defendants' attempt to substitute the United States for Martin Potter as Defendant to Counts VI and VII of the Amended Complaint (Dkt. 29). The parties submitted briefs (Dkts. 37, 38) as instructed by the Court.

As both parties acknowledge, Osborne v. Haley governs controversies stemming from attempts to substitute the United States as the defendant in place of federal employees being sued for common law torts arising out of acts undertaken in the course of their official duties:

> When a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." [28 U.S.C.] § 2679(d)(1), (2). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act (FTCA), 60 Stat. 842. If the action commenced in state court, the case is to be removed to a federal district court, and the certification remains "conclusive . . . for purposes of removal." § 2679(d)(2).

Osborn v. Haley, 549 U.S. 225, 229-230 (2007) (brackets removed). Osborn reaffirms Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995), which held that the Attorney General's scope-of certification is subject to judicial review. Osborn, 549 U.S. at 230.

However, Osborn does not answer the question at issue here, which is whether Defendants must file a motion for substitution, or whether the substitution occurs upon the Attorney General's certification, subject to Plaintiff filing a motion to undo the substitution. Nonetheless, Osborn lends support to the latter view when it states, "Upon certification, the action is deemed to be brought against the United States unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." 549 U.S. at 252 (internal marks and citation omitted).

Defendants cite several cases proceeding along the procedural lines for which they advocate. See Harbury v. Hayden, 444 F. Supp. 2d 19, 28 (D.D.C. 2006), aff'd, 522 F.3d 413 (D.C. Cir. 2008); Natal-Rosario v. Puerto Rico Police Dep't, 639 F. Supp. 2d 174, 181 (D.P.R. 2009); Horne v. Cherry Hill Off. of Fed. Bureau of Investigations, No. CV165620, 2020 WL 2570016, at *3 (D.N.J. May 21, 2020). They also cite Roberts v. United States, 191 Fed. App'x 338, 341-342 (6th Cir. 2006), which holds that "the Government's certification is conclusive for the purpose of removal," that the plaintiff can challenge the certification, and that depending on the outcome of that challenge, "the court must reinstate the federal employee as defendant" or "the Government remains the defendant." Id. The use of the terms "remain" and "reinstate" seems to imply that the certification alone triggers the initial substitution (without a motion), although this interpretation is somewhat complicated by the fact that Roberts states that after removing a case from state court, "[t]he Government can then move to substitute itself as defendant in place of the targeted federal employee." Id. at 341 (emphasis added).

More importantly, though, Roberts states that a "plaintiff challenging the Government's certification has the burden of proof." Id. at 342. This is consistent with the procedural posture

Defendants advocate: one where the substitution occurs upon the Attorney General's certification, and where the plaintiff must file a motion to change the status quo.

Dasilva has identified a case—the remand from Lamagno—in which the United States filed a motion to substitute, as opposed to the plaintiff filing a motion to undo a substitution. See Gutierrez de Martinez v. Drug Enforcement Admin., 111 F.3d 1148, 1159 (4th Cir. 1997). However, Dasilva provides no reasoned argument why this procedure better comports with the Westfall Act, Lamagno, and Osborn, or even why this procedure would benefit him. He claims that the government's goal in substitution is "not merely procedural posturing," but to deprive him of a potentially meritorious tort claim. See Pl. Suppl. Br. at 7-8 (Dkt. 38). However, regardless of Defendants' ultimate goals, the matter at hand is a merely procedural issue, and a minor one at that. Dasilva simply has to file a motion, and he will have ample opportunity to protect his claims by proving that substitution was improper.

Accordingly, the United States is provisionally substituted for Martin Potter as Defendant to Counts VI and VII. Dasilva's objection is noted. He may challenge the substitution by filing a motion no later than April 26, 2021, which may be accompanied by a brief not to exceed 15 pages (exclusive of attachments). Defendants may respond within 14 days of service with a brief of the same length. Dasilva may reply with a brief not to exceed eight pages within seven days of service of a response. Whether discovery and an evidentiary hearing are required will be determined after briefing is completed.

SO ORDERED.

Dated: April 15, 2021　　　　　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge