UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

 *Plaintiff*,

Case No: 2:20-cv-11358
Hon. Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

v.

JOHN E. WHITLEY, in his official
capacity as the Acting Secretary of
the Army; and MARTIN POTTER,
individually and in his official capacity
as Assistant Chief of U.S. Army Detroit
Arsenal Fire Division;
 Defendant.
_____/

Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(516)456-5885
kaltman@lawampmmt.com

## MOTION CHALLENGING DEFENDANT'S SUBSTITUTION OF PARTIES

At the direction of the court, Plaintiff, through his undersigned counsel, files this MOTION CHALLENGING DEFENDANT'S SUBSTITUTION OF PARTIES and says:

### A. Procedural Background of the Motion

1. Acting United States Attorney filed a CERTIFICATION OF SCOPE OF EMPLOYMENT which avers that Defendant POTTER acted within the scope of his employment as an employee of the U.S. Army Arsenal Fire Department at all times relevant to "the incidents referred to" in the First Amended Complaint. (ECF No. 31).

2. On or about the time of filing the certification, counsel for Defendant Whitley (hereafter referred to as "ARMY") also filed a proposed ORDER OF SUBSTITUTION. The proposed order was unaccompanied by any motion or memorandum.

3. The court conducted a brief conference with all counsel present on March 23 and then another conference on March 26. The court identified certain procedural questions at the two conferences. After briefing by the parties on the issues, the court resolved these issues in its Order dated April 15, 2021.

4. That order stated, in relevant part:

> [T]he United States is provisionally substituted for Martin Potter as Defendant to Counts VI and VII. Dasilva's objection is noted. He may challenge the substitution by filing a motion no later than April 26, 2021, which may be accompanied by a brief not to exceed 15 pages (exclusive of attachments). Defendants may respond within 14 days of service with a brief of the same length. Dasilva may reply with a brief not to exceed eight pages within seven days of service of a response. Whether discovery and an evidentiary hearing are required will be determined after briefing is completed.

5. This Motion is Plaintiff's response to the court's order.

6. Given the previous proceedings, counsel has not attempted to confer with counsel, per Local Rule 7.1(a).

7. Plaintiff respectfully argues that substitution of the United States for Martin Potter as Defendant to Counts VI and VII of the Amended Complaint (Dkt. 29) is improper because Plaintiff has alleged that Defendant Potter was sexually harassing Plaintiff.

8. Plaintiff respectfully suggests that for reasons set forth more fully in the attached brief in support of this motion, Defendant was not acting within the scope of his or her employment when he sexually harassed Plaintiff.

Respectfully submitted,

THE LAW OFFICE OF KEITH ALTMAN

By: */s/ Keith Altman*
Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(516)456-5885
kaltman@lawampmmt.com

CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021, I served the foregoing document on all Defendants of record *via* electronic filing:

/s/ *Keith L. Altman*

Keith L. Altman

A*ttorney for Plainti*ff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOE DASILVA, JR.,

    *Plaintiff*,

v.

JOHN E. WHITLEY, in his official
capacity as the Acting Secretary of
the Army; and MARTIN POTTER,
individually and in his official capacity
as Assistant Chief of U.S. Army Detroit
Arsenal Fire Division;
    Defendant.
_____/

Case No: 2:20-cv-11358
Hon. Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(516)456-5885
kaltman@lawampmmt.com

_____

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
# CHALLENGING DEFENDANT'S SUBSTITUTION OF PARTIES
_____

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

LOCAL RULE CERTIFICATION ..................................................................... iv

ISSUES PRESENTED.......................................................................................... iv

CONTROLLING AUTHORITIES...................................................................... iv

INTRODUCTION ..................................................................................................1

BACKGROUND ....................................................................................................2

DISCUSSION .........................................................................................................3

CONCLUSION ......................................................................................................7

CERTIFICATE OF SERVICE .............................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Creighton*, 483 U.S. 635 (1987) ............................................................6
*Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998) .....................................................4
*Gutierrez De Martinez v. Lamagno*, 515 U.S. 417 (1995) .........................................5
*Hicks v. Gates Rubber Co.*, 833 F.2d 1406, (10th Cir. 1987)....................................4
*Hunter v. Bryant*, 502 U.S. 224 (1991)......................................................................6
*Jansen v. Packaging Corp. of America*, 895 F. Supp. 1053 (N.D.Ill. 1995)............4
*Mandy v. Quad/Graphics, Inc.*, 49 F. Supp. 2d 1095, (E.D.Wisc.1999)...................4
*Osborn v. Haley*, 549 U.S. 225 (2007) ......................................................................6
*Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1559 (11th Cir. 1987)..........4

# LOCAL RULE CERTIFICATION

I, Keith Altman certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3)."

# ISSUES PRESENTED

I. Whether Defendant Potter's sexual harassment of Plaintiff was within the scope of his employment?

   a. Plaintiff says: YES

   b. Defendants say: NO

# CONTROLLING AUTHORITIES

*Burlington Indus. v. Ellerth*, 524 U.S. 742, 757 (1998)

# **INTRODUCTION**

Defendants filed a Certification of Scope of Employment by the Attorney General. The certification purports to say that Assistant Chief Potter was acting within the scope of his employment at the time of the alleged actions giving rise to this lawsuit.

