UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

    Plaintiff,

v.

JOHN E. WHITLEY, in his official capacity as Acting Secretary of the Army, AND MARTIN POTTER, individually and in his official capacity as Assistant Chief of U.S. Army Detroit Arsenal Division,

    Defendants.

Civil No. 20-11358

Honorable Mark A. Goldsmith

**RESPONSE TO MOTION CHALLENGING DEFENDANT'S SUBSTITUTION OF PARTIES**

## INTRODUCTION

Plaintiff filed a motion challenging the Court's order substituting the United States for Assistant Chief Potter as to Counts VI and VII of the amended complaint alleging negligent and intentional infliction of emotional distress. Plaintiff's motion overlooks applicable law and should be denied. The comments that Assistant Chief Potter allegedly made to Plaintiff, even if inappropriate, were made at work while Assistant Chief Potter and Plaintiff were performing their official job duties. The alleged comments, even accepted as true, do not rise to the level of sexual harassment or a sexually hostile work environment. The allegedly retaliatory and

harassing actions taken by Assistant Chief Potter against Plaintiff – including scoring Plaintiff lower than deserved on a performance evaluation, denying Plaintiff a training opportunity, and intervening to stop Plaintiff's transfer and promotion requests – are all employment actions within the scope of Potter's supervisory duties.

The FTCA requires that the tort claims (Counts VI and VII) proceed against the United States. Plaintiff's objection to substitution of the United States should be overruled and his motion denied.

## BACKGROUND

Plaintiff Joe DaSilva, Jr., a Firefighter and EMT employed by the United States Army at the Detroit Arsenal Fire Division, filed this lawsuit alleging that his supervisor, Assistant Chief Martin Potter, sexually harassed him at work, created a sexually hostile work environment, and retaliated against him after he complained about the alleged actions. Plaintiff's claims are based principally on purported "unwanted sexual comments" made by Assistant Chief Potter "periodically." Am. Compl. ¶ 10 (ECF No. 29, PageID.87). Those comments include statements that Plaintiff "should wear a bra," "has breast implants," and "suggesting that they try the 'pencil test.'" *Id.* Plaintiff also alleges that Assistant Chief Potter took other harassing or retaliatory workplace actions – namely, that he denied Plaintiff's request to attend a training course, *id.* ¶ 14 (ECF No. 29, PageID.88), scored Plaintiff lower than deserved on a performance appraisal, *id.* ¶15, and prevented Plaintiff

2

from obtaining job promotions and transfers. *Id.* ¶¶ 29-32, 55-58 (ECF No. 29, PageID.90, 93–94).

Assistant Chief Potter was Plaintiff's immediate supervisor, Am. Compl. ¶ 9, (ECF No. 29, PageID.87) and there is no suggestion in the amended complaint that any of the alleged conduct giving rise to this lawsuit occurred outside of the workplace. In fact, Plaintiff alleges that Assistant Chief Potter's actions were witnessed by coworkers. *Id.* ¶ 12.

The Army conducted an internal investigation – known within the Army as a "15-6 Investigation" – into Plaintiff's complaints of harassment. The investigator concluded that "all in the fire department" make "inappropriate comments" "all the time," including Plaintiff, who was found to have "engaged in off color comments and engaged back in other similar conversations." The investigator found that Assistant Chief Potter was among those who made inappropriate comments, but that Potter "did not think it was wrong because of the environment of continued harassment from all within the department." Exhibit 1 – 15-6 Investigation.

Plaintiff's initial complaint did not include any tort claims. But Plaintiff amended his complaint to include tort claims against Assistant Chief Potter in his personal capacity for negligent and intentional infliction of emotional distress (Counts VI and VII). Plaintiff claims that Assistant Chief Potter's workplace

3

harassment and retaliation constitute extreme and outrageous conduct resulting in severe emotional injury. *Id.* ¶¶ 78-82, 84-87 (ECF No. 29, PageID.97–98).

On April 15, 2021, the Court entered an order provisionally substituting the United States for Assistant Chief Potter as to the Counts VI and VII (ECF No. 39). On April 26, 2021, Plaintiff filed a motion challenging the substitution, arguing that the tort claims should proceed against Assistant Chief Potter in his individual capacity – not against the United States under the FTCA – because Potter was acting outside the scope of his employment at the time of the events alleged in the amended complaint (ECF No. 40).

## LEGAL ARGUMENT

**A.     Judicial determination of whether Assistant Chief Potter was acting within the scope of employment is unnecessary.**

The tort claims that are the subject of Counts VI and VII of the amended complaint are subject to dismissal regardless of whether Assistant Chief Potter was acting within the scope of employment, making a judicial scope determination unnecessary. Plaintiff relies on the same allegations to support the tort claims as his Title VII claims. *See* Am. Compl. ¶¶ 78, 84 (ECF No. 29, PageID.97–98) (basing his state-law tort claims on the allegation that Assistant Chief Potter sexually harassed him and retaliated against him). As such, even if the Court were to conclude that Assistant Chief Potter was acting outside the scope of his employment, the tort claims against Potter are not cognizable. *See, e.g., Mathis v. Henderson*, 243 F.3d

4

446, 449–50 (8th Cir. 2001) (holding that Title VII is a federal employee's exclusive remedy for conduct of a supervisor determined to be outside the scope of employment under the Westfall Act if that same conduct also supports the employee's Title VII claim); *McDaniel v. United States*, 970 F.2d 194, 198 (6th Cir. 1992) (holding that a federal employee's action for negligent and intentional infliction of emotional distress by his supervisor was barred by the Federal Employees' Compensation Act).

**B.     Assistant Chief Potter was acting within the scope of his employment.**

Under the Westfall Act, the United States is the only proper defendant in a civil action for money damages brought against federal employees alleged to have committed a common law tort in the course of their official duties. 28 U.S.C. § 2679; *Osborn v. Haley*, 549 U.S. 225, 229 (2007); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1142–43 (6th Cir. 1996). Where a federal employee acting within the scope of employment commits a tort, the FTCA provides a limited waiver of sovereign immunity and allows tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

Defendant filed a certification signed by the Attorney General's delegate certifying that Assistant Chief Potter was acting within the scope of employment at the time of the actions alleged in the amended complaint (ECF No. 31). The scope

certification is "*prima facie* evidence" that Potter was acting within the scope of employment. *RMI Titanium*, 78 F.3d at 1143. To contest substitution, Plaintiff bears the burden to "produce evidence that demonstrates that the employee was not acting in the scope of employment." *Roberts v. United States*, 191 F. App'x 338, 342 (6th Cir. 2006). To meet his burden, Plaintiff is required to produce "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." *Raisig v. United States*, 34 F. Supp. 2d 1053, 1055 (W.D. Mich. 1998).

"Whether an employee's actions are within the scope of his employment for purposes of the Westfall Act is an issue that must be determined in accordance with the law of the state where the incident occurred." *Arbour v. Jenkins*, 903 F.2d 416, 422–23 (6th Cir. 1990); *see also RMI Titanium*, 78 F.3d at 1143. "[U]nder Michigan law an employee is acting within the scope of his employment if he is engaged in the service of his master." *Id.* at 422 (quoting *Barnes v. Mitchell*, 67 N.W.2d 208 (Mich. 1954)). "The determinative question is whether the employee's actions are within his authority," and "an employee's actions may be within the scope of his or her employment even if the actions constitute intentional torts." *Id.*; *see also RMI Titanium*, 78 F.3d at 1143 ("The mere fact that a federal employee's actions may have been unlawful or in derogation of the plaintiff's contractual rights is not enough, by itself, to find that the employee's actions were outside his authority.").

Michigan law recognizes the "dual purpose doctrine" under which "an employee may be within the scope of his employment even though, at the same time, he is doing something to serve a purpose of his own." *Id.* (quoting *Bajdek v. Toren*, 169 N.W.2d 306, 308 (Mich. 1969)). In other words, the doctrine applies when an employee is still "acting within the scope of his employment, carrying out the orders of his employer, and performing some duty to further the latter's business." *Burchett v. Delton-Kellogg Sch.*, 144 N.W.2d 337, 339 (Mich. 1966). Under the dual-purpose doctrine, the Sixth Circuit, applying Michigan law, has observed that "verbal harassment and intimidation have been viewed as being within the scope of supervisory employment." *Arbour*, 903 F.2d at 422.

The Sixth Circuit's decision in *Mackey v. Milam*, 154 F.3d 648 (6th Cir. 1998), is illustrative. There, the court held that two U.S. Air Force officers were acting within the scope of their employment when they sexually harassed their subordinate, an Air Force captain. The captain alleged that her superior officers made sexual advances towards her, including locking her in an office, commenting when she wore a skirted uniform, starring at her breasts, leaning back in a chair to see under the table when she wore her skirted uniform, massaging her neck, placing hands around her waist, and inquiring about her perfume and make-up. *Id.* at 649. The captain also alleged that the officers gave her an unfavorable employment

7

reference and invited her to a bar after work to help with her resume, and then stopped her from leaving and prevented her from getting into her car. *Id.*

The Attorney General's delegate certified that the officers were acting within the scope of their employment and filed a motion to dismiss under the FTCA. *Id.* at 649–50. The district court denied the motion and rejected the scope certification, holding that the FTCA did not apply because the officers were not acting within the scope of their employment. *Id.* at 650. Applying Ohio law governing scope-of-employment, which is not materially different from Michigan law,[1] the Sixth Circuit held that the officers were acting within the scope of their employment because "[m]ost of the alleged acts took place during working hours on the base," and the officers "were able to perpetrate the harassment because their employer, the Air Force, had placed them in a supervisory position." *Id.* at 651. The captain argued that her supervising officers were acting outside the scope of their employment because some of the harassment occurred outside of work (i.e., at a bar) and after she was no longer employed by the Air Force (i.e., when the officers gave her a negative performance reference), but the Sixth Circuit rejected the argument. *Id.* The

---

[1] "Under Ohio law, an employee acts within the scope of employment if the employee acts within his authority during the course of employment even though acting intentionally or maliciously." *RMI Titanium*, 78 F.3d at 1143. *See also Martin v. Cent. Ohio Transit Auth.*, 590 N.E.2d 411, 417 (Ohio Ct. App. 1990) ("Conduct is within the scope of employment if it is initiated, in part, to further or promote the master's business. That an employee was acting in violation of some instruction or rule of an employer is generally held to be of no consequence.").

8

court concluded that the off-site and post-employment harassment occurred within scope of the officers' employment because it was made possible only because the Air Force vested the two officers with supervisory authority over the captain. *Id.*

All of the conduct giving rise to this lawsuit, as alleged in the amended complaint, occurred at work. For instance, the alleged "periodic[]" "unwanted sexual comments" made by Assistant Chief Potter to Plaintiff were made while the two were performing their official duties and as part of a general workplace atmosphere in which everyone, including Plaintiff, made similar comments, according to the results of the 15-6 investigation.

Likewise, the allegation that Assistant Chief Potter unlawfully denied Plaintiff a training opportunity, gave Plaintiff a negative performance appraisal, and prevented Plaintiff from obtaining other job positions within the Army, constitute employment actions taken in Assistant Chief Potter's official capacity as Plaintiff's supervisor and made possible only because Potter had supervisory authority over Plaintiff. Plaintiff alleges essentially that Assistant Chief Potter harbored unlawful animus when he took these actions, but motive is irrelevant to the Court's scope inquiry. *See RMI Titanium*, 78 F.3d at 1143–44 ("Where, as here, a plaintiff in his complaint pleads conduct within an individual's scope of employment and merely alleges bad or personal motive, summary dismissal of the scope challenge is warranted."); *Rector v. United States*, 243 F. App'x 976, 979 (6th Cir. 2007) (the

9

"crucial question" for determining scope of employment is "whether the employee's actions are within his authority").

## C. The authority on which Plaintiff relies is inapplicable.

Plaintiff relies on *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 759 (1998), and its progeny, for the general proposition that "sexual harassment is outside the scope of employment." *Burlington* addressed employer liability for sexual harassment under Title VII: "whether an employer has vicarious liability when a supervisor creates a hostile work environment by making explicit threats to alter a subordinate's terms or conditions of employment, based on sex, but does not fulfill the threat." *Id.* at 754. Because Title VII defines "employer" to include "agents," the Court relied on "the general common law of agency, rather than on the law of any particular State." *Id.* Conversely, Michigan law – not federal common law – governs the scope-of-employment analysis here. *See Arbour*, 903 F.2d at 422-23; *RMI Titanium*, 78 F.3d at 1143.

More importantly, as Defendant explains more fully in its pending motion to dismiss, the allegations in the amended complaint do not amount to sexual harassment or a sexually hostile work environment. (*See* ECF No. 32, PageID.122–29). Plaintiff alleges "periodic" workplace comments akin to teasing that are not

10

unambiguously of a sexual nature.[2] Even if the Court were to import here the Supreme Court's holding, reached in a different context, that sexual harassment is outside the scope of employment, that holding would not apply because Plaintiff alleges only the legal conclusion of sexual harassment devoid of facts plausibly supporting that label. Conduct more serious and more clearly of a sexual nature was found to be within the scope of employment in *Mackey*. The same result should follow here.

Finally, Plaintiff requests an opportunity to conduct discovery pertinent to the scope-of-employment analysis and seeks an evidentiary hearing. Neither are appropriate where Plaintiff's allegations, accepted as true, show that Assistant Chief Potter was acting within the scope of employment. *See Glover v. Donahoe*, 626 F. App'x 926, 930 (11th Cir. 2015) (holding that "[d]iscovery and an evidentiary hearing are particularly unnecessary" where the plaintiff alleges "no facts to support his contention that Defendants were acting outside the scope of their employment at the time of the alleged wrongdoing").

---

[2] Plaintiff alleges weight discrimination in violation of state law (Count IV) based on the very same comments that support his sexual harassment claim. Am. Compl. at 10-11 (ECF No. 29, PageID.94–95). Plaintiff acknowledges, then, that the comments are based, at least in part, on a classification other than sex. *See id.* ¶ 67 ("The comments implied that Plaintiff is overweight to the point that his body no longer reflects that of a man.").

## CONCLUSION

Because the tort claims alleged in Counts VI and VII of the amended complaint are subject to dismissal regardless of whether they are brought against the United States or Assistant Chief Potter in his individual capacity, the Court should forego a judicial scope determination. If the Court is inclined to resolve the issue of scope, it should overrule Plaintiff's objection to the certification of the Attorney General's delegate that Assistant Chief Potter was acting within the scope of his employment, deny Plaintiff's motion, and convert the provisional substitution of the United States as to Counts VI and VII into a permanent substitution.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

*/s/ Benjamin A. Anchill*
Benjamin A. Anchill (P70968)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9566
benjamin.anchill@usdoj.gov

Dated: May 10, 2021

## LOCAL RULE CERTIFICATION

I, Benjamin A. Anchill, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Benjamin A. Anchill*
Benjamin A. Anchill (P70968)
Assistant United States Attorney

## CERTIFICATION OF SERVICE

I hereby certify that on May 10, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the ECF participants in this case.

*s/Benjamin A. Anchill*
BENJAMIN A. ANCHILL
Assistant U.S. Attorney
