# REPORT OF PROCEEDINGS BY INVESTIGATING OFFICER/BOARD OF OFFICERS

For use of this form, see AR 15-6; the proponent agency is OTJAG.

*IF MORE SPACE IS REQUIRED IN FILLING OUT ANY PORTION OF THIS FORM, ATTACH ADDITIONAL SHEETS*

## SECTION I - APPOINTMENT

Appointed by  **Joseph Moscone**
*(Appointing authority)*

on  **10 April 2018**  *(Attach inclosure 1: Letter of appointment or summary of oral appointment data.) (See para 3-15, AR 15-6.)*
*(Date)*

## SECTION II - SESSIONS

The *(investigation) (board)* commenced at **United States Army Garrison Detroit Arsenal** at **0755**
*(Place)* *(Time)*

on **16 April 2018** *(If a formal board met for more than one session, check here ☐. Indicate in an inclosure the time each session began and ended, the place, persons present and absent, and explanation of absences, if any.)* The following persons *(members, respondents, counsel)* were present: *(After each name, indicate capacity, e.g., President, Recorder, Member, Legal Advisor.)*

The following persons *(members, respondents, counsel)* were absent: *(Include brief explanation of each absence.) (See paras 5-2 and 5-8a, AR 15-6.)*

The *(investigating officer) (board)* finished gathering/hearing evidence at **1200** on **19 April 2018**
*(Time)* *(Date)*

and completed findings and recommendations at **1300** on **3 May 2018**
*(Time)* *(Date)*

## SECTION III - CHECKLIST FOR PROCEEDINGS

| A. COMPLETE IN ALL CASES | YES | NO[1] | NA[2] |
|---|---|---|---|
| 1. Inclosures *(para 3-15, AR 15-6)* Are the following inclosed and numbered consecutively with Roman numerals: *(Attached in order listed)* | | | |
| a. The letter of appointment or a summary of oral appointment data? | X | | |
| b. Copy of notice to respondent, if any? *(See item 9, below)* | X | | |
| c. Other correspondence with respondent or counsel, if any? | | | X |
| d. All other written communications to or from the appointing authority? | | | X |
| e. Privacy Act Statements *(Certificate, if statement provided orally)*? | X | | |
| f. Explanation by the investigating officer or board of any unusual delays, difficulties, irregularities, or other problems encountered *(e.g., absence of material witnesses)*? | | | X |
| g. Information as to sessions of a formal board not included on page 1 of this report? | | | X |
| h. Any other significant papers *(other than evidence)* relating to administrative aspects of the investigation or board? | | | X |

FOOTNOTES: 1/ *Explain all negative answers on an attached sheet.*
2/ *Use of the N/A column constitutes a positive representation that the circumstances described in the question did not occur in this investigation or board.*

**DA FORM 1574, MAR 1983**  EDITION OF NOV 77 IS OBSOLETE.  Page 1 of 4 pages  APD LC v1.30

| | | YES | NO[1] | NA[2] |
|---|---|---|---|---|
| 2 | Exhibits *(para 3-16, AR 15-6)* | | | |
| | a. Are all items offered *(whether or not received)* or considered as evidence individually numbered or lettered as exhibits and attached to this report? | ☒ | ☐ | ☐ |
| | b. Is an index of all exhibits offered to or considered by investigating officer or board attached before the first exhibit? | ☒ | ☐ | ☐ |
| | c. Has the testimony/statement of each witness been recorded verbatim or been reduced to written form and attached as an exhibit? | ☒ | ☐ | ☐ |
| | d. Are copies, descriptions, or depictions *(if substituted for real or documentary evidence)* properly authenticated and is the location of the original evidence indicated? | ☐ | ☐ | ☒ |
| | e. Are descriptions or diagrams included of locations visited by the investigating officer or board *(para 3-6b, AR 15-6)?* | ☐ | ☐ | ☒ |
| | f. Is each written stipulation attached as an exhibit and is each oral stipulation either reduced to writing and made an exhibit or recorded in a verbatim record? | ☒ | ☐ | ☐ |
| | g. If official notice of any matter was taken over the objection of a respondent or counsel, is a statement of the matter of which official notice was taken attached as an exhibit *(para 3-16d, AR 15-6)?* | ☐ | ☐ | ☒ |
| 3 | Was a quorum present when the board voted on findings and recommendations *(paras 4-1 and 5-2b, AR 15-6)?* | ☐ | ☐ | ☐ |
| **B. COMPLETE ONLY FOR FORMAL BOARD PROCEEDINGS** *(Chapter 5, AR 15-6)* | | | | |
| 4 | At the initial session, did the recorder read, or determine that all participants had read, the letter of appointment *(para 5-3b, AR 15-6)?* | ☐ | ☐ | |
| 5 | Was a quorum present at every session of the board *(para 5-2b, AR 15-6)?* | ☐ | ☐ | |
| 6 | Was each absence of any member properly excused *(para 5-2a, AR 15-6)?* | ☐ | ☐ | ☐ |
| 7 | Were members, witnesses, reporter, and interpreter sworn, if required *(para 3-1, AR 15-6)?* | ☐ | ☐ | ☐ |
| 8 | If any members who voted on findings or recommendations were not present when the board received some evidence, does the inclosure describe how they familiarized themselves with that evidence *(para 5-2d, AR 15-6)?* | ☐ | ☐ | ☐ |
| **C. COMPLETE ONLY IF RESPONDENT WAS DESIGNATED** *(Section II, Chapter 5, AR 15-6)* | | | | |
| 9 | Notice to respondents *(para 5-5, AR 15-6):* | | | |
| | a. Is the method and date of delivery to the respondent indicated on each letter of notification? | ☐ | ☐ | |
| | b. Was the date of delivery at least five working days prior to the first session of the board? | ☐ | ☐ | |
| | c. Does each letter of notification indicate – | | | |
| | (1) the date, hour, and place of the first session of the board concerning that respondent? | ☐ | ☐ | |
| | (2) the matter to be investigated, including specific allegations against the respondent, if any? | ☐ | ☐ | |
| | (3) the respondent's rights with regard to counsel? | ☐ | ☐ | |
| | (4) the name and address of each witness expected to be called by the recorder? | ☐ | ☐ | |
| | (5) the respondent's rights to be present, present evidence, and call witnesses? | ☐ | ☐ | |
| | d. Was the respondent provided a copy of all unclassified documents in the case file? | ☐ | ☐ | |
| | e. If there were relevant classified materials, were the respondent and his counsel given access and an opportunity to examine them? | ☐ | ☐ | ☐ |
| 10 | If any respondent was designated after the proceedings began *(or otherwise was absent during part of the proceedings):* | | | |
| | a. Was he properly notified *(para 5-5, AR 15-6)?* | ☐ | ☐ | ☐ |
| | b. Was record of proceedings and evidence received in his absence made available for examination by him and his counsel *(para 5-4c, AR 15-6)?* | ☐ | ☐ | ☐ |
| 11 | Counsel *(para 5-6, AR 15-6):* | | | |
| | a. Was each respondent represented by counsel? | ☐ | ☐ | |
| | Name and business address of counsel: | | | |
| | *(If counsel is a lawyer, check here ☐ )* | | | |
| | b. Was respondent's counsel present at all open sessions of the board relating to that respondent? | ☐ | ☐ | ☐ |
| | c. If military counsel was requested but not made available, is a copy *(or, if oral, a summary)* of the request and the action taken on it included in the report *(para 5-6b, AR 15-6)?* | ☐ | ☐ | ☐ |
| 12 | If the respondent challenged the legal advisor or any voting member for lack of impartiality *(para 5-7, AR 15-6):* | | | |
| | a. Was the challenge properly denied and by the appropriate officer? | ☐ | ☐ | |
| | b. Did each member successfully challenged cease to participate in the proceedings? | ☐ | ☐ | |
| 13 | Was the respondent given an opportunity to *(para 5-8a, AR 15-6):* | | | |
| | a. Be present with his counsel at all open sessions of the board which deal with any matter which concerns that respondent? | ☐ | ☐ | |
| | b. Examine and object to the introduction of real and documentary evidence, including written statements? | ☐ | ☐ | ☐ |
| | c. Object to the testimony of witnesses and cross-examine witnesses other than his own? | ☐ | ☐ | ☐ |
| | d. Call witnesses and otherwise introduce evidence? | ☐ | ☐ | |
| | e. Testify as a witness? | ☐ | ☐ | |
| | f. Make or have his counsel make a final statement or argument *(para 5-9, AR 15-6)?* | ☐ | ☐ | |
| 14 | If requested, did the recorder assist the respondent in obtaining evidence in possession of the Government and in arranging for the presence of witnesses *(para 5-8b, AR 15-6)?* | ☐ | ☐ | ☐ |
| 15 | Are all of the respondent's requests and objections which were denied indicated in the report of proceedings or in an inclosure or exhibit to it *(para 5-11, AR 15-6)?* | ☐ | ☐ | ☐ |

FOOTNOTES: 1/ Explain all negative answers on an attached sheet.
2/ Use of the N/A column constitutes a positive representation that the circumstances described in the question did not occur in this investigation or board.

## SECTION IV - FINDINGS  (para 3-10, AR 15-6)

The *(investigating officer) (board)*, having carefully considered the evidence, finds:

1. Did Assistant Chief Potter make harassing comments of a sexual nature to Fire Fighter DaSilva? When and what were the comments? As for the incidents on or about 3 April 2018, I do not believe sexual harassment was the issue, but Assistant Chief Potter did ask Fire Fighter DaSilva about the cost of breast implants and it was perceived by Fire Fighter DaSilva to be sexual harassment, because he believed it related back to other encounters with Assist Chief Potter. I do believe there was harassment from Mr. Potter, but I believe he did not think it was wrong because of the environment of continued harassment from all within the department, until he was told a complaint was filed. Then he realized as part of the chain of command in the department he should not have said or should be participating in any type of harassment, but should be the one that should be enforcing a no harassment environment.
2. Specifically, did Assistant Chief Potter ask Fire Fighter DaSilva about breast implants and about his bra size and pencil test? He did ask Fire Fighter DaSilva about breast implants, but he stated he did not ask Mr. DaSilva about his bra size and I only found evidence of it happening in the past from a few.
3. Did Fire Fighter DaSilva solicit or initiate any of the comments? Not on this date, but he has engaged in off color comments and engaged back in other similar conversations.
4. How did Fire Fighter DaSilva respond to the comments? Not on this date, but has engaged in off color comments and engaged back in other similar conversations.
5. How long have the comments been occurring? Over years between all in the fire department.
6. Has anyone else heard these comments being made? If so, who? Probably, but no specific individual.
7. Did Fire Fighter DaSilva ever tell Assistant Chief Potter that these comments were unwelcome? I could not find evidence that he did.
8. How many times did Fire Fighter DaSilva indicate that the comments were unwelcome? I could not find evidence that he did.
9. Did the comments continue? I could not find evidence for this day.
10. Did Fire Fighter DaSilva report any of these incidents to his chain of command? If so, when and to whom? Yes, when he filed an EEO complaint, but not on this incident.
11. What did management do after the incident(s) were reported? I do not have official knowledge from past incidents, but this one prompted this investigation by the Garrison Manager. No, not on this day, but it appears that all in the fire department engage in this type of behavior all the time.
12. Did anyone else make inappropriate comments to Fire Fighter Silva? If so, who and when? No, not on this day, but it appears that all in the fire department engage in this type of behavior all the time.
13. Were inappropriate comments made to anyone else in general? To whom, by whom and when? No, not on this day, but it appears that all in the fire department engage in this type of behavior all the time.
14. How long have these comments and/or emails been happening? It appears that it has been happening in the fire department for a period of years.
15. Would you like to add anything to your statement about harassing comments in and around the Fire Station? No, not on this day, but it appears that all in the fire department engage in this type of behavior all the time.

## SECTION V - RECOMMENDATIONS  (para 3-11, AR 15-6)

In view of the above findings, the *(investigating officer) (board)* recommends:

1. I recommend a suspension as disciplinary action against Mr. Potter, based on his statement, interviews and statements from Emergency Services Fire Department Personnel that this is not the first incident of harassment from Mr. Potter and Fire Department chain of command. It appears that the department is riddled with harassment from the lowest to senior members of the fire department.

2. All fire, police and security personnel should be given annual mandatory sensitivity training.

3. All fire, police and security personnel should be given annual mandatory EEO training.

4. All fire, police and security personnel should be given annual mandatory POSH prevention of sexual harassment training.

5. All fire, police and security personnel should be given annual mandatory diversity and cultural awareness training.