UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

    Plaintiff,

v.

JOHN E. WHITLEY, in his
official capacity as Acting
Secretary of the Army, AND
MARTIN POTTER, individually
and in his official capacity as
Assistant Chief of U.S. Army
Detroit Arsenal Division,

    Defendants.

Civil No. 20-11358

Honorable Mark A. Goldsmith

**REPLY IN SUPPORT OF MOTION TO DISMISS**

A.   **PLAINTIFF'S FIRST AMENDMENT CLAIM SHOULD BE DISMISSED.**

Federal employees may not bring a First Amendment claim against their supervisors if the claim is based on discrimination faced in the federal workplace. *Bush v. Lucas*, 462 U.S. 367, 390 (1983) (holding that federal employees may not assert a First Amendment claim against a supervisor if Congress has created a remedial statutory framework for handling such claims).

Plaintiff admits that his First Amendment claim is based on the same protected activity that gives rise to his Title VII retaliation claim, i.e., "the filing of an EEOC complaint." ECF No. 46, PageID.255. An EEOC complaint is "the quintessential protected activity" under Title VII. *Young v. City of Philadelphia Police Dep't*, 651 F. App'x 90, 97 (3d Cir. 2016). Plaintiff alleges that after he filed his EEO complaint, "Potter retaliated against him through disparate treatment in performance evaluations and denial of employment opportunities." ECF No. 46, PageID.255. Because this is a classic Title VII retaliation claim, Plaintiff must proceed solely under Title VII. *See, e.g.*, *Day v. Wayne Cty. Bd. of Auditors*, 749 F.2d 1199, 1205 (6th Cir. 1984) (claim under 42 U.S.C. § 1983, based on retaliation for filing EEOC complaint, preempted by Title VII).[1]

---

[1] The cases cited by Plaintiff support dismissal of his First Amendment claim. In *Laster v. City of Kalamazoo*, 746 F.3d 714, 733 (6th Cir. 2014), for example, the Sixth Circuit acknowledged that "Plaintiff's EEOC Charges were not entitled to First Amendment protection." In *Rottman v. U.S. Coast Guard Academy*, 630 F. Supp.

**B.   PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM SHOULD BE DISMISSED.**

The Sixth Circuit "has established a relatively high bar for what amounts to actionable discriminatory conduct under a hostile work environment theory." *Phillips v. UAW Int'l*, 854 F.3d 323, 328 (6th Cir. 2017). The harassment allegations in this case – implying that Plaintiff should "wear a bra" and get "breast implants" – are, at most, nonactionable "male-on-male horseplay." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998).

Defendant's legal authority shows that Plaintiff's harassment allegations, accepted as true, do not meet the severity threshold. ECF No. 32, PageID.126-129. Plaintiff does not address these cases, nor does he offer contrary authority supporting his view that the pled harassment is severe and pervasive. Plaintiff pleads nonactionable horseplay, teasing, and jokes. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." (cleaned up)). There are no allegations of the touching, threats, or physical invasion that are typically required to make a threshold showing of a hostile work environment. *Id.*

---

1123, 1125 (D. Conn. 1986), the court observed that "non-Title VII claims would not be foreclosed if they were based on actions other than the discrimination outlawed by Title VII." As the retaliation alleged here is covered by Title VII, Plaintiff must proceed solely under Title VII.

Plaintiff urges consideration of purported acts of harassment that were the subject of his settled 2017 EEO Complaint. These include Potter's alleged comment that Plaintiff should wear a bra, Edwards' alleged comment about not liking Plaintiff, and the allegation that Plaintiff was ostracized and ignored. ECF No. 32, PageID.123.[2] Even if the Court were to consider the settled acts, the aggregate of the settled and unsettled actions still do not meet the threshold necessary to state a plausible hostile work environment claim. *See* ECF No. 32, PageID.125 n.5.

And the Court plainly should not consider the settled acts. Plaintiff's contrary position would mean disregarding the Settlement Agreement in violation of controlling authority making EEO settlements binding. 29 C.F.R. § 1614.504(a).[3]

---

[2] The settled EEO Complaint also covered Plaintiff's claims that he was denied a training opportunity in January 2017 and given a lower performance appraisal the following month. ECF No. 32, PageID.123. But these are "discrete acts" of alleged discrimination that do not involve "repeated conduct." *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (holding that hostile environment claims involve "repeated conduct" and "are different in kind from discrete acts" of discrimination); *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) (denial of training is a discrete act); *Jones v. City of Franklin*, 309 F. App'x 938, 942 (6th Cir. 2009) (lowered performance evaluation is a discrete act). Discrete acts "cannot properly be characterized as part of a continuing hostile work environment." *Sasse v. U.S. Dep't of Lab.*, 409 F.3d 773, 783 (6th Cir. 2005).

[3] Plaintiff's attempt to distinguish the cases cited by Defendant enforcing EEO settlement agreements is unpersuasive. Plaintiff distinguishes *Folley v. Henderson*, 175 F. Supp. 2d 1007 (S.D. Ohio 2001), because the settlement agreement required the employer to reassign plaintiff's work location. Plaintiff does not explain the relevancy of this distinction and none is apparent. Plaintiff's argument that the plaintiff in *Perryman v. West*, 949 F. Supp. 815 (M.D. Ala. 1996), "did not allege any post-settlement harassment" is untrue. The court noted that "the alleged

3

*Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724 (6th Cir. 2006) does not compel a different result. *Randolph* did not involve a settlement agreement. The issue was whether the plaintiff exhausted administrative remedies for harassing acts that occurred before May 1, 1996 where the plaintiff identified May 1, 1996 as the earliest date of discrimination. 453 F.3d at 731-32. The Sixth Circuit held that acts before May 1, 1996 "are not beyond the scope of the EEOC complaint, as the EEOC could reasonably be expected to investigate those actions notwithstanding the date listed on the face of Randolph's complaint," adding that hostile work environment claims should not be "bifurcated" for purposes of an exhaustion analysis, as such claims "by their very nature require ongoing conduct." *Id.*

The issue before this Court is different. Defendants do not argue that Plaintiff's claim is unexhausted. Defendants instead ask the Court to apply the unambiguous terms of the Settlement Agreement, which resolved "any and all issues and claims arising from the circumstances of the [2017 EEO Complaint]," and prohibits any judicial action "concerning the matters raised in th[e] complaint." ECF No. 32-3, PageID.146-147. The *Folly* and *Perryman* plaintiffs also urged consideration of settled acts on a "continuing violations" theory similar to the one

---

harassment . . . is an investigation of possible forgery," which occurred two months after the parties entered into the settlement agreement. *Id.* at 817, 820. Moreover, the factual distinction, even if true, would be immaterial.

4

offered here, but both courts rejected the argument. *See Folley*, 175 F. Supp. 2d at 1013; *Perryman*, 949 F. Supp. at 821-22. This Court should do the same.

C. **PLAINTIFF'S RETALIATION CLAIM SHOULD BE DISMISSED.**

Plaintiff provides no information about any promotion(s) that he was allegedly denied due to retaliation. This is particularly problematic in this case where the only potentially adverse employment action supporting Plaintiff's retaliation claim is the denial of a promotion. Defendants are not on notice of what promotion(s) Plaintiff believes were unlawfully withheld.[4]

To exhaust any claim arising out of a denied promotion, Plaintiff was required to seek EEO counseling within 45 days of being denied the promotion. *See* 29 C.F.R. § 1614.105; *Robinson v. Jojanns*, 147 F. App'x 922, 924 (11th Cir. 2005) (affirming dismissal for failure-to-exhaust where federal employee sought EEO counseling more than 45 after being denied promotion). That did not happen here. Plaintiff did not allege in either of his EEO complaints that he was denied a promotion, and Plaintiff does not argue otherwise.[5] As such, the Court lacks subject matter jurisdiction over any retaliatory failure-to-promote claim.

---

[4] *See, e.g.*, *Rhodes v. Camden Redevelopment Agency*, No. 120CV20337, 2021 WL 71597, at *4 (D.N.J. Jan. 8, 2021) (dismissing failure-to-promote claim where plaintiff "fails to plead any specific promotional opportunities" or "any specifics whatsoever about the alleged promotions she claims to have missed out on").

[5] Plaintiff refers to the allegation in his EEO papers that Potter told him, "If I become assistant chief, I will make sure you don't move up," and his request under "relief

5

Plaintiff seeks to avoid this result by asking the Court to exercise ancillary jurisdiction over his unexhausted retaliation claim. But ancillary jurisdiction attaches only if the retaliation occurs *after*, and "grows out of," the filing of an EEO complaint that "is properly before the court." *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546-47 (6th Cir. 1991). Ancillary jurisdiction does not apply for two reasons. First, only the 2018 EEO Complaint, which does not mention any failure to promote, is before the Court. There is nothing in the 2018 EEO Complaint that would have prompted the agency to investigate a withheld promotion.[6] Second, because Plaintiff fails to provide basic information about the promotions, including the positions sought and when the denials occurred, there is no basis to conclude that the denied promotions occurred *after* Plaintiff filed his 2018 EEO Complaint, which is the only way that ancillary jurisdiction could apply. *See Ang*, 932 F.2d at 547 (observing that ancillary jurisdiction does not apply to "[r]etaliatory conduct occurring prior to the filing of the EEOC complaint" that is before the court).[7]

---

sought" that Potter "no longer a block [sic] to his career." ECF No. 32-4, PageID.149. One vague and hypothetical statement cannot be construed as a retaliatory failure-to-promote claim.

[6] Plaintiff's failure to raise his failure-to-promote claim at the administrative level deprived the agency of the ability to investigate the claim. Allowing the claim to proceed would undercut the reasons for the exhaustion doctrine, which include giving the agency an opportunity to correct its own mistakes before being haled into federal court and promoting efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).
[7] Nor does *Dixon v. Ashcroft*, 392 F.3d 212, 218 (6th Cir. 2004) apply here. That case stands for the proposition that failure to check the "retaliation" box on an EEO

6

### D.      PLAINTIFF'S ELCRA CLAIMS SHOULD BE DISMISSED.

Plaintiff's continued insistence that state antidiscrimination laws apply to a federal employee such as himself is simply wrong on the law. Plaintiff does not address the authorities on which Defendants rely to support a federal employee's inability to proceed under state antidiscrimination laws such as ELCRA. ECF No. 32, PageID.132-133. Instead, Plaintiff relies on a line of cases addressing whether a state statute is preempted by federal law and therefore invalid under the Supremacy Clause of the Constitution. ECF No. 46, PageID.271-272. Of course, Congress did not intend to occupy the entire field of employment discrimination law to supersede and invalidate analog state laws. *See* 42 U.S.C. §§ 2000e-7 and 2000h-4. What Congress did intend to do is to "provide[] the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 822 (1976). Plaintiff's contrary argument is meritless.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*/s/ Benjamin A. Anchill*
Benjamin A. Anchill (P70968)
Assistant United States Attorney

Dated: February 2, 2022

---

complaint does not necessarily render a retaliation claim unexhausted where facts supporting the claim are included. Here, there is no dispute that Plaintiff alleged retaliation in his 2018 EEO Complaint (ECF No. 32-5, PageID.153). The problem is that the retaliation allegations mention nothing about any withheld promotions.

## LOCAL RULE CERTIFICATION

I, Benjamin A. Anchill, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATION OF SERVICE

I hereby certify that on February 2, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the ECF participants in this case.

*s/Benjamin A. Anchill*  
BENJAMIN A. ANCHILL  
Assistant U.S. Attorney