UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

    Plaintiff,

v.

CHRISTINE WORMUTH,
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

    Defendants.

Civil No. 20-11358

Honorable Mark A. Goldsmith

## ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Christine Wormuth, by and through her attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Benjamin A. Anchill, Assistant United States Attorney, answers the amended complaint as follows:

1. Paragraph 1 contains Plaintiff's description of the nature the case to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to relief under any of the causes of action described in this Paragraph.

2. Paragraph 2 contains legal conclusions related to jurisdiction to which no response is required. To the extent a response is required, Defendant admits that

the Court has federal question jurisdiction over Plaintiff's Title VII claims. Defendant denies that the Court has jurisdiction over Plaintiff's First Amendment claim under 42 U.S.C. § 1983. *See, e.g.*, *Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983.").

    3.    Paragraph 3 contains plaintiff's claim as to amount in controversy, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the damages sought or any damages.

    4.    Defendant denies that any actions complained of were unlawful. Defendant admits that the actions complained of took place within the Eastern District of Michigan.

    5.    Defendant admits that venue is appropriate in this District.

    6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 regarding Plaintiff's citizenship and domicile and therefore denies the same. Defendant admits that Plaintiff was employed by the Department of the Army and, more specifically, that Plaintiff worked as a firefighter at the Detroit Arsenal Fire Division.

    7.    Defendant admits the allegations in Paragraph 7.

    8.    Defendant admits the allegations in Paragraph 8.

    9.    Defendant denies the allegations in Paragraph 9.

10. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 10 and therefore denies the same.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 12 and therefore denies the same.

13. Defendant lacks sufficient information to admit or deny the allegations of the first sentence of Paragraph 13 and therefore denies the same. Defendant denies the allegations in the second sentence of Paragraph 13.

14. Defendant admits that Plaintiff requested to attend the Fire Officer I training course in January 2017 and further admits that, because the cost of the training was not forecasted in advance, training was not approved. Defendant further states that Plaintiff requested to attend the same course on April 9, 2018, and the request was approved. Defendant denies the allegations in the second sentence of Paragraph 14.

15. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 15 and therefore denies the same.

16. Defendant admits that Plaintiff filed an EEO complaint on or around the date referenced in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant admits that Plaintiff reported the alleged harassment to the Sexual Harassment and Assault Response Prevention representative on April 5, 2018. Defendant further states that as a result of the complaint, the Army appointed an Investigation Officer to conduct an administrative investigation into the facts of the complaint. This investigation was appointed and conducted pursuant to the procedures outlined in Army Regulation (AR) 15-6. Defendant denies that "15-6 complaint" is an internal Army complaint pertaining to sexual harassment.

19. Defendant denies that the results of the investigation included a finding that Potter's actions "rose to the level of sexual harassment."

20. Defendant admits the allegations in Paragraph 20.

21. Defendant denies Plaintiff's characterization of Judge Barno's order in the first sentence of Paragraph 21. Defendant denies the second sentence of Paragraph 21.

22. Defendant denies that Plaintiff is entitled to the damages sought or any damages in this case.

23. Defendant incorporates by reference her responses to Paragraph 1-22.

24. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

25. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

26. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

27. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

28. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

29. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

30. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

31. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

32. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

33. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

34. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

35. This claim is brought against Defendant Potter only. As such, no response by Defendant Wormuth is required.

36. Defendant incorporates by reference her responses to Paragraphs 1-35.

37. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that sex is a protected classification under Title VII.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that, as a general matter, sex discrimination consisting of same-sex sexual harassment is potentially actionable under Title VII.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that, as a general matter, sex discrimination consisting of same-sex sexual harassment is potentially actionable under Title VII.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant admits the allegations in Paragraph 44.

45. Defendant denies that Plaintiff has exhausted his administrative remedies.

46. Defendant admits that, as a general matter under Title VII, she is liable for the discriminatory actions of her employees, but denies any liability in this case.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant incorporates by reference her responses to Paragraph 1-47.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that, as a general matter, retaliation is prohibited under Title VII.

50. Defendant admits that Plaintiff filed an EEO complaint and a SHARP complaint alleging that Potter harassed Plaintiff on the basis of sex and national origin. Defendant admits that both complaints were protected activity. Defendant denies that there was a "15-6 complaint" in this case. Defendant avers that there was an investigation into Plaintiff's claims of harassment that was conducted pursuant to the procedures outlined in AR 15-6.

51. Defendant admits that Plaintiff engaged in protected activity by filing an EEO complaint and a SHARP complaint. Defendant denies the remaining allegations in Paragraph 51.

52. Defendant admits that Plaintiff's EEO and SHARP complaint are protected activity. Defendant denies the remaining allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 55 and therefore denies the same.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 57 and therefore denies the same.

58. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 58 and therefore denies the same.

59. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 59 and therefore denies the same.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant incorporates by reference her responses to Paragraphs 1-62.

64. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

65. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

66. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

67. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

68. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

69. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

70. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

71. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

72. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

73. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

74. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

75. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

76. The allegations in this Paragraph pertain to a claim that has been dismissed and therefore no response is necessary. *See* ECF No. 50.

77. Defendant incorporates by reference her responses to Paragraphs 1-76.

78. The allegations in this Paragraph pertain to a claim that has been withdrawn and therefore no response is necessary.

79. The allegations in this Paragraph pertain to a claim that has been withdrawn and therefore no response is necessary.

80. The allegations in this Paragraph pertain to a claim that has been withdrawn and therefore no response is necessary.

81. The allegations in this Paragraph pertain to a claim that has been withdrawn and therefore no response is necessary.

82. The allegations in this Paragraph pertain to a claim that has been withdrawn and therefore no response is necessary.

83. The allegations in this Paragraph pertain to a claim that has been withdrawn and therefore no response is necessary.

84. The allegations in this Paragraph pertain to a claim that has been withdrawn and therefore no response is necessary.

85. The allegations in this Paragraph pertain to a claim that has been withdrawn and therefore no response is necessary.

86. The allegations in this Paragraph pertain to a claim that has been withdrawn and therefore no response is necessary.

87. The allegations in this Paragraph pertain to a claim that has been withdrawn and therefore no response is necessary.

To the extent any response to Plaintiff's prayer for relief is required, Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. Plaintiff's amended complaint fails to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over Plaintiff's claim under 42 U.S.C. § 1983.

3. Plaintiff's claims are barred to the extent he did not exhaust his administrative remedies, to the extent the allegations in his complaint are outside the scope of his accepted administrative charges, and/or to the extent they were not timely made.

4. Plaintiff cannot establish a prima facie case and/or pretext for each cause of action.

5. Defendant had legitimate, non-discriminatory reasons for her actions.

6. Defendant exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant to avoid harm or otherwise.

7. Plaintiff's claims are barred in full or in part by a prior settlement agreement.

8. Plaintiff is not entitled to punitive or exemplary damages.

9. Plaintiff failed to mitigate his damages.

10. To the extent Plaintiff is seeking compensatory damages, his request for damages is limited by the statutory cap set forth in 42 U.S.C. § 1981a(b)(3).

11. Defendant is entitled to a setoff against any award of damages to Plaintiff in this action of any outstanding debt or obligation of Plaintiff owed to the United States or any federal agency, and any benefits and/or monetary payments Plaintiff receives or has received for injuries or damages alleged in his complaint.

12. Defendant reserves the right to amend his affirmative defenses and to raise any additional affirmative defenses as they may become known.

WHEREFORE, Defendant respectfully requests that the Court deny the relief sought by Plaintiff, dismiss this case with prejudice, and grant such further relief as may be appropriate.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*/s/ Benjamin A. Anchill*
Benjamin A. Anchill (P70968)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9566

Dated: February 23, 2022           benjamin.anchill@usdoj.gov

## CERTIFICATION OF SERVICE

I certify that on February 23, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the ECF participants in this case.

s/Benjamin A. Anchill<br>
BENJAMIN A. ANCHILL<br>
Assistant U.S. Attorney