UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

    Plaintiff,                             Civil No. 20-11358

v.                                          Honorable Mark A. Goldsmith

CHRISTINE WORMUTH,
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

    Defendants.

## STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF RECORDS SUBJECT TO THE PRIVACY ACT AND 45 C.F.R. § 164.512(e)

The parties, through their undersigned attorneys, stipulate to entry of a protective order to permit the production of documents and things in this action that are deemed private and confidential under the Privacy Act, 5 U.S.C. § 552a, and Federal Rule of Civil Procedure 5.2, and to protect information obtained by either party from the other party and/or third parties as required by 45 C.F.R. § 164.512(e). The documents at issue in this case are likely to include medical records and reports that identify, by name and other identifying information, Parties and non-parties to this litigation, and contain private medical information. Under the Privacy Act, the government is prohibited from disclosing documents that include the names or other identifying information of individuals who are not currently parties to this case

1

unless such disclosure is permitted by the order of a Court of competent jurisdiction. 5 U.S.C. § 552a(b)(11). Similarly, under 45 C.F.R. § 164.502, a covered entity, such as Defendants or other medical care provider, may not disclose protected health information unless such disclosure is permitted by the order of a Court of competent jurisdiction or if other criteria are met, as described in 45 C.F.R. § 164.512. This Stipulated Protective Order permits Defendants to produce to Plaintiff relevant documents containing information protected by the Privacy Act, 5 U.S.C. § 552a, and ensures that any sensitive or private information obtained by the Parties from any source is obtained and disclosed only to the extent necessary to resolve this litigation, as required by 45 C.F.R. § 164.501, *et seq.* Accordingly, the parties, through their undersigned attorneys, have stipulated to entry of a protective order providing as follows:

1. **Protected Information.**

The parties may designate as "protected information" records produced in response to a party's discovery requests or documents obtained by either of the parties pursuant to subpoena or records request from third-parties. All records designated as protected information shall be stamped "protected information" on each page and/or shall be appended with a cover sheet stamped "protected information." All such records designated as "protected information" shall be subject to the provisions below. The parties shall treat all records and information obtained from third parties regarding the medical treatment of Plaintiff as "protected

information." For the purposes of this qualified protective order, "protected information" includes "protected health information" as set forth in 45 C.F.R. § 160.103 and 164.501, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    **2.**    **Authorization to Disclose.**

Upon entry of this Stipulated Protective Order under the authority of the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, 5 U.S.C. § 552a(b)(11), and 45 C.F.R. § 164.512(e)(1), the Court permits the production of protected information by either of the Parties or by third parties, including, but not limited to, employers and medical treaters, even though the records contain the names and other identifying information and/or actions regarding persons who are not currently parties to this case and/or protected health information. The Parties agree that "protected information" may be relevant to the subject matter involved in the pending action and the Parties' need for such records or information outweigh the concerns against disclosure so long as the Parties comply with the measures required by this Stipulated Protective Order. The Court also permits the Parties to seek information about protected information through written and oral

communications with third parties, including, but not limited to, employers and medical treaters.

This Stipulated Protective Order does not apply to those records or portions of records that include privileged information, if any, or that are otherwise objectionable.

3. **Non-Disclosure of Protected Information.**

Except with the prior written consent of the opposing party, or as otherwise provided under this order or by prior approval of the Court, no "protected information" obtained by the Parties may be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, delineated in paragraphs 4 and 5 below. Under no circumstances may protected information be used by the Parties or their attorneys or agents for any purpose other than for those purposes necessary to this litigation.

4. **Permissible Disclosures.**

(A) Notwithstanding paragraph 3, protected information may be disclosed to:

i. A party;

ii. Counsel for the Parties in this action who are actively engaged in the conduct of this litigation;

iii. The attorneys, secretaries, paralegal assistants, and employees of such counsel or federal agencies to the extent reasonably necessary to render professional services in the litigation;

  iv. Retained consultants or experts (testimonial and non-testimonial) and employees of said persons directly involved in the prosecution or defense of this litigation;

  v. Persons giving testimony, including testimony during depositions, in this litigation;

  vi. Witnesses or individuals who may have information relevant to the events at issue in this litigation;

  vii. Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court); and

  viii. Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper after a hearing with the Parties.

 (B) Prior to disclosing protected information to the persons described in Paragraph 4(A), counsel shall inform each such person that protected information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving protected information do not use or disclose such information for any purpose other than this litigation.

 **5.** **<u>Use of Protected Information in Litigation</u>.**

 The provisions of this order shall not apply to restrict the use of protected information in connection with a deposition, proceeding, hearing, trial, or appeal in this action provided any person receiving the protected information is subject to the provisions of this order. However, any documents designated as "protected information" must be redacted to remove personally identifying information before

they are disclosed to the public by, for instance, filing them as exhibits to motions on the public docket.

6. **Custody and Safekeeping of Protected Information.**

Counsel for a party to whom protected information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the protected information. The duplication of protected information shall be limited to what is reasonably necessary for the conduct of this litigation.

7. **Filing of Documents Containing Protected Information with the Court.**

Documents containing protected information may be filed with the Court to the extent reasonably necessary to support motions or other matters relating to the litigation provided that such documents are redacted to remove all personally identifying information prior to filing. The filing party is responsible for completing the redactions necessary to comply with this section.

8. **Non-Termination.**

The provisions of this stipulated order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, protected documents and all copies of same (other than exhibits of record) shall be returned to Defendants or their counsel or destroyed. All counsel of record shall make certification of compliance herewith and shall deliver

the same to counsel for Defendants not more than 150 days after final termination of this litigation.

9. **Declassification.**

In the event that a reviewing party wishes to disclose protected material to any person to whom disclosure is not authorized by this order, such reviewing party may apply to the Court for modification of this order. During the pendency of any such application, this protective order shall remain in full effect. The party who produced the information as protected shall have the burden to prove that there is good cause for the information to have such protection. Failure of a party to promptly challenge any designation of confidentiality shall not constitute acquiescence in such designation nor preclude the filing of an application under this paragraph at any time prior to trial. Nothing herein shall impose any restriction on the use or disclosure by a party of information obtained by such party independently of discovery proceedings herein.

10. **Modification Permitted.**

Nothing in this order shall prevent any party from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

11. **Filing Under Seal.**

A.  Filing Under Seal. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other

matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016). No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed shall be electronically filed.

      B.     Notice to Designating Party. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph A and

Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph A and Local Rule 5.3. If the motion is denied, the party may file the material, but not under seal.

SO ORDERED.

Dated: May 12, 2021  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

SO STIPULATED AND AGREED:

| | |
|---|---|
| LAW OFFICE OF KEITH ALTMAN | DAWN N. ISON<br>UNITED STATES ATTORNEY |
| */s/ Keith Altman (w/consent)*<br>KEITH ALTMAN (P81702)<br>33228 West 12 Mile Road, Suite 375<br>Farmington Hills, Michigan 48334<br>(248) 987-8929<br>keithaltman@kaltmanlaw.com<br><br>*Attorneys for Plaintiff*<br><br>Dated: February 23, 2022 | */s/ Benjamin A. Anchill*<br>BENJAMIN A. ANCHILL (P70968)<br>Assistant United States Attorney<br>211 W. Fort Street, Ste. 2001<br>Detroit, Michigan 48226<br>(313) 226-9566<br>benjamin.anchill@usdoj.gov<br><br>*Attorneys for Defendant Wormuth*<br><br>Dated: February 23, 2022 |
| | BOGAS & KONCIUS, PC<br><br>*/s/ Brian E. Koncius (w/consent)*<br>BRIAN E. KONCIUS (P69278)<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, Michigan 48025<br>(248) 502-5000<br>bkoncius@kbogaslaw.com<br>office@kbogaslaw.com<br><br>*Attorneys for Defendant Potter in his individual capacity*<br><br>Dated: February 23, 2022 |