UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

    Plaintiff,                                        Civil No. 20-11358

v.                                                      Honorable Mark A. Goldsmith

CHRISTINE WORMUTH,
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

    Defendants.

---

**JOINT DISCOVERY PLAN**

---

Pursuant to the Court's order issued on February 9, 2022 (ECF No. 51), the parties, through their respective attorneys, jointly submit the following Joint Discovery Plan addressing the required matters listed in the Court's order.

1.     **Brief Case Summary**: This is an employment action. Plaintiff Joe DaSilva, Jr. is employed by the United States Army at the Detroit Arsenal Fire Division as a Firefighter/EMT. Plaintiff brings claims under Title VII for a sexually hostile work environment and retaliation. Plaintiff also asserts a First Amendment retaliation claim under 42 U.S.C. § 1983. Plaintiff's claims under Michigan's Elliott-Larsen Civil Rights Act have been dismissed. *See* ECF No. 50.

2.     **Subject Matter Jurisdiction**: The Court's jurisdiction over Plaintiff's

Title VII claims is not contested. Defendants contend that the Court lacks jurisdiction over Plaintiff's First Amendment retaliation claim, which is brought under 42 U.S.C. § 1983. *See Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) (The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."). Venue is proper in the Eastern District of Michigan because the alleged acts giving rise to Plaintiff's Title VII claim occurred in Detroit, Michigan, which is within this District.

3. **Related Cases**: None.

4. **Amendment of Pleadings**: No amendments to the pleadings are currently anticipated. Defendants may amend their answer to include additional affirmative defenses if they become aware of any relevant, previously unasserted defenses during discovery.

5. **Legal Issues**: The principal legal issue is whether Plaintiff can satisfy his burden to prove the elements of his hostile work environment and retaliation claims.

6. **Discovery**: The parties propose the following discovery schedule:

| Event | Deadline |
|---|---|
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(A) | April 4, 2022 |
| Plaintiff Expert Disclosures | July 22, 2022 |
| Defendant Expert Disclosures | August 26, 2022 |
| Discovery Cutoff | September 26, 2022 |
| Dispositive Motions Deadline | 45 days after Discovery Cutoff |

| | |
|---|---|
| Rule 26(a)(3) Pretrial Disclosures | To be set by Court |
| Motions *in Limine* Deadline | To be set by Court |
| Settlement Conference | To be set by Court |
| Joint Final Pretrial Order | To be set by Court |
| Final Pretrial Conference | To be set by Court |
| Jury Trial (estimated 4 days) | To be set by Court |

Defendants anticipate serving interrogatories, requests for admission, and document production requests upon Plaintiff. In addition, Defendants anticipate taking a limited number of depositions, including that of Plaintiff, and expects to subpoena documents from medical providers who provided medical care to Plaintiff, along with Plaintiff's employer(s), if any.

Plaintiff anticipates serving interrogatories, request for admission and document production requests upon the Defendants. In addition, Plaintiff anticipates taking a limited number of depositions including the depositions of Defendant Martin Potter and a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

At this time, it is not anticipated that there will be any disputes concerning discovery. It is also not anticipated that any party will seek leave to serve more than twenty-five interrogatories, that any deposition will last longer than seven hours, or that either party will depose more than ten witnesses. If a dispute about discovery arises, the parties will promptly bring it to the Court's attention after first attempting to resolve it without judicial intervention.

Under the Privacy Act, the United States is prohibited from disclosing

documents that include the names or other identifying information of individuals who are not currently parties to this case unless such disclosure is permitted by the order of a Court of competent jurisdiction. 5 U.S.C. § 552a(b)(11). In addition, the Health Insurance Portability and Accountability Act (HIPAA) requires that organizations involved in the creation or management of protected health information take steps to ensure that medical information that could reasonably be expected to identify individuals be protected from unnecessary dissemination. 45 C.F.R. § 164.512(e)(1). The documents at issue in this case include medical records and reports that identify, by name and other identifying information, Plaintiff and other individuals who are not parties to this litigation, such as medical treaters. Accordingly, the parties anticipate agreeing to a Protective Order to facilitate the production of government documents in this case and to protect the privacy of parties and non-parties.

7. **<u>Settlement</u>**: Discovery is needed to assess the strengths and weaknesses of the case. The parties are willing to engage in non-binding, facilitated settlement negotiations with a Magistrate Judge provided that the parties believe that such negotiations may be beneficial. Pursuant to E.D. Mich. LR 16.5(b), cases in which the United States is a party are not subject to case evaluation under Michigan Court Rule 2.403.

8. **<u>Consent to Magistrate Judge Jurisdiction</u>**: The parties do not consent

to the jurisdiction of a United States Magistrate Judge as provided in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

9. **Anticipated Motion Practice**: Defendants may file a motion for summary judgment after the close of discovery. In addition, Defendant Potter, in his individual capacity, may file a motion asserting that the Court lacks jurisdiction over Plaintiff's First Amendment retaliation claim.

|  |  |
|---|---|
| LAW OFFICE OF KEITH ALTMAN | Respectfully submitted,<br><br>DAWN N. ISON<br>UNITED STATES ATTORNEY |
| */s/ Keith Altman (w/consent)*<br>KEITH ALTMAN (P81702)<br>33228 West 12 Mile Road, Suite 375<br>Farmington Hills, Michigan 48334<br>(248) 987-8929<br>keithaltman@kaltmanlaw.com<br><br>*Attorneys for Plaintiff*<br><br>Dated: February 23, 2022 | */s/ Benjamin A. Anchill*<br>BENJAMIN A. ANCHILL (P70968)<br>Assistant United States Attorney<br>211 W. Fort Street, Ste. 2001<br>Detroit, Michigan 48226<br>(313) 226-9566<br>benjamin.anchill@usdoj.gov<br><br>*Attorneys for Defendant Wormuth*<br><br>Dated: February 23, 2022 |

5

BOGAS & KONCIUS, PC

*/s/ Brian E. Koncius (w/consent)*
BRIAN E. KONCIUS (P69278)
31700 Telegraph Road, Suite 160
Bingham Farms, Michigan 48025
(248) 502-5000
bkoncius@kbogaslaw.com
office@kbogaslaw.com

*Attorneys for Defendant Potter in his individual capacity only*

Dated: February 23, 2022