# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOE DASILVA, JR., *Plaintiff,* <br><br> v. <br><br> CHRISTINE WORMUTH, Secretary of the Army, and MARTIN POTTER, in his individual capacity. <br> *Defendants.* | Case No: 2:20-cv-11358 <br> Hon. Mark A. Goldsmith <br> Magistrate Anthony P. Patti |

**PLAINTIFF'S OPPOSITION TO DEFENDANT WORMUTH'S MOTION TO COMPEL DISCOVERY, TO PERMIT PLAINTIFF'S DEPOSITION TO RESUME, AND FOR AN ENLARGEMENT OF THE PRESUMPTIVE SEVEN HOUR LIMIT ON PLAINTIFF'S DEPOSITION**

## TABLE OF CONTENTS

I. TABLE OF AUTHORITIES ............................................................................3
II. INTRODUCTION .......................................................................................4
III. ARGUMENT................................................................................................4
IV. CONCLUSION ............................................................................................6
CERTIFICATE OF SERVICE ................................................................................7

# I. TABLE OF AUTHORITIES

**Cases**

*City of Owensboro v. City Util. Comm'n*, No. 4:04-cv-00087-JHM, 2007 U.S. Dist. LEXIS 24615, at *10-11 (W.D. Ky. Mar. 29, 2007) ............................................. 5

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................. 6
Fed. R. Civ. P. 30 ..................................................................................................... 4
Fed. R. Civ. P. 30(d)(3)(A) ....................................................................................... 5

## II.   INTRODUCTION

Plaintiff commenced this action by filing his Complaint, alleging violations of his civil rights under 42 U.S.C. §1983 and 42 U.S.C. §1988, the First, Fourth and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act., on May 28, 2020.

Plaintiff's deposition was noticed for September 7, 2022. The deposition commenced and counsel began questioning Plaintiff. During the deposition, defense counsel began lines of questioning meant for the sole purpose of harassing the Plaintiff. Plaintiff's counsel objected to the line of questioning relating to the employment of Plaintiff's spouse and Plaintiff's use of pornography. Plaintiff's spouse is not a party to the action, nor is her employment relevant to Plaintiff's case. Counsel's line of questioning in relation to Plaintiff's enjoyment and preferences in pornography are derogatory in nature and meant only to harass and embarrass Plaintiff.

## III.   ARGUMENT

Fed. R. Civ. P. 30 governs the procedure for taking depositions by oral examination. "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.

4

The motion may be filed in the court where the action is pending, or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Fed. R. Civ. P. 30(d)(3)(A).

Questions to a deponent outside the bounds of relevancy are improper and could easily be construed to be in bad faith or oppressive. *City of Owensboro v. City Util. Comm'n*, No. 4:04-cv-00087-JHM, 2007 U.S. Dist. LEXIS 24615, at *10-11 (W.D. Ky. Mar. 29, 2007).

Two lines of questioning had been brought forth in Plaintiff's deposition causing Plaintiff's attorney to object due to their irrelevant, harassing, and embarrassing nature. Plaintiff's wife is not a party to the present litigation. Plaintiff's wife is irrelevant to the nature of the claims. The in depth questioning of Plaintiff in regard to his wife, including where she is employed and spends her days is meant only to intimidate and harass Plaintiff. This line of questioning should be precluded moving forward in the form of a protective order.

Defense counsel brought a line of questioning to Plaintiff in relation to his enjoyment and preference of pornography. While Plaintiff brought a claim for sexual harassment in the workplace, the claim did not involve pornography. The line of questioning was intentionally meant to harass, belittle, embarrass, and victimize the Plaintiff. Plaintiff's counsel requested that Defendants moved on from the improper

5

line of questioning. Defendants refused and continued to harass the Plaintiff at which time Plaintiff's counsel stopped the deposition.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The discovery sought through Plaintiff's deposition is outside the bounds of Plaintiff's claims and was brought in bad faith. Defendant should not be allowed further deposition time as a result of their bad faith during Plaintiff's deposition.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court enter a Protective Order limiting the line of questioning available during Plaintiff's deposition and denying an increase in duration of Plaintiff's deposition.

Date: September 27, 2022            Respectfully Submitted,

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

6

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| JOE DASILVA, JR.,<br>*Plaintiff,*<br><br>v.<br><br>CHRISTINE WORMUTH,<br>Secretary of the Army, and<br>MARTIN POTTER, in his<br>individual capacity.<br>*Defendants.* | Case No: 2:20-cv-11358<br>Hon. Mark A. Goldsmith<br>Magistrate Anthony P. Patti |

## CERTIFICATE OF SERVICE

I certify that on September 27, 2022, I served the foregoing Plaintiff's Opposition to Defendants Motion to Compel Discovery, to Permit Plaintiff's Deposition to Resume, and for an Enlargement of the Presumptive Seven Hour Limit on Plaintiff's Deposition upon all parties herein by filing copies of same using the ECF System.

Respectfully Submitted,

Keith Altman, Esq.