UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

    Plaintiff,

v.

CHRISTINE WORMUTH,
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

    Defendants.

Civil No. 20-11358

Honorable Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY, TO PERMIT PLAINTIFF'S DEPOSITION TO RESUME, AND FOR AN ENLARGEMENT OF THE PRESUMPTIVE SEVEN HOUR LIMIT ON PLAINTIFF'S DEPOSITION**

## INTRODUCTION

Federal Rule of Civil Procedure 30(c)(2) provides that an attorney may instruct a witness not to respond to a deposition question in three circumstances. Plaintiff does not dispute that only one of those three circumstances is potentially applicable here: "to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Rule 30(d)(3), in turn, permits a motion to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). None of the questions to which Plaintiff's counsel instructed his client not to respond approach this standard. Plaintiff's counsel violated the rules by instructing his client not to answer deposition questions and by terminating the deposition. This conduct impeded the progress of the deposition and discovery in this case. The Court should grant the present motion to compel Plaintiff's responses, allow the deposition to resume where it left off, and enlarge the total time for the deposition from seven hours, the presumptive time limit, to eight hours.

## COUNSEL IMPROPERLY INSTRUCTED
## PLAINTIFF NOT TO RESPOND TO QUESTIONS

In his response brief, Plaintiff addresses only two of the occasions on which his attorney instructed him not to respond to questions. Regarding the two occasions that Plaintiff addresses, Plaintiff's assertion that his attorney properly instructed him not to respond to the questions is incorrect. There was no "in depth questioning of

Plaintiff in regard to his wife." (ECF No. 71, PageID.446.) Plaintiff was asked his wife's name and about her employment, which easily falls within the realm of routine background about Plaintiff's immediate family member who lives with him. Exhibit 1 – Pl. Dep. at 25:19-26:21.[1] There was nothing unreasonably annoying, embarrassing, or oppressive about "the manner" in which the question was asked. Fed. R. Civ. P. 30(d)(3)(A). Even if Plaintiff deemed the question irrelevant, the case law cited in the Army's opening brief makes clear that relevance is not an appropriate basis on which to instruct a witness not to respond to a question. In any event, defense counsel did not insist upon an answer to the question and offered to move on in the interest of avoiding an unnecessary dispute. However, the Army was entitled to an answer, and defense counsel's courtesy in agreeing to proceed to the next question without receiving an answer appears to have empowered Plaintiff's counsel to continue instructing his client not to respond to subsequent questions of greater importance.

The culmination of this conduct was an instruction by Plaintiff's counsel not to respond to a question that is relevant, appropriate, and probative of potential

---

[1] At the time the Army filed its motion, a final copy of the transcript of Plaintiff's deposition was unavailable. Therefore, the Army included excerpts from Plaintiff's deposition in rough draft form, as provided by the court reporting company, and offered to provide the final version when it became available. The Army has since received the final transcript and now attaches portions of the transcript that were cited in the Army's opening brief as well as portions cited in this reply brief.

2

defenses that the Army is exploring in discovery. The defense theory being explored is that the purported sexual harassment alleged by Plaintiff in this lawsuit is less severe than conduct of a sexual nature that Plaintiff himself initiated or engaged in at work and/or that Plaintiff himself was an active, willing participant in the environment about which he complains. The Army investigator who investigated Plaintiff's sexual harassment complaint reached this very conclusion. (ECF No. 69-1, PageID.436.) Immediately before Plaintiff's counsel instructed his client not to respond to a question resulting in the premature termination of the deposition, Plaintiff had just finished testifying that he viewed pornography in his bunkroom in the federal workplace. Pl. Dep. at 249:6-22. Plaintiff admitted that firefighters "really have no privacy" in their bunkrooms, which are separated from other bunkrooms by a mere curtain. Pl. Dep. at 93:11-16. Plaintiff also admitted that Martin Potter – the person that Plaintiff alleges perpetrated the alleged sexual harassment – discovered the pornography on Plaintiff's computer screen. *Id.* at 252:24-253:8. This gives rise to a potential argument that Potter, in actuality, is a victim of harassment perpetrated by Plaintiff.

It was on the heels of this significant testimony that Plaintiff was specifically asked about websites he follows. Plaintiff was asked a very specific question – whether he follows risqué websites featuring Brazilian women. This question was asked because the Army has a factual basis to believe that Plaintiff openly discussed

websites of this specific type with his coworkers while in the federal workplace. Plaintiff asserts that the topic is irrelevant because his sexual harassment claim does "not involve pornography." (ECF No. 71, PageID.446.) Yet Plaintiff does not explain why this distinction is relevant. If Plaintiff himself engaged in *any* conduct of an arguable offensive sexual nature in the workplace, such conduct is potentially relevant to the Army's potential defenses and most certainly an appropriate subject for questioning in a discovery deposition. But again, even if Plaintiff subjectively felt that the line of inquiry was irrelevant, he was still required to answer the question and his attorney's instruction not to respond was inappropriate because the question or manner of asking it does not fall within the scope of Rule 30(d)(3). Counsel's instruction to his client not to answer the question was not appropriate and impeded the progress of the deposition.

In addition, when Plaintiff's counsel terminated the deposition, he stated repeatedly that he would be seeking a protective order:

- "I will move for a protective order. Do you want us to terminate? Listen, he's not going to answer that question. I will move for a protective order, or you can move on." Pl. Dep. at 257:20-23.

- "No. I can absolutely move for a protective order." *Id.* at 258:2-3.

- "Deposition's over. We're done. Deposition's over. I'll file the motion." *Id.* at 258:6-7.

4

- "I'm filing a motion to move for a protective order, so." *Id.* at 259:1-2.

- "You can either move on, or I will move file – we'll terminate, and we'll file for protective order. Make the call." *Id.* at 259:15-17.

It is now almost one month after Plaintiff's counsel terminated the deposition and Plaintiff has not sought a protective order under Rule 30(d)(3), as he was required to do under Rule 30(c)(2), and as his attorney repeatedly stated he would do.

## THE COURT SHOULD PERMIT PLAINTIFF'S DEPOSITION TO RESUME WHERE IT LEFT OFF

Rule 30(d)(3)(B) provides that a terminated deposition "may be resumed only by order of the court where the action is pending." Plaintiff does not appear to oppose the resumption of his deposition and, in any event, provides no legal basis or authority supporting any argument that the deposition should not be resumed.

## THE COURT SHOULD PERMIT ONE ADDITIONAL HOUR FOR PLAINTIFF'S DEPOSITION OVER THE PRESUMPTIVE SEVEN HOUR LIMIT

Plaintiff opposes the Army's request for additional deposition time beyond the presumptive seven-hour time limit. However, he does not address the Army's position that Plaintiff's counsel's on-the-record actions at the deposition impeded the progress of the deposition and consumed time that the Army was entitled to use for questioning the witness. If the Court concludes that counsel's instructions not to respond to deposition questions were improper, time should be afforded back to the

5

Army. One hour of additional time beyond the presumptive seven-hour limit is reasonable.

## CONCLUSION

For the reasons stated, the Army asks the Court to permit Plaintiff's deposition to resume at a date and time that is mutually convenient to the parties and with instructions that questions, including the ones that Plaintiff's counsel already instructed his client not to answer, must be answered unless they fall within the scope of Rule 30(c)(2). In addition, the Army seeks one additional hour beyond the presumptive seven-hour time limit to conclude Plaintiff's deposition.

                          Respectfully submitted,

                          DAWN N. ISON
                          United States Attorney

                          */s/ Benjamin A. Anchill*
                          Benjamin A. Anchill (P70968)
                          Assistant United States Attorney
                          211 W. Fort Street, Suite 2001
                          Detroit, Michigan 48226
                          (313) 226-9566
Dated: October 4, 2022         benjamin.anchill@usdoj.gov

## CERTIFICATION OF SERVICE

I certify that on October 4, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the ECF participants in this case.

*s/Benjamin A. Anchill*
BENJAMIN A. ANCHILL
Assistant U.S. Attorney
