UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

    Plaintiff,

v.

CHRISTINE WORMUTH,
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

    Defendants.

Civil No. 20-11358

Honorable Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**DEFENDANT WORMUTH'S MOTION FOR PROTECTIVE ORDER**

Defendant Christine Wormuth, by and through her attorneys, Dawn N. Ison, United States Attorney, and Benjamin A. Anchill, Assistant United States Attorney, moves the Court for entry of a protective order limiting the scope of the Rule 30(b)(6) deposition requested by Plaintiff to topics that are specified with "reasonable particularity." *See* Fed. R. Civ. P. 30(b)(6).

Pursuant to E.D. Mich. LR 7.1(a) and 37.1(a), undersigned counsel states that he sent a draft of this motion to Plaintiff's counsel on October 28, 2022. Concurrence was denied. In addition, on October 18, 2022, the attorneys held a telephonic conference in an attempt to narrow the issues in dispute. Although the parties were

successful in narrowing the issues in dispute, they were not able to resolve all of the disputed issues, making this motion necessary.

          Respectfully submitted,

          DAWN N. ISON
          United States Attorney

          */s/ Benjamin A. Anchill*
          Benjamin A. Anchill (P70968)
          Assistant United States Attorney
          211 W. Fort Street, Suite 2001
          Detroit, Michigan 48226
          (313) 226-9566

Dated:  October 31, 2022          benjamin.anchill@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

    Plaintiff,

v.

CHRISTINE WORMUTH,
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

    Defendants.

Civil No. 20-11358

Honorable Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**DEFENDANT WORMUTH'S MOTION FOR PROTECTIVE ORDER**

**ISSUE PRESENTED**

Whether the Court should issue a protective order releasing Defendant from the obligation to designate witness(es) to provide Rule 30(b)(6) deposition testimony regarding topics that are not described with reasonable particularity.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION .....................................................................................................1

BACKGROUND .......................................................................................................2

ARGUMENT .............................................................................................................6

  A. General legal standards relevant to Rule 30(b)(6) depositions. ........................6

CONCLUSION ........................................................................................................12

CERTIFICATION OF SERVICE............................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389 (D. Or. 2017) ..............7

*Aikens v. Cianbro Corp.*, No. 0:20-CV-2174-SAL-TER,
  2022 WL 171286 (D.S.C. Jan. 19, 2022) ..................................................... 11, 12

*Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78 (S.D.N.Y. 2019) ........8

*Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank,
  Nat'l Ass'n*, No. 14CV09371KPFSN, 2017 WL 9400671
  (S.D.N.Y. Apr. 27, 2017)...........................................................................................8

*Centurylink Commc'ns LLC v. Peerless Network, Inc.*, No. 18 C 3114,
  2020 WL 11647818 (N.D. Ill. Jan. 28, 2020)......................................................10

*CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, 322 F.R.D. 350 (N.D. Iowa 2017) ......7

*Johnson v. Charps Welding & Fabricating, Inc.*, No. 14-CV-2081
  (RHK/LIB), 2016 WL 11268315 (D. Minn. Apr. 19, 2016)..................................7

*Krasney v. Nationwide Mut. Ins. Co.*, No. 3:06 CV 1164 JBA,
  2007 WL 4365677 (D. Conn. Dec. 11, 2007) ......................................................8

*Peck v. Cnty. of Orange*, No. 219CV04654DSFAFMX, 2020 WL 3026377
  (C.D. Cal. May 11, 2020) ......................................................................................11

*PPM Finance, Inc. v. Norandal USA, Inc.*, 392 F.3d 889 (7th Cir. 2004) ................6

*Reed v. Bennett*, 193 F.R.D. 689 (D. Kan. 2000) ......................................................8

*Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524
  (D. Kan. 2006) ...........................................................................................................7

*Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS,
  2014 WL 5786492 (D. Mass. Sept. 24, 2014)....................................................11

**Other Authorities**

8A Wright and Miller, Federal Practice and Procedure § 2103 (3d ed.).................6

**Rules**

Fed. R. Civ. P. 26 ................................................................................................................8
Fed. R. Civ. P. 30(b)(6) ................................................................................................ passim

## INTRODUCTION

This is an employment action brought by a civilian male employee of the United States Army who claims to be the victim of sexual harassment by a male supervisor. Plaintiff also asserts claims of sex discrimination and retaliation.

Plaintiff served a Rule 30(b)(6) deposition notice requiring Defendant to designate a witness to testify about eight topics that Plaintiff listed in the notice. This motion concerns three of those topics: Topics 6, 7, and 8. Topic 6 requires Defendant to designate a witness to testify about "[t]he DEPARTMENT's involvement in this matter." Topic 7 requires Defendant to designate a witness to testify about "[t]he DEPARTMENT's actions and communications with Defendant Martin Potter pertaining to the allegations in this matter." Finally, Topic 8 requires Defendant to designate a witness to testify about "[t]he DEPARTMENT's actions and communications with Plaintiff Joe DaSilva, Jr. pertaining to the allegations in this matter."

Rule 30(b)(6) requires the party seeking a Rule 30(b)(6) deposition to "describe with reasonable particularity the matters for examination." Topics 6, 7, and 8 do not satisfy this requirement because they are open-ended, non-specific, and vague. Accordingly, Defendant seeks a protective order releasing Defendant from any obligation to designate witnesses to provide testimony on Topics 6, 7, and 8.

## BACKGROUND

Plaintiff Joe DaSilva, Jr., was employed by the United States Army as a Firefighter/EMT at the Detroit Arsenal Fire Division. (Am. Compl. ¶ 6, ECF No. 29, PageID.86.) Plaintiff's first-level supervisor was Assistant Fire Chief Martin Potter, (*Id.* ¶¶ 7, 9, ECF No. 29, PageID.86-87.)

Plaintiff claims that Potter sexually harassed him by "periodically" making "unwanted sexual comments," including "that Plaintiff should wear a bra, that Plaintiff has breast implants, or suggesting that they try the 'pencil test.'" (*Id.* ¶ 10.) Plaintiff also asserts sex discrimination and retaliation claims, alleging that Potter interfered with his ability to obtain promotions and gave him a lower performance evaluation than deserved due to his sex and in retaliation for complaining about sexual harassment. (*Id.* ¶¶ 15, 29, ECF No. 29, PageID.88, 90.)

On September 15, 2022, Plaintiff served a notice of Rule 30(b)(6) deposition requesting Defendant to designate a witness or witnesses to testify concerning eight topics enumerated in Exhibit A to the notice. The present dispute concerns three of those topics – Topics 6, 7, and 8:

    6.    The DEPARTMENT's involvement in this matter.

    7.    The DEPARTMENT's actions and communications with Defendant Martin Potter pertaining to the allegations in this matter.

> 8. The DEPARTMENT's actions and communications with Plaintiff Joe DaSilva, Jr. pertaining to the allegations in this matter.

Exhibit 1 – Rule 30(b)(6) Deposition Notice dated 9/15/22. The term "matter," as used in the topics, was undefined. Of note, Plaintiff filed multiple EEO complaints prior to filing the present lawsuit that were investigated by the agency. He also filed a sexual harassment complaint prior to the lawsuit that was investigated. And of course, he filed the present lawsuit. It is unclear whether Plaintiff seeks a witness to testify as to all of these issues, some of them, or only the lawsuit specifically.

On September 21, 2022, defense counsel sent correspondence to Plaintiff's counsel outlining deficiencies with the scope and substance of Topics 6, 7, and 8. Exhibit 2 – 9/21/22 Correspondence. As relevant here, with respect to Topics 6, 7, and 8, Defendant pointed out Plaintiff's obligation under Rule 30(b)(6) to "describe with reasonable particularity the matters for examination," and cited caselaw for the proposition that a noticing party has an obligation to specify Rule 30(b)(6) deposition topics "with painstaking specificity." *Id.* at 2. Defendant explained that Topics 6, 7, and 8 do not meet Rule 30(b)(6)'s specificity requirement and are overly broad and non-specific, making it impossible for Defendant to designate an appropriate witness to testify about those topics. *Id.* Defendant explained, for example, that no specific "matter" is specified for Topic 6, and that no specific "actions and communications" are designated for Topics 7 and 8. *Id.*

3

On October 18, 2022, counsel for all parties held a "meet and confer" telephone conference concerning the topics. During the conference, defense counsel reiterated Defendant's concerns about Topics 6, 7, and 8. In response, Plaintiff's counsel offered to serve a new deposition notice that provides a definition of the term "matter," and that provides examples of specific subject matters that he anticipates exploring for Topics 6, 7, and 8. However, Plaintiff's counsel stated that he would be unwilling to limit the scope of the topics to the examples that he would be providing in the forthcoming new Rule 30(b)(6) deposition notice.

On October 25, 2022, Plaintiff served a new Rule 30(b)(6) deposition notice. The new notice provides the following definition of "matter":

> 7. "Matter" refers to the complaint/grievance Joe DaSilva, Jr. made against Chief Martin Potter and all allegations in the legal Complaint.

Exhibit 3 – Rule 30(b)(6) Deposition Notice dated 10/25/22. The notice contains no definition of "complaint/grievance." Again, Plaintiff has filed two pre-suit EEO complaints involving Chief Potter, and a separate pre-suit sexual harassment complaint against Chief Potter.

In addition, the new deposition notice provides six examples of subject matters that Plaintiff intends to explore for Topic 6, but explicitly does not limit the scope of Topic 6 to the six examples provided:

> 6. The DEPARTMENT's involvement in this matter. Including but not limited to the following topics:

4

    i.    How the DEPARTMENT first became aware of this matter.

    ii.    How Mr. DaSilva's grievance against Chief Martin Potter was processed within the DEPARTMENT.

    iii.    How Mr. DaSilva's legal Complaint was processed within the DEPARTMENT.

    iv.    Who was involved with the processing of Mr. DaSilva's legal Complaint.

    v.    What steps the DEPARTMENT took to hold Chief Martin Potter accountable after the Army found him responsible for the grievance Mr. DaSilva made against him.

    vi.    What, if any, changes to policies and procedures did the DEPARTMENT make in response to Mr. DaSilva's grievance.

*Id.* at 4.

Topics 7 and 8 remain unchanged from the prior notice. *Id.*

Defendant now moves for a protective order releasing Defendant from any obligation to designate a witness to provide testimony on Topics 6, 7, and 8 because those topics do not satisfy the specificity requirements of Rule 30(b)(6).

On October 28, 2022, undersigned counsel sent a draft of this motion to Plaintiff's counsel in an attempt to seek concurrence pursuant to Local Rule 7.1(a). Exhibit 4 – Emails. Given that the Rule 30(b)(6) deposition is currently scheduled to occur on November 9, 2022, undersigned counsel offered to proceed with the deposition on that date as to the topics that are not in dispute (i.e., Topics 1-5). *Id.*

5

On October 31, 2022, Plaintiff's counsel responded denying concurrence, and also stated that he intended to proceed with the Rule 30(b)(6) deposition on November 9, 2022, as to all topics, including the three that are the subject of this motion. *Id.* Unless ordered otherwise by the Court prior to the deposition date, Defendant will not be producing a witness to testify on Topics 6, 7, and 8.

## ARGUMENT

**A.     General legal standards relevant to Rule 30(b)(6) depositions.**

"A deposition under Rule 30(b)(6) differs in significant respects from the normal deposition." 8A Wright and Miller, Federal Practice and Procedure § 2103 (3d ed.). This is because "the notice of deposition must 'describe with reasonable particularity the matters for examination.'" *Id.* (quoting Rule 30(b)(6)). The goal of this requirement "is to enable the responding organization to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter." *Id.*

A Rule 30(b)(6) deposition is also different than a normal deposition because a Rule 30(b)(6) witness may "testify not only to matters within his personal knowledge but also to 'matters known or reasonably available to the organization.'" *PPM Finance, Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 894–95 (7th Cir. 2004) (quoting Rule 30(b)(6)).

"Because FRCP 30(b)(6) places substantial responsibilities and burdens on the responding corporate party, the rule itself expressly requires that the party requesting the deposition 'must describe with reasonable particularity the matters for examination.'" *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 395 (D. Or. 2017). In other words, "to allow the Rule to effectively function, the requesting party must take care to designate, *with painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006) (emphasis added). "A deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority." *CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, 322 F.R.D. 350, 361 (N.D. Iowa 2017).

Rule 30(b)(6)'s "reasonable particularity" requirement "requires a party noticing a Rule 30(b)(6) deposition to list topics that are specific, discrete, and relevant." *Johnson v. Charps Welding & Fabricating, Inc.*, No. 14-CV-2081 (RHK/LIB), 2016 WL 11268315, at *6 (D. Minn. Apr. 19, 2016). "[A] topic will be overbroad where the party whose deposition is to be taken cannot determine the outer boundaries of the area of inquiry, where the topic is open-ended, and where the topic seeks irrelevant information." *Id.* One court has explained why topics must be listed with great particularity in a Rule 30(b)(6) notice:

> An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. To avoid liability, the noticed party must designate

7

> persons knowledgeable in the areas of inquiry listed in the notice. Where, as here, the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.

*Reed v. Bennett*, 193 F.R.D. 689 (D. Kan. 2000).

"[F]ederal judges have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) Notices." *Krasney v. Nationwide Mut. Ins. Co.*, No. 3:06 CV 1164 JBA, 2007 WL 4365677, at *3 (D. Conn. Dec. 11, 2007). "Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 – deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019). "Given the potential impact of the testimony that can be obtained through this procedural device, courts should scrutinize Rule 30(b)(6) notice topics for proportionality, burden and reasonable particularity to ensure that the responding party can select and prepare the most suitable witness and so that the topics do not engender abuse of the process by either party." *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CV09371KPFSN, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017).

**B.** **Topics 6, 7, and 8 are overbroad and do not satisfy Rule 30(b)(6)'s reasonable particularity requirement.**

Topic 6 requires Defendant to specify a witness to testify about "[t]he DEPARTMENT's involvement in this matter," with "matter" being defined as "the complaint/grievance Joe DaSilva, Jr. made against Chief Martin Potter and all allegations in the legal Complaint." The term "complaint/grievance" is undefined. The term "involvement" is also undefined. Plaintiff provides six examples of subject matters that may be explored under Topic 6, but leaves the scope of the topic open-ended by introducing the six-example subject matters with the phrase "included but not limited to."

The scope of Topic 6 is impermissible. The definition of "matter" is amorphous and, at a minimum, would include three separate agency investigations: the investigation into the two EEO complaints that Plaintiff filed and his sexual harassment claim. The definition of "matter" is broad enough to include other things that Defendant cannot envision or anticipate. But even assuming a definition that is limited to four contemplated matters (Plaintiff's two EEO complaints, his sexual harassment complaint, and the present lawsuit), Topic 6 would encompass a massive subject area and impermissibly require any designated witness to have near encyclopedic knowledge of many related issues.

As just one example, consider Plaintiff's first EEO complaint (filed in 2017) alone. That complaint encompasses wide-ranging allegations, including claims that Plaintiff was discriminated against and harassed on the basis of his national origin

9

(which is not a claim that is asserted in this lawsuit) and reprisal, when (i) Chief Potter allegedly gave Plaintiff a lower-than-deserved score on a performance appraisal; (ii) Sean Edwards allegedly made rude comments to Plaintiff; (iii) Chief Potter allegedly denied Plaintiff a requested training; and (iv) Potter allegedly told Plaintiff to "wear a bra." (ECF No. 32-2, PageID.141-145.)

The rule requires the identification of Rule 30(b)(6) topics with "reasonable particularity," which courts have interpreted to mean "painstaking specificity." The scope of Topic 6 is the polar opposite of what the rule requires and is virtually unlimited in scope. The six examples provided as examples of subject matters that may be explored under Topic 6 illustrate its impermissible breadth.[1]

"Courts . . . have frowned on 30(b)(6) notices that describe the topics with the term 'including but not limited to.'" *Centurylink Commc'ns LLC v. Peerless Network, Inc.*, No. 18 C 3114, 2020 WL 11647818, at *1 (N.D. Ill. Jan. 28, 2020); *see also Peck v. Cnty. of Orange*, No. 219CV04654DSFAFMX, 2020 WL 3026377,

---

[1] It is also plainly foreseeable that some of the examples provided of topics that would be explored under Topic 6 would likely require disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine. For example, Plaintiff intends to explore "[h]ow Mr. DaSilva's legal Complaint was processed within the DEPARTMENT," and "[w]ho was involved with the processing of Mr. DaSilva's legal Complaint." It is entirely unclear what types of questions would fall within these topics or why inquiry into these issues would even arguably be relevant to Plaintiff's claims. Whatever Plaintiff's intentions, it would appear that many foreseeable questions that bear on these topics would be subject to a privilege.

10

at *2 (C.D. Cal. May 11, 2020) ("[F]aced with topics that include phrases such as 'including but limited to,' the County could not reasonably prepare a set of witnesses to respond to the deposition notice."); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014) (holding that topics that "include the phrase 'including but not limited to,' . . . fail[] to comply with the reasonable particularity requirement of Rule 30(b)(6)"). Topic 6 fails on this basis alone.

Topics 7 and 8 are impermissible for many of the same reasons as discussed above: their breadth is virtually unlimited and it would be impossible to designate a witness that could address those topics. Topic 7 requires designation of a witness to testify about "[t]he DEPARTMENT's actions and communications with Defendant Martin Potter pertaining to the allegations in this matter." Topic 8 requires designation of a witness to address "[t]he DEPARTMENT's actions and communications with Plaintiff Joe DaSilva, Jr. pertaining to the allegations in this matter." As explained, because of how broadly "matter" is defined, the scope of these requests is overbroad. Equally problematic is that Plaintiff does not specify what "actions and communications" he intends to explore.

The decision in *Aikens v. Cianbro Corp.*, No. 0:20-CV-2174-SAL-TER, 2022 WL 171286 (D.S.C. Jan. 19, 2022), an employment discrimination case under Title VII, is instructive. There, the plaintiff requested that the employer produce a Rule

11

30(b)(6) witness with "knowledge about the circumstances surrounding the allegations in the complaint." This topic is functionally equivalent to Topic 6 here. The court granted the employer's request for a protective order, holding that the topic was "overly broad and vague." *Id.* at *5.

In the same case, the plaintiff also requested that the employer produce a Rule 30(b)(6) witness "knowledgeable about any and all communications between the Defendant and Plaintiff." This topic is similar to Topics 7 and 8 here. The court granted the employer's request for a protective order, observing that the topic "is overly broad and vague and fails to identify what specific communications it expects the witness to have knowledge." *Id.* at *6. "The way this topic is worded, it refers to every communication between the Defendant and Plaintiff without any parameters." *Id.* Topics 7 and 8 here suffer from the same deficiencies.

## CONCLUSION

For the reasons stated above, the Court should grant Defendant's motion for a protective order.

DAWN N. ISON
United States Attorney

*/s/ Benjamin A. Anchill*
Benjamin A. Anchill (P70968)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9566
benjamin.anchill@usdoj.gov

Dated:  October 31, 2022

12

13

## CERTIFICATION OF SERVICE

I certify that on October 31, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the ECF participants in this case.

*s/Benjamin A. Anchill*
BENJAMIN A. ANCHILL
Assistant U.S. Attorney