

**United States Department of Justice**

United States Attorney's Office
Eastern District of Michigan

*Benjamin A. Anchill*
Assistant United States Attorney

211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Telephone:  (313) 226-9566
Facsimile:   (313) 226-2311
E-Mail: Benjamin.Anchill@usdoj.gov

September 21, 2022

Keith Altman, Esq.
keithaltman@kaltmanlaw.com

    In re:   ***Joe DaSilva, Jr. v. Wormuth, et al.***
                EDMI Case No. 20-11358

Dear Mr. Altman,

    I write in response to your Rule 30(b)(6) deposition notice sent via email on September 15, 2022. We believe that some of the topics that you identified for Rule 30(b)(6) testimony are objectionable and of a type that will inevitably end in conflict between the parties about scope and the sufficiency of witness preparation. This letter is an attempt to identify our disagreements and find common ground in resolving them.

    As you will see below, we have objections to a few of your proposed topics and clarification and/or specification is necessary for others. One objection applicable to all topics is that they all seek testimony relating to "the DEPARTMENT," which is defined in the instructions to include the entire Department of the Army, which includes both civil and non-civilian, and a geographic area beyond the Detroit Arsenal. All of the requests are overboard in scope and not proportional to the needs of the case.

    We also believe the wording in several areas is vague and open to interpretation, so on topics where we are willing to provide a witness, we have stated what we understand your topic to mean. This letter is again an attempt to identify our disagreements and find common ground in resolving them.

    Our objections are as follows:

<u>Topic 1:</u>

    We object to this topic as overbroad, vague, burdensome, and disproportional to the needs of the case under Rule 26(b)(1). It is not facially apparent why this topic is relevant to the claims and defenses, as there is no claim or assertion about the non-retention of documents. The request is also not limited to policies that were in effect during a discrete time period that is relevant to the case. Different record retention policies and guidelines apply within the Department of the Army

depending on the type of record and custodian. We do not necessarily object to producing a witness on this topic, but we ask you to provide additional information regarding the types of records about which you intend to inquire concerning retention, along with the pertinent time period, so that we may designate an appropriate witness with knowledge of the retention policies for that type of document.

Topic 2:

Defendant will provide a witness who will testify to the limited topic of policies and procedures applicable to hiring for the position that Plaintiff claims he was denied due to discrimination: the Lead Firefighter/Caption position to which he applied in the fall of 2019.

Topics 3 and 5:

Defendant will provide a witness who will testify to the limited topic of written materials applicable at the Detroit Arsenal regarding harassment and complaints of harassment in the workplace.

Topic 4:

Defendant will provide a witness who will testify to the limited topic of the disciplinary process applicable at the Detroit Arsenal for violations of policies governing harassment.

Topics 6, 7, and 8:

Defendant objects to these topics as vague, overly burdensome, and disproportional to the needs of the case under Rule 26(b)(1). Rule 30(b)(6) requires the noticing party to "describe with reasonable particularity the matters for examination." The effectiveness of Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn.2000). The requesting party must reasonably particularize the subjects about which it wishes to inquire. *Id.* "[T]o allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006) (emphasis added). The topics specified in Topics 6, 7, and 8 are overly broad and non-specific, making it impossible to designate an appropriate witness. For example, Topic 6 requests testimony on "[t]he DEPARTMENT's involvement in this matter." No specific "matter" is designated. Similarly, for Topics 7 and 8, no specific "actions and communications" are identified. The vagueness of these topics prevents Defendant from designating a witness for these topics. However, if Plaintiff amends the topics to describe with particularity the matters on which examination is requested, Defendant is willing to reevaluate and, if appropriate, designate an appropriate witness.

We hope you will consider the proposals outlined above in an effort to resolve our disagreement over your proposed Rule 30(b)(6) topics. I am also generally available to discuss these matters if you believe a phone conference would be helpful. It is my sincere belief that we can work through these issues without motion practice and hold productive Rule 30(b)(6) depositions next month.

        Very truly yours,

        Dawn N. Ison
        United States Attorney


        *s/Benjamin A. Anchill*
        Benjamin A. Anchill
        Assistant U.S. Attorney

cc:    Brian E. Koncius, Esq.
        bkoncius@kbogaslaw.com