## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOE DASILVA, JR.,

    *Plaintiff*,

v.

CHRISTINE WORMUTH,
Secretary of the Army, and
MARTIN POTTER, in his
individual capacity,

    *Defendants*.

_____/

Case No: 2:20-cv-11358
Hon. Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com

---

**PLAINTIFF'S RULE 30(b)(6) DEPOSITION EXHIBIT A**

---

### EXHIBIT A

### Definitions

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibit A hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2. "the DEPARTMENT" "You," or "Your" refers to **the Defendant Christine Wormuth, Secretary of the Army, United States Army Garrison-Detroit Arsenal, Detroit Arsenal Fire Department,** and all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with the DEPARTMENT.  The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures, or others acting on their behalf.  The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.

3. "Person" means natural person, as well as corporate and/or governmental entity.

4. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to,", "pertaining to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

5. "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34.

6. "Or" and "and" will be used interchangeably.

7. "Matter" refers to the complaint/grievance Joe DaSilva, Jr. made against Chief Martin Potter and all allegations in the legal Complaint.

8. Unless otherwise indicated, the relevant time period for the information sought is **January 1, 2016 to present**.

### Deposition Subject Matter

Pursuant to Rule 30(b)(6), the DEPARTMENT shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

1. Testimony as to the DEPARTMENT's record retention policies concerning documentation of employee performance, discipline, promotions, and training.

2. The DEPARTMENT's processes, policies, guidelines, protocols and/or standards for hiring and promoting its employees.

3. The DEPARTMENT'S policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding harassment in the workplace.

4. The DEPARTMENT's role and process in which it disciplines employees

for violations of its policies, rules, regulations, procedures, protocols, guidelines, or standards.

5. How the DEPARTMENT processes complaints of harassment in the workplace.

6. The DEPARTMENT's involvement in this matter. Including but not limited to the following topics:

   i. How the DEPARTMENT first became aware of this matter.

   ii. How Mr. DaSilva's grievance against Chief Martin Potter was processed within the DEPARTMENT.

   iii. How Mr. DaSilva's legal Complaint was processed within the DEPARTMENT.

   iv. Who was involved with the processing of Mr. DaSilva's legal Complaint.

   v. What steps the DEPARTMENT took to hold Chief Martin Potter accountable after the Army found him responsible for the grievance Mr. DaSilva made against him.

   vi. What, if any, changes to policies and procedures did the DEPARTMENT make in response to Mr. DaSilva's grievance.

7. The DEPARTMENT's actions and communications with Defendant Chief Martin Potter pertaining to the allegations in this matter.

8. The DEPARTMENT's actions and communications with Plaintiff Joe DaSilva, Jr. pertaining to the allegations in this matter.

**Request for Documents**

1. All documents referred to by the Deponent(s) or anyone assisting Deponent(s) in preparing for his or her testimony on the above deposition topics.

Dated: October 25, 2022                     Respectfully submitted,

By:     /s/ Keith Altman
Keith Altman, Esq. (P81702)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2022, I served the foregoing document on all counsel of record *via* email.

/s/ *Keith Altman*
Keith Altman, Esq.
A*ttorney for Plaintiff*