UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOE DASILVA, JR., *Plaintiff*, v. CHRISTINE WORMUTH, Secretary of the Army, and MARTIN POTTER, in his individual capacity. *Defendants*. | Case No: 2:20-cv-11358<br><br>Honorable Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

# PLAINTIFF'S OPPOSITION TO DEFENDANT WORMUTH'S MOTION FOR PROTECTIVE ORDER

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................3

I.   INTRODUCTION ........................................................................................4

II.  ARGUMENT..................................................................................................6

III. CONCLUSION ..............................................................................................9

CERTIFICATE OF SERVICE ............................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Alvey v. State Farm Fire & Cas. Co.*, No. 517CV00023TBRLLK, 2018 U.S. Dist.
   LEXIS 21356, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018) ........................6

*Oak Point Partners, LLC v. Blue Cross Blue Shield of Mich.*, No. 2:19-cv-10662,
   2020 U.S. Dist. LEXIS 221310, at *3 (E.D. Mich. Nov. 25, 2020).......................7

*Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524 (D. Kan. 2006) 7

**Statutes**

42 U.S.C. §1983 ...............................................................................................4

42 U.S.C. §1988 ...............................................................................................4

**Rules**

Fed. R. Civ. P. 26(b)(1)....................................................................................8

Fed. R. Civ. P. 30 .............................................................................................6

Fed. R. Civ. P. 30(b)(6)................................................................................6, 8

## I. INTRODUCTION

Plaintiff commenced this action by filing his Complaint, alleging violations of his civil rights under 42 U.S.C. §1983 and 42 U.S.C. §1988, the First, Fourth and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act., on May 28, 2020.

Plaintiff served a notice of Rule 30(b)(6) deposition on September 9, 2022. Defendant furnished a letter to Plaintiff on September 21, 2022, seeking more defined topics. Following a meet and confer conference between counsel, Plaintiff served a notice of revised topics on October 25, 2022. Plaintiff sought from Defendant a witness or witnesses that could testify concerning the following eight topics:

1) Testimony as to the Department's record retention, policies concerning documentation of employee performance, discipline, promotions, and training;

2) The Department's processes, policies, guidelines, protocols and/or standards for hiring and promoting its employees;

3) The Department's policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals instructions, pamphlets,

promotions materials, and/or other written material regarding harassment in the workplace;

4) The Department's role and process in which it disciplines employees for violations of its policies, rules, regulations, procedures, protocols, guidelines, or standards;

5) How the Department processes complaints of harassment in the workplace;

6) The Department's involvement in this matter. Including but not limited to the following topics:

   a. How the Department first became aware of this matter;

   b. How Mr. DaSilva's grievance against Chief Martin Potter was processed within the Department;

   c. How Mr. DaSilva's legal Complaint was processed within the Department;

   d. Who was involved with the processing of Mr. DaSilva's legal Complaint;

   e. What steps the Department took to hold Chief Martin Potter accountable after the Army found him responsible for the grievance Mr. DaSilva made against him;

   f. What, if any, changes to policies and procedures did the Department make in response to Mr. DaSilva's grievance;

7) The Department's actions and communications with Defendant Chief Martin Potter pertaining to the allegations in this matter;

8) The Department's actions and communications with Plaintiff Joe DaSilva, Jr. pertaining to the allegations in this matter.

Defendants bring the present motion to limit Plaintiff's ability to question Defendant's witness as to their knowledge of how the Fire Department handled Plaintiff's claims giving rise to this lawsuit. Plaintiff's inability to question Defendant's witness in regard to topics 6, 7 and 8 as supplied by the Rule 30(b)(6) topics is unconscionable.

## II.   ARGUMENT

Fed. R. Civ. P. 30 governs the procedure for taking depositions by oral examination. "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).

Defendant takes fault with Plaintiff's Rule 30(b)(6) topics 6, 7 and 8, stating that the topics are overly board and providing that they will not be supplying a witness to testify as to those topics. "The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is

6

not." *Alvey v. State Farm Fire & Cas. Co.*, No. 517CV00023TBRLLK, 2018 U.S. Dist. LEXIS 21356, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018). Some courts have enhanced requirements for notice of Rule 30(b)(6) topics, going as far as to require "painstaking specificity". *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524 (D. Kan. 2006). The Eastern District of Michigan in *Oak Point Partners, LLC* reiterated that the reasonable particularity standard is the standard to be followed. Rule 30(b)(6) topics are permissible when the Defendant is able to "identify the outer limits of the topics noticed". *Oak Point Partners, LLC v. Blue Cross Blue Shield of Mich.*, No. 2:19-cv-10662, 2020 U.S. Dist. LEXIS 221310, at *3 (E.D. Mich. Nov. 25, 2020).

The Defendants are well versed in the facts of the present case. Plaintiff filed claims of sexual harassment in his employment while he was an employee of the United States Army employed at the Fire House in Detroit. Plaintiff seeks additional information through the noticed Rule 30(b)(6) deposition of the policies, procedures, etc. as well as how his personal claim was handled. Defendants have knowledge above and beyond the "outer limits of the topics noticed" and should be required to present a witness to be deposed as to all of the Rule 30(b)(6) topics noticed.

Rule 30(b)(6) places further requirements on counsel to meet and confer regarding the topics to be addressed at deposition. This rule is to ensure that the parties are designating the proper deponent and to negate the delay of justice.

"Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). The parties held a telephone conference on October 18, 2022. During the conference the parties discussed the topics to be addressed. Counsel discussed that the topics should be directed to policies and procedures of the Fire House and not the Army as a whole. Defendant should be prepared to present a witness that can address how complaints are handled, the steps that are taken when complaints/grievances are filed, how Plaintiff's complaints/grievances were handled in relation to the Fire House's protocols.

During the conference Plaintiff agreed to supply Defendant with a list of example questions as to topics 6, 7 and 8. Defendant stated that should they have concerns they would reach out to Plaintiff to further discuss. Plaintiff revised its Rule 30(b)(6) topics to provide a list of example questions. Defendant did not reach out to Plaintiff to further discuss the Rule 30(b)(6) topics prior to the filing of this motion.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The discovery sought through Defendant's deposition is within the bounds of Plaintiff's claims and is discoverable information in the furtherance of the claims. No undue burden exists. Defendant should be required to

8

present a witness to testify as to all the Plaintiff's Rule 30(b)(6) topics as laid out and agreed to during the parties October 18, 2022, conference.

### III.   CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendant's Motion for a Protective Order and Order Defendant's to produce a witness to testify to the agreed upon topics.

Date: November 7, 2022           Respectfully Submitted,

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOE DASILVA, JR., <br> *Plaintiff,* <br><br> v. <br><br> CHRISTINE WORMUTH, Secretary of the Army, and MARTIN POTTER, in his individual capacity. <br> *Defendants.* | Case No: 2:20-cv-11358 <br><br> Hon. Mark A. Goldsmith <br><br> Magistrate Anthony P. Patti |

## CERTIFICATE OF SERVICE

I certify that on November 7, 2022, I served the foregoing Plaintiff's Opposition to Defendants Motion for a Protective Order upon all parties herein by filing copies of same using the ECF System.

Respectfully Submitted,

Keith Altman, Esq.