UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

     Plaintiff,                    Civil No. 20-11358

v.                               Honorable Mark A. Goldsmith

CHRISTINE WORMUTH,        Magistrate Judge Anthony P. Patti
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

     Defendants.

---

## REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

## INTRODUCTION

Plaintiff has asked Defendant to provide a Rule 30(b)(6) witness to testify on behalf of the United States Army about every possible action and event pertaining to this case from the moment any alleged wrong occurred going back to at least 2017 to present, without distinction between the underlying events, the administrative phase or this litigation, or even between privileged and non-privileged topics.

Defendant filed this motion because the Federal Rules plainly require any request for a Rule 30(b)(6) witness to state the topics to be covered with more particularity than Plaintiff has done here.

Plaintiff's response in opposition to the motion does not cite any law in support of such broadly worded requests, nor does it claim that something about this case requires a departure from the rule. Instead, Plaintiff seems to argue that because it is obvious what he's asking for, Defendant should be forced to give it to him.

That is not the standard. It is far from the standard.

Defendant will provide witnesses for properly noticed Rule 30(b)(6) requests. In fact, Defendant anticipates providing at least three witnesses in upcoming Rule 30(b)(6) depositions for the five topics that are permissible in scope.

Defendant should not be forced to put a witness in a position where he or she cannot possibly be adequately prepared, thereby likely frustrating all involved parties.

The Court should grant Defendant's motion and quash Topics 6, 7, and 8.

## ARGUMENT

Plaintiff acknowledges his obligation to describe the matters for Rule 30(b)(6) examination with "reasonable particularity." (ECF No. 80, PageID.527) (quoting Fed. R. Civ. P. 30(b)(6)). At no point in Plaintiff's brief does he explain how Topics 6, 7, and 8 meet this requirement. The breadth of the topics is the polar opposite of "reasonable particularity," making it impossible for Defendant to designate a witness to provide testimony on the topics.

Topic 6 requires Defendant to designate a witness to provide testimony on "[t]he DEPARTMENT'S involvement in this matter." (ECF No. 77-4, PageID.515.) This topic has no outer limits. It is infinite. It could mean anything. It could encompass any question imaginable about not only this federal court litigation, but also the administrative matters that preceded it, including Plaintiff's EEO complaint and sexual harassment complaint. It is difficult to imagine a topic that is broader than this. Defendant cannot designate a witness on this topic and is not required to do so. *See Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019) ("topics must be stated with enough specificity to allow the corporation to designate and prepare a representative to testify"). The topic should be stricken.

The other two topics at issue – Topics 7 and 8 – are likewise impermissibly broad and make it impossible to designate a witness. Those topics require Defendant

to designate a witness to provide testimony on "[t]he DEPARTMENT's actions and communications with Defendant Martin Potter pertaining to the allegations in this matter," and "[t]he DEPARTMENT's actions and communications with Plaintiff Joe DaSilva, Jr. pertaining to the allegations in this matter." (ECF No. 77-4, PageID.515.) Plaintiff does not identify any specific "actions and communications," other than those "pertaining to the allegations in this matter," which again is nearly infinite and could mean anything. These topics are more appropriate for a fact witness. It is not possible to designate a witness who could be aware of all "actions and communications" unless specific "actions and communications" are identified. For example, Defendant may be able to designate a witness to discuss a specific "action" or a specific "communication," but no person could be designated to provide testimony on all "actions and communications" when that universe is undefined.

Plaintiff cites no authority supporting his position that the topics in dispute are permissible in scope. Plaintiff does not address the authority cited by Defendant to the contrary. (ECF No. 77, PageID.499-500.) More to the point, it is simply not possible for a witness to be designated to provide testimony on the three disputed topics. No witness could be prepared to have such a wide and open-ended breadth of knowledge.

Finally, Plaintiff states that "Defendant did not reach out to Plaintiff to further discuss the Rule 30(b)(6) topics prior to filing this motion." (ECF No. 80, PageID.529.) This is false. Undersigned counsel sent Plaintiff's counsel a draft of the motion prior to filing it. (ECF No. 77-5, PageID.517-518.) Plaintiff denied concurrence, refused to change or eliminate the disputed topics, and demanded that the Rule 30(b)(6) deposition proceed as scheduled on *all* topics, even the three disputed ones. (*Id.*) At that point, Defendant was left with no choice but to file this motion immediately.

## CONCLUSION

Topics 6, 7, and 8 are impermissible in scope and should be stricken.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*/s/ Benjamin A. Anchill*
Benjamin A. Anchill (P70968)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9566
Dated:  November 9, 2022          benjamin.anchill@usdoj.gov

**CERTIFICATION OF SERVICE**

I certify that on November 9, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the ECF participants in this case.

_s/Benjamin A. Anchill_
BENJAMIN A. ANCHILL
Assistant U.S. Attorney