UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOE DASILVA, JR.,<br>*Plaintiff,*<br><br>v.<br><br>CHRISTINE WORMUTH,<br>Secretary of the Army, and<br>MARTIN POTTER, in his<br>individual capacity.<br>*Defendants.* | Case No: 2:20-cv-11358<br><br>Honorable Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

## **PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff requests leave of Court to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2). Specifically, Plaintiff seeks to add one Defendant to its Complaint.

Plaintiff has not delayed in seeking leave to amend its Complaint in this matter. Plaintiff was put on notice of the extent of Arthur Young's involvement in Plaintiff's matter on November 17, 2022.

Even if Plaintiff is untimely in seeking leave to amend its Complaint, delay by itself is not a sufficient reason to deny leave to amend the Complaint. Defendant would not suffer substantial prejudice if the Court permitted Plaintiff to amend its Complaint.

Plaintiff's amendment would not be subject to dismissal under Fed. R. Civ. P. 12(b)(6).

On November 17, 2022, counsel for Plaintiff and Defendant's counsel met and conferred on the present motion in accordance with E.D. Mich L. R. 7.1. Defendant did not concur in the filing of this motion.

WHEREFORE Plaintiff respectfully requests leave to amend the Complaint.

Dated: December 9, 2022                Respectfully submitted,

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Tel: (987) 987-8929
*keithaltman@kaltmanlaw.com*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOE DASILVA, JR., *Plaintiff,* v. CHRISTINE WORMUTH, Secretary of the Army, and MARTIN POTTER, in his individual capacity. *Defendants.* | Case No: 2:20-cv-11358 Honorable Mark A. Goldsmith Magistrate Judge Anthony P. Patti |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................2

I.   BACKGROUND ..........................................................................................3

II.  ARGUMENT.................................................................................................3

III. CONCLUSION .............................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ..........................4

*Foman v. Davis*, 371 U.S. 178 (1962) ......................................................................3

*Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)..................................3

*Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)..........................................4

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) .......................................5

*United States v. Wood*, 877 F.2d 453, 456-57 (6th Cir. 1989) ..................................4

**Rules**

Fed. R. Civ. P. 15(a)(2) ..............................................................................................3

Plaintiff requests leave of Court to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2). Specifically, Plaintiff seeks to add one defendant to its Complaint.

A proposed Amended Complaint is attached to this motion in accord with Local Rule 15.1. **Exhibit A**. A red-lined version of the proposed Amended Complaint is attached to this motion. **Exhibit B**.

## I. BACKGROUND

A Rule 26(f) discovery plan for the present action was filed and entered on April 1, 2022. On September 15, 2022, Plaintiff filed an unopposed motion to extend the discovery deadline which the Court granted. Plaintiff took the deposition of Arthur Young on November 17, 2022.

## II. ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the Complaint after a responsive pleading has been filed only by leave of court but instructs that "the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178 (1962). The determination of a motion to amend "is committed to the district court's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

Plaintiff seeks leave to amend its Complaint to add one defendant, Arthur Young. The reason for this request is that Arthur Young was not produced for deposition until the day before the close of discovery. The extent of Arthur Young's involvement in Plaintiff's claims was unknown until November 17, 2022. At which time it was determined that Arthur Young was aware of the first complaint that Plaintiff filed against Defendant Potter; Arthur Young did not notify Defendant Potter that a complaint had been filed against him while simultaneously assuring Plaintiff that he had talked to Defendant Potter and the behavior that gave rise to the complaint would not occur again; Arthur Young never advanced the punishment of Defendant Potter; further Arthur Young allowed Defendant Potter to sit on the promotions board for Plaintiff following the mishandling of the complaint.

The Sixth Circuit has held that delay by itself is ordinarily an insufficient basis to deny leave to amend a Complaint. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "When there is no demonstrable prejudice, even amendments made on the eve of trial are permissible." *United States v. Wood*, 877 F.2d 453, 456-57 (6th Cir. 1989). The party opposing leave to amend must also demonstrate at least some significant showing of prejudice as a result of permitting the amendment. *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Courts in the Sixth Circuit, when determining prejudice, should consider "whether the assertion of the new claim…would require the opponent to expend significant additional resources to

conduct discovery and prepare for trial." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). Defendants cannot demonstrate substantial prejudice resulting from the proposed amendment as the full extent of Arthur Young's involvement was not disclosed until the deposition of Arthur Young on November 17, 2022.

Defendants delayed the production of Arthur Young for deposition. It was not until the deposition of Arthur Young on November 22, 2022, that Plaintiff was aware of his involvement in Plaintiff's claims. Plaintiff seeks leave to amend its Complaint. Such amendment merely conforms the Complaint to the evidence. Furthermore, no expert testimony is required to assist the trier of fact.

### III.   CONCLUSION

Plaintiff's purpose in seeking leave to amend its Complaint is to add one defendant, Arthur Young. Defendants would not suffer prejudice to their defense of the case. The Court should therefore grant leave to amend the Complaint and to file the proposed Amended Complaint.

Dated: December 9, 2022              Respectfully submitted,

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334

5

                              Tel: (987) 987-8929
                              *keithaltman@kaltmanlaw.com*

*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I, Keith Altman, certify that this document complies with Local Rule 5.1(a), including: double-spaced; at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and 14 point. I also certify that it is the appropriate length. Local Rule 7.1(d)(3)."

Keith Altman, Esq.

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOE DASILVA, JR., <br>                 *Plaintiff*, <br><br> v. <br><br> CHRISTINE WORMUTH, <br> Secretary of the Army, and <br> MARTIN POTTER, in his <br> individual capacity. <br>                 *Defendants*. | Case No: 2:20-cv-11358 <br><br> Honorable Mark A. Goldsmith <br><br> Magistrate Judge Anthony P. Patti |

**CERTIFICATE OF SERVICE**

I certify that on December 9, 2022, I served the foregoing Plaintiff's Motion for Leave to Amend the Complaint and Brief in Support upon all parties herein by filing copies of same using the ECF System.

                                                            Keith Altman, Esq.
                                                            Law Office of Keith Altman
                                                            33228 West 12 Mile Road, Suite 375
                                                            Farmington Hills, Michigan 48334
                                                            Telephone: (987) 987-8929
                                                             *keithaltman@kaltmanlaw.com*

                                                            *Attorneys for the Plaintiff*