UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

     Plaintiff,                    Civil No. 20-11358

v.                               Honorable Mark A. Goldsmith

CHRISTINE WORMUTH,      Magistrate Judge Anthony P. Patti
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

     Defendants.

---

**UNOPPOSED MOTION TO ADJOURN DECEMBER 19, 2022
DISPOSITIVE MOTION DEADLINE PENDING DECISION ON
PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

---

Defendant Christine Wormuth, by and through her attorneys, Dawn N. Ison, United States Attorney, and Benjamin A. Anchill, Assistant United States Attorney, asks the Court to adjourn the dispositive motion deadline, currently on December 19, 2022, until after the Court issues a decision on Plaintiff's pending motion for leave to amend the complaint, filed on the last day of discovery. The grounds for this motion are set forth with more specificity in the attached brief.

The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief. *See* E.D. Mich. LR 7.1(a). Plaintiff's

counsel concurs in the relief sought. Counsel for Martin Potter in his individual capacity also concurs in the relief sought.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*/s/ Benjamin A. Anchill*
Benjamin A. Anchill (P70968)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9566
benjamin.anchill@usdoj.gov

Dated: December 15, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

      Plaintiff,                         Civil No. 20-11358

v.                                    Honorable Mark A. Goldsmith

CHRISTINE WORMUTH,         Magistrate Judge Anthony P. Patti
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

      Defendants.

---

**BREIF IN SUPPORT OF UNOPPOSED MOTION TO ADJOURN
DECEMBER 19, 2022 DISPOSITIVE MOTION DEADLINE PENDING
DECISION ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE
COMPLAINT**

---

## INTRODUCTION / BACKGROUND

Defendant respectfully requests an adjournment of the dispositive motion deadline in this action. This request is made because on the final day of discovery, December 6, 2022, Plaintiff filed a motion for leave to amend his complaint seeking to add a defendant and reinstate claims that the Court has already dismissed (his ELCRA claims) and claims that Plaintiff has already withdrawn (his negligent and intentional infliction of emotional distress claims). Although Plaintiff's counsel informed the Court at a hearing more than a month ago on November 10, 2022, that a motion for leave to amend may be forthcoming, Plaintiff inexplicably waited almost a month – until the final day of discovery – to file it.

## ANALYSIS

Defendant anticipates opposing Plaintiff's motion for leave to amend. Her response brief is due on December 23, 2022. However, Plaintiff's motion for leave to amend remains pending at this time. It would be an inefficient use of time and resources to attempt to file dispositive motions when the scope of the case is in flux due to Plaintiff's pending motion for leave to amend.

In addition, Defendant would be severely prejudiced in the event Plaintiff were permitted to amend his complaint and potentially conduct additional discovery after Defendant's dispositive motion is on file. *See Siegner v. Twp. of Salem*, 654 F. App'x 223, 228 (6th Cir. 2016) ("Allowing an amendment after discovery is closed and summary judgment motions are 'fully briefed' imposes significant prejudice on

2

defendants."); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (allowing amendment "after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed," "would create significant prejudice to the defendants."); *Silverstein v. Fed. Bureau of Prisons*, No. 07–cv–02471–PAB–KMT, 2011 WL 588717, at *2 (D. Colo. Feb. 10, 2011) ("Defendants would be prejudiced if discovery were reopened in light of the fact that their summary judgment motion has already been filed.").

In *Woods v. Swift*, No. 214CV2665JAMKJNP, 2016 WL 1627011, at *3 (E.D. Cal. Apr. 25, 2016), the court criticized the defendant for failing to move for an adjournment of the dispositive motion deadline pending the outcome of the plaintiff's motion to amend the complaint: "it is unclear why defendant did not request a modification of the scheduling order to move the dispositive motion filing deadline [until] after the court ruled on the motion to amend. Defendant prejudiced herself by filing the summary judgment motion before receiving a ruling on the motion to amend."

Here, Defendant wishes to avoid the severe prejudice to herself that may occur if she were required to file a motion for a summary judgment while Plaintiff's motion for leave to amend the complaint is pending.

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of

3

the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Here, Plaintiff will not suffer prejudice if the dispositive motion deadline is moved, as Plaintiff's litigation activity in filing a motion for leave to amend the complaint on the final day of discovery prompted Defendant's request to adjourn the motion deadline. Plaintiff also does not oppose the present request to adjourn the dispositive motion deadline. In addition, good cause exists where there is a significant risk that Defendant may be prejudiced if Defendant were required to file her dispositive motion while Plaintiff's motion for leave to amend is pending.

## CONCLUSION

For these reasons, the Court should adjourn the dispositive motion deadline pending decision on Plaintiff's motion for leave to amend the complaint.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*/s/ Benjamin A. Anchill*
Benjamin A. Anchill (P70968)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9566
Dated: December 15, 2022          benjamin.anchill@usdoj.gov

**CERTIFICATION OF SERVICE**

I certify that on December 15, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the ECF participants in this case.

*s/Benjamin A. Anchill*
BENJAMIN A. ANCHILL
Assistant U.S. Attorney