## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOE DASILVA, JR.,

       Plaintiff,

-vs-                           Case No: 20-cv-11358
                                     Hon. Mark A. Goldsmith
                                     Magistrate Judge Anthony Patti

CHRISTINE WORMUTH,
Secretary of Army and
MARTIN POTTER, in his
Individual capacity,

       Defendants.
_____/

| | |
|---|---|
| THE LAW OFFICE OF<br>KEITH ALTMAN<br>Keith Altman (P81702)<br>Attorney for Plaintiff<br>33228 W. 12 Mile Road, Suite 375<br>Farmington Hills, MI 48334<br>kaltman@lawampmmt.com<br>(516) 456-5885 | DAWN N. ISON<br>UNITED STATES ATTORNEY<br>Benjamin A. Anchill (P70968)<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>(313) 226-0205<br>benjamin.anchill@usdoc.gov<br><br>BOGAS & KONCIUS, PC<br>Brian E. Koncius (P69278)<br>Attorneys for Defendant<br>Martin Potter, Only<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, Michigan 48025<br>(248) 502-5000<br>bkoncius@kbogaslaw.com<br>office@kbogaslaw.com |

_____/

## <u>MOTION FOR SUMMARY DISPOSITION</u>

Defendant Martin Potter, by and through his attorneys, Bogas & Koncius PC, respectfully submits Motion for Summary Judgment pursuant to under Federal Rule of Civil Procedure 56 because there is no genuine issue of material fact with respect to Plaintiff's claims, Federal Rule of Civil Procedure 12(c) for Judgement on the Pleadings, and/or for failure to state a claim on which relief can be granted under Rule 12(b)(6). Further, Defendant Martin Potter concurs with and relies upon the Brief filed by the Federal Defendants in this matter and adopts its arguments to the extent they relate to him as if fully set forth herein.

Pursuant to Local Rule 7.1(a), undersigned counsel sought concurrence in the relief sought by explaining the basis for this motion to Plaintiff's counsel via email on December 17, 2022. However, concurrence was denied.

Respectfully submitted,

BOGAS & KONCIUS, PC

*/s/ Brian E. Koncius*
Brian E. Koncius (P69278)
BOGAS & KONCIUS, PC
Attorneys for Defendant
Martin Potter, Only
31700 Telegraph Road, Suite 160
Bingham Farms, Michigan 48025
(248) 502-5000
bkoncius@kbogaslaw.com
Dated: December 19, 2022                    office@kbogaslaw.com

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOE DASILVA, JR.,

      Plaintiff,

-vs-                           Case No: 20-cv-11358
                                       Hon. Mark A. Goldsmith
                                       Magistrate Judge Anthony Patti

CHRISTINE WORMUTH,
Secretary of Army and
MARTIN POTTER, in his
Individual capacity,

      Defendants.

_____/

| | |
|---|---|
| THE LAW OFFICE OF<br>KEITH ALTMAN<br>Keith Altman (P81702)<br>Attorney for Plaintiff<br>33228 W. 12 Mile Road, Suite 375<br>Farmington Hills, MI 48334<br>kaltman@lawampmmt.com<br>(516) 456-5885 | DAWN N. ISON<br>UNITED STATES ATTORNEY<br>Benjamin A. Anchill (P70968)<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>(313) 226-0205<br>benjamin.anchill@usdoc.gov<br><br>BOGAS & KONCIUS, PC<br>Brian E. Koncius (P69278)<br>Attorneys for Defendant<br>Martin Potter, Only<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, Michigan 48025<br>(248) 502-5000<br>bkoncius@kbogaslaw.com<br>office@kbogaslaw.com |

_____/

## <u>BRIEF IN SUPPORT OF</u>
## <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendant Martin Potter, by and through his attorneys, Bogas & Koncius PC, respectfully submits Motion for Summary Judgment pursuant to under Federal Rule of Civil Procedure 56 because there is no genuine issue of material fact with respect to Plaintiff's claims, Federal Rule of Civil Procedure 12(c) for Judgement on the Pleadings, and/or for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Further, Defendant Martin Potter concurs with and relies upon the Brief filed by the Federal Defendants in this matter and adopts its arguments to the extent they relate to him as if fully set forth herein.

## **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ..............................................................................5

**INDEX OF AUTHORITIES** ......................................................................6

**STATEMENT OF MATERIAL FACTS** .................................................7

**I.   STANDARD OF REVIEW** .................................................................8

**II.   ARGUMENT** .......................................................................................8

   **A.  There Can Be No Claim For First Amendment Retaliation Against Defendant Potter** ..................................................................................8

   **B.  Defendant Potter is Entitled to Qualified Immunity** ..................11

**III.   CONCLUSION** ...............................................................................14

## INDEX OF AUTHORITIES

### Cases

*Anderson v. Creighton*, 483 U.S. 635, 638 (1987) ...................................................12

*Baker v. City of Hamilton*, 471 F.3d 601, 606 (6th Cir. 2006)................................13

*Brosseau v. Haugen*, 543 U.S. 194, 198- 99; 125 S. Ct. 596; 160 L. Ed. 583 (2004) ............................................................................................................................13

*Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 902 (6th Cir. 2004)..............13

*Dickhaus v. Champion*, 544 U.S. 975 (2005) ...........................................................13

*Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996)...........................................13

*Egbert v Boule,* 213 L Ed 2d 54; 142 S Ct 1793 (2022).......................... 8, 9, 10, 11

*Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)......................................................12

*Higgason v. Stephens*, 288 F.3d 868, 876 (6th Cir. 2002)......................................13

*Ohio Civil Serv Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177 (6th Cir. 1988)..13

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) ....................................................... 12, 13

*Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 172 (6th Cir. 2004) ............12

### Rules

Federal Rule of Civil Procedure 12(b)(6) ...................................................................4

Federal Rule of Civil Procedure 12(c).................................................................2, 4

Federal Rule of Civil Procedure 56 ...........................................................................4

## STATEMENT OF MATERIAL FACTS

1. On March 4, 2021, Plaintiff Joe DaSilva filed a First Amended Complaint against "John E. Whitley, in his official capacity as the Acting Secretary of the Army and Martin Potter, indiviudlally and in his official capacity as Assistant Chief of the U.S. Army Detroit Arsenal Fire Division" *See* First Amended Complaint, Dkt. 29.

2. In his First Amended Complaint, Mr. DaSilva brought a First Amendment Retaliation claim against Defendant Potter in Count I, titled "Constitutional Violation by Defendant Potter (First Amendment – Retaliation for Protected Conduct)" *See* First Amended Complaint Dkt. 29, p. 89.

3. Defendant Potter is a government official working for the Army as Fire Chief at the Detroit Arsenal who this Court found was entitled to be substituted by the Department of the Army in this matter in his official capacity. *See* Court's April 15, 2021 Order, Dkt. 39; Court's Order, Dkt. 50.

## I.   <u>STANDARD OF REVIEW</u>

**Rule 12(b)(6), Rule 12(c), Rule 56**

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Motions for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

Pursuant to Fed. R. Civ. P. 56 (b), a motion for summary judgment shall be granted if the evidence indicates that no genuine issue of material facts exists. To avoid summary judgment, the opposing party must have set out sufficient evidence in the record to allow a reasonable jury to find for him or her at trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

## II.   <u>ARGUMENT</u>

### A. There Can Be No Claim For First Amendment Retaliation Against Defendant Potter

The decision issued by the United States Supreme Court, in the matter of *Egbert v Boule,* 213 L Ed 2d 54; 142 S Ct 1793 (2022) is dispositive of this matter pursuant to Rule 12(b)(6) and Rule 56. The full Order and Opinion of the United States Supreme Court is attached hereto as an Exhibit.

This Court ruled on Defendants' initial motions to dismiss Plaintiff's Amended Complaint on February 9,2022. *See* Dkt. 50. While those motions were fully briefed and the Court having ruled on the matter, Defendant respectfully submits that the attached United States Supreme Court's subsequent decision bears directly on the law at issue in deciding this matter.  The *Egbert* case clearly provides useful, persuasive and unequivocal authority for this Court's consideration in ruling on an issue was allowed to proceed while discovery continued and prior to the *Egbert* case being decided by the Supreme Court.

The attached *Egbert* decision is both relevant and persuasive because it deals directly with the cause of action, known as a *Bivens* action – a damages action against federal officials for alleged constitutional violations – that Plaintiff alleged in Count I of his Amended Complaint.  Specifically, in the attached decision, the court held that there is **no** *Bivens* action for a First Amendment retaliation claim. This is the exact issue in dispute in this matter. *See* Dkt. 29, p. 89.

Defendant calls this Court's attention to the following excerpts from the Supreme Court's Opinion.  Justice Thomas delivering the Court's Majority Opinion noted that the Supreme Court has **never** extended *Bivens* to the First Amendment and found that when "[n]ow presented with the question whether to extend Bivens to this context, **we hold that there is no Bivens acton for First Amendment Retaliation**." *Egbert,* 142 S.Ct. at 1807 (emphasis added).   The

9

Supreme Court could not be more clear in its holding.  It is this base holding that requires that this Court dismiss Count I against Defendant Potter.

To support its position, The Supreme Court found "many reasons" to believe Congress was better suited than the courts to authorize such a remedy. *Id.*  The Supreme Court stated that a plaintiff "can turn practically any adverse action into grounds for a retaliation claim" and that even a frivolous claim can have significant impact in costs, and such threats of litigation and personal liability may lead to unduly inhibit officials in discharging their duties, opening the way for many other issues in the government. *Id.* at 1807-8.

Justice Thomas in his Majority opinion made quick work of what is likely to be Plaintiff's response to this Motion.  The Supreme Court found that the rationales used by the First Circuit in *Egbert* including, that "retaliation claims are 'well established'" and that it was alleged that defendant in the *Egbert* case was "'not carrying out official duties' when he retaliated against plaintiff," were without merit. *Id*. at 1807-8.  The Supreme Court also found that the fact that retaliation claims are well established counsels **against** permitting *Bivens* relief as being more likely to impose 'a significant expansion of Governmental liability'. *Id.* (internal citations omitted)  The Supreme Court further stated that the observation that the retaliation alleged was not within the scope of his duties did not weigh in favor of a new cause of action because the real question is - whether courts are

equipped to alter the framework for addressing such claims, not whether such claims might have merit.  Each concurring and dissenting Justice found the same. *Id.* at 1807, 1810, 1811, 1817-18.  Justice Sotomayor concurred in the Majority Opinion's finding that Boule's First Amendment retaliation claim was not cognizable as the Supreme Court had **never** held that *Bivens* extends to First Amendment claims and there is "reason to pause" before allowing a First Amendment claim due to the difficulty in defining a cause of action that would not "invite claims in every sphere of legitimate governmental action." *Id.* at 1817-18.

Here, simply, Defendant Potter is a government official. *See* Dkt. 29, paras. 1, 7; Dkt. 50. As such, Defendant is entitled to Summary Judgment in this matter because, according to the United States Supreme Court in it's unequivocal decision in *Egbert*, there is no cognizable cause of action for First Amendment Retaliation against Defendant Potter as alleged by the Plaintiff in this matter.  This Court, in following the precedent of the United States Supreme Court, should dismiss Plaintiff's claim as Plaintiff fails to state a claim for which relief can be granted and summarily dismissed.

## B. Defendant Potter is Entitled to Qualified Immunity

The doctrine of qualified immunity, "shields 'governmental officials performing discretionary functions . . . from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are

alleged to have violated.' *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 172 (6th Cir. 2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). Government officials are immune from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

The Supreme Court instructs lower courts to perform a two-tiered inquiry to determine whether a defendant is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts should first determine whether "the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier*, 533 U.S. at 201. If the plaintiff establishes that a constitutional violation occurred, a court must next consider "whether the right was clearly established." *Saucier*, 533 U.S. at 201. In order for a right allegedly violated to be considered clearly defined, "the contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

In inquiring whether a constitutional right is clearly established, this Court must look first to decisions of the Supreme Court, then to decisions of this Court and other courts within our Circuit, and finally to decisions of other circuits." *Baker v. City of Hamilton*, 471 F.3d 601, 606 (6th Cir. 2006) (citing *Champion v.*

*Outlook Nashville, Inc.*, 380 F.3d 893, 902 (6th Cir. 2004) (quoting *Higgason v. Stephens*, 288 F.3d 868, 876 (6th Cir. 2002)), cert. denied sub nom *Dickhaus v. Champion*, 544 U.S. 975 (2005)). Those decisions must both point unmistakably to the unconstitutionality of the conduct complained of and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting. *Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996) (citing *Ohio Civil Serv Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177 (6th Cir. 1988)). Qualified immunity analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition[.]" *Saucier*, 533 U.S. at 201. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Brosseau v. Haugen*, 543 U.S. 194, 198- 99; 125 S. Ct. 596; 160 L. Ed. 583 (2004) (quoting *Saucier*, 533 U.S. at 201-202). In this case, Plaintiff alleges that Defendant Potter violated his constitutional rights to Free Speech by retaliating against him. However, there is no direct evidence that Potter took any action based on Plaintiff's past complaints. Plaintiff relies exclusively on circumstantial inference. To that end, Plaintiff will be unable to show that Potter should have known that choosing another candidate for the Captain's position would violate Plaintiff's clearly established rights. A reasonable manager could not

13

have known that filling a position from a group of qualified applicants would be unlawful if anyone but Plaintiff were chosen. As a result, Defendant Potter is entitled to qualified immunity. Plaintiff may subjectively disagree with Potter's decisions, but a reasonable manager in Potter's position would not have known that Potter's actions were unlawful.

### III.   <u>CONCLUSION</u>

As identified more fully above, the United States Supreme Court's decision in *Egbert* counsels this Court to dismiss Plaintiff's Claim for First Amendment retaliation against Defendant Potter as there is no such cognizable claim to be brought against government officials like Defendant Potter.  Further, Defendant Potter is entitled to qualified immunity where his carrying out of his duties in participating in interviewing and providing feedback on group of qualified applicants and filling a Captain's position could not be known to a reasonable person in his position to be unlawful if anyone but Plaintiff were chosen.  For these reasons Defendant Potter asks that the honorable Court dismiss Count I of Plaintiff's First Amended Complaint.  For the reasons in Defendant Christine Wormuth's brief, Defendant Potter asks this honorable Court to dismiss all of Plaintiff's claims.

Respectfully submitted,

BOGAS & KONCIUS, PC

*/s/ Brian E. Koncius*
Brian E. Koncius (P69278)
BOGAS & KONCIUS, PC
Attorneys for Defendant
Martin Potter, Only
31700 Telegraph Road, Suite 160
Bingham Farms, Michigan 48025
(248) 502-5000
bkoncius@kbogaslaw.com
Dated: December 19, 2022     office@kbogaslaw.com

## LOCAL RULE CERTIFICATION

I, Brian E. Koncius, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

s/Brian E. Koncius
BRIAN E. KONCIUS
Bogas & Koncius, PC