After filing the Attorney General's Certification, this court ruled that, unless and until the court rules otherwise, the effect of the certification is that The United States is presently substituted as the party defendant in Counts VI and VII of this suit. (Count VI alleges Negligent Infliction Of Emotional Distress by Defendant Potter only, and Count VII alleges Intentional Infliction Of Emotional Distress by Defendant Potter only.)

Plaintiff has objected to the "automatic finding" that POTTER acted within the scope of his employment when he sexually harassed Plaintiff and has preserved his objections.

At issue in this Motion and Memorandum, inter alia, are the allegations by Plaintiff that Defendant POTTER sexually harassed him. Plaintiff respectfully argues that, as a matter of law, sexual harassment is *not* within the scope of any supervisor's employment.

For this reason, Plaintiff challenges the automatic substitution of The United States as the party defendant in Counts VI and VII.

## BACKGROUND

On March 15, 2021, the Attorney General certified that Assistant Chief Potter was acting within the scope of his employment at the time of the alleged actions giving rise to this lawsuit (ECF No. 31, PageID.102-103.) On March 16, 2021, Defendants filed the Attorney General's Certification of Scope of Employment. Id.

The court conducted a conference with all counsel present on March 23, 2021 and then another conference on March 26, 2021. The court addressed specific procedural questions at the two conferences and ordered briefing by the parties on the issues. The court resolved these issues in its Order dated April 15, 2021.

That order stated, in relevant part:

> [T]he United States is provisionally substituted for Martin Potter as Defendant to Counts VI and VII. Dasilva's objection is noted. He may challenge the substitution by filing a motion no later than April 26, 2021, which may be accompanied by a brief not to exceed 15 pages (exclusive of attachments). Defendants may respond within 14 days of service with a brief of the same length. Dasilva may reply with a brief not to exceed eight pages within seven days of service of a response. Whether discovery and an evidentiary hearing are required will be determined after briefing is completed. ECF No. 39.

In his First Amended Complaint, Plaintiff alleges that "[f]or over three years, POTTER … periodically made unwanted sexual comments to Plaintiff, such as

stating that Plaintiff should wear a bra, that Plaintiff has breast implants, or suggesting that they try the "pencil test." First Amended Complaint, ¶ 10. ECF 29. Plaintiff alleged that "[f]ollowing Plaintiff's EEOC complaint, POTTER continued to make unwanted sexual comments to Plaintiff with increasing frequency." Id., ¶ 17. Also, "[b[y continually engaging in such gender stereotyping, POTTER created a hostile work environment for Plaintiff." Id., ¶ 41.

It must be noted that the Army's internal investigators have concluded that POTTER's actions rose to the level of sexual harassment. Id., ¶ 19. This was communicated to Plaintiff in a Memorandum from the Department of the Army, dated May 23, 2018. Since that finding, POTTER's sexual harassment of Plaintiff has grown more frequent, and Plaintiff continues to suffer adverse employment actions by Defendant Army.

Somewhat incredibly then, Defendant Army, through the United States Attorney General, has certified that the sexual harassment of Plaintiff Joseph Dasilva by Martin Potter was within the scope of Potter's employment by The Army. This unpleasant suggestion is, however, not in accord with well-settled law.

## DISCUSSION

More than twenty years ago, the United States Supreme Court stated a somewhat reassuring principle: "The general rule is that sexual harassment by a supervisor is not conduct within the scope of employment." *Burlington Indus. v.*

*Ellerth*, 524 U.S. 742, 757 (1998). (Accord, *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1417-18 (10th Cir. 1987) ("sexual harassment simply is not within the job description of any supervisor or any other worker in any reputable business") (citation omitted); *Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1559 (11th Cir. 1987) (recognizing that acts are not within the scope of employment, and a master is insulated from liability under Restatement § 219(1), "where the servant was acting entirely for his own benefit").

In *Jansen v. Packaging Corp. of America* (holding that Restatement § 219(1) regarding vicarious liability is inapplicable to alleged sexual harassment by a supervisor), Judge Milton I. Shadur asked the question, "[w]as sexual harassment within the scope of Antoni's employment?" His answer? "Of course not." *Jansen v. Packaging Corp. of America*, 895 F. Supp. 1053, 1061, n. 9 (N.D.Ill. 1995).

As Judge Randa explained in *Mandy v. Quad/Graphics, Inc.*, 49 F. Supp. 2d 1095, (E.D.Wisc.1999), "…sexual harassment does not fall within the scope of employment unless it was motivated by a purpose to serve the employer. (citing *Burlington,* Id.) Because most instances of sexual harassment are not meant to serve the employer's interests but rather involve personal motives often antithetical to the same, "the general rule is that sexual harassment by a supervisor is not conduct within the scope of employment." *Mandy v. Quad/Graphics, Inc.,* at 1106.

Plaintiff is genuinely puzzled. Long before this stage of the case, Arthur Young of the Army's own Director of Emergency Services at Installation Management Command (and the person tasked by the Army with deciding whether POTTER had sexually harassed Dasilva), found that Dasilva's claim of sexual harassment by Potter was "founded." "The Army," Mr. Young said, "takes allegations of sexual harassment very seriously." Furthermore, he wrote, The Legal Office had reviewed Dasilva's complaint and agreed that Potter's conduct violated what Mr. Young expected of his organization. Mr. Young went on to assure Mr. Dasilva that "appropriate action as deemed necessary will be taken against Mr. Potter." (Excerpts from a letter dated May 23, 2018, from Arthur Young to Joe Dasilva attached as Exhibit "A")

Why then, if Defendant Army "takes allegations of sexual harassment very seriously," would the United States Attorney General now certify that the sexual harassment of Plaintiff by Potter was within the scope of Potter's employment? In the words of the Army's point person for the investigation, Potter's actions violated The Army's expectations for supervisors such as Potter! How could this same conduct also be within the scope of his employment?

Just as Justice Ginsberg observed in *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417 (1995), Plaintiff submits that in the case at bar, the substitution of parties sought by the government is not merely procedural posturing: the goal of substitution

in the case at bar is to "…depriv[e] plaintiffs of potentially meritorious tort claims." *Lamagno* at 434.

Defendant ARMY's counsel now seeks to deprive Plaintiff of his right to be heard on his well-pled claims of negligent and intentional infliction of emotional distress. Plaintiff has not sued The Army for POTTER'S tortious and intentional acts; he has sued the tortfeasor. Nevertheless, The Army argues that this conduct was within the scope of his employment by the Army? Is this the law? No. Is this even a credible claim? To paraphrase Judge Shadur, "[w]as [the] sexual harassment [of Dasilva by Potter] within the scope of [Potter's] employment? Of course not."

Should the court determine that additional evidence is needed to rule on the question presented, Plaintiff's counsel urges this court to direct the parties to conduct appropriate discovery and then to schedule an evidentiary hearing at the earliest opportunity. As the Supreme Court has held often, immunity-related issues "should be decided at the earliest opportunity." *Osborn v. Haley*, 549 U.S. 225, 253 (2007), citing *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (per curiam) ("Immunity ordinarily should be decided by the court long before trial."); *Anderson v. Creighton*, 483 U.S. 635, 646, n. 6, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) ("[I]mmunity questions should be resolved at the earliest possible stage of litigation.")

## CONCLUSION

Plaintiff respectfully suggests that this is not even a close call. Plaintiff has demonstrated that the certification by The Attorney General was not credible and that the purpose may well have been, as Plaintiff suggested earlier in this litigation, simply to defeat Dasilva's claims on spurious grounds. At a bare minimum, Plaintiff is entitled to discovery and a full hearing on the question of whether Potter's sexual harassment was something that The Army was paying him to do.

Plaintiff respectfully suggests that for the reasons set forth hereinabove, this court should find that Defendant POTTER was not acting within the scope of his employment when he sexually harassed Plaintiff.

Respectfully submitted,

THE LAW OFFICE OF KEITH ALTMAN

By: */s/ Keith Altman*
Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(516)456-5885
kaltman@lawampmmt.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2021, I served the foregoing document on counsel for all Defendants of record *via* electronic filing:

/s/ *Keith L. Altman*
Keith L. Altman
*Attorney for Plaintiff*

# EXHIBIT "A"



**DEPARTMENT OF THE ARMY**
INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON-DETROIT ARSENAL
6501 E. ELEVEN MILE ROAD
WARREN MI 48397-5000

IMMI-ES                                                                                    23 May 2018

MEMORANDUM FOR Joe DaSilva

SUBJECT: Update Regarding Allegation of Sexual Harassment

1. You reported an allegation of sexual harassment against Mr. Martin Potter. In short, your allegation was that Mr. Potter made inappropriate comments to you of a sexual nature.

2. The Army takes allegations of sexual harassment very seriously. As such, facts were gathered regarding the allegation you made. On May 17, 2018, I received the results of that investigation. The Legal Office has reviewed the investigation results and has concurred with them. After the investigation was completed, I reviewed the options available to me.

3. I have determined that the allegations you made are founded and violate the expectations I have for my organization. As such, appropriate action as deemed necessary will be taken against Mr. Potter.

4. This will close management's actions in regards to your allegations. If you are not satisfied with the action taken by me in connection to this matter you are still entitled to file a complaint of sexual harassment with the Garrison EEO office. Please be aware that such a complaint must be filed within 45 days of date you knew or should have known of the actions taken by management.

5. If you have any questions, please feel free to contact me.

YOUNG.ARTHUR.JOSEPH.JR.1097658940
Digitally signed by YOUNG.ARTHUR.JOSEPH.JR.1097658940
Date: 2018.05.29 11:09:44 -04'00'

ARTHUR J. YOUNG, JR.
Director, Emergency Services