

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

477 Michigan Avenue, Room 865
Detroit, MI 48226
Detroit Direct Dial: (313) 226-4600
FAX (313) 226-2778
Website: www.eeoc.gov

|  |  |
|---|---|
| Joe Dasilva, Jr., <br>　　　Complainant, <br> <br>v. <br> <br>Mark Esper, Secretary, <br>Department of Defense, <br>　　　Agency. | EEOC No. 471-2019-00053X <br>Agency No. ARDETROIT18MAY01583 <br> <br>Administrative Judge <br>Deborah M. Barno <br> <br>Date: March 30, 2020 |

## DECISION AND ORDER ENTERING JUDGMENT

  This Decision is issued pursuant to 29 C.F.R. § 1614.109(g)(2017).  On March 11, 2020, I issued a Notice of Proposed Summary Judgment informing the parties that I had determined that the case may be appropriate for summary judgment in favor of the Agency.  The Notice outlined the legal standard for summary judgment, stated the issue(s) before me and provided the applicable substantive legal standard.  The Notice further described the grounds upon which I based my determination that the case should be dismissed, citing to the undisputed facts contained in the record before me.  The parties were directed to respond to the Notice and/or to oppose summary judgment no later than March 25, 2020.  The Complainant and Agency timely filed their responses.

  Upon review of all the evidence contained in the ROI, as well as the Complainant's response, I find that there are no genuine issues of material fact for which a hearing would be necessary.  Accordingly, summary judgment in favor of the Agency is granted.  29 C.F.R. 1614.109(g)(3).

### COMPLAINANT'S CLAIMS

  The issues in this case are:  Was the Complainant harassed (sexual) based on sex (male), national origin (Brazilian), age (YOB 1967), race (Latino) and/or reprisal when unwanted sexual in nature comments were made to the Complainant by Assistant Chief Martin Potter to include, "how much do breast implants cost" and marking that he should be able to wear a "B-cup bra." Report of Investigation (ROI), Section 3.2.

### FACTS

  The facts of this case are stated in the Notice of Proposed Summary Judgment which is incorporated by reference into this Decision.

### LEGAL STANDARD

  Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits and other evidence establish no genuine issue as to any material fact, and

the moving party is entitled to judgment as a matter of law. *See* 29 C.F.R. §1614.109(g); *see also Murphy v. Dep't of the Army*, EEOC Appeal No. 01A04099 (July 11, 2003) (noting that the regulation governing decisions without a hearing is modeled after the Federal Rules of Civil Procedure, Rule 56). Only disputes over facts that might affect the outcome of the suit under governing law, and not irrelevant or unnecessary factual disputes, will preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material factual disputes include credibility disputes where two or more people have different versions of the relevant event, and the determination of that credibility dispute will affect the outcome of the case. There is no genuine issue of material fact if the relevant evidence in the record, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the party opposing summary judgment. *Id.*

When opposing a properly supported motion for summary judgment, a party must respond with *specific facts* showing that there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *See Anderson*, 477 U.S. at 250. An opposing party may not rest upon mere allegations or denials in the pleadings or upon conclusory statements in affidavits; rather, s/he must go beyond the pleadings and support her/his contentions with proper documentary evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To defeat summary judgment, a party must show that there is sufficient material evidence supporting the claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. *Anderson*, 477 U.S. at 248-49.

The Commission cannot second-guess an Agency's decisions involving personnel unless there is evidence of a discriminatory motivation on the part of the officials responsible for making those decisions. *See Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 259 (1981). Therefore, in order to warrant a hearing on her/his discrimination claim, the Complainant would have to present enough evidence to raise a genuine issue of material fact as to whether the responsible management official(s) was motivated by unlawful reprisal for prior EEO activity in connection with the allegations of this complaint. *See* 29 C.F.R. 1614.109(g) (2016); *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000); *Harris v. Forklift Sys., Inc.* 510 U.S. 17, 22 (1993).

ANALYSIS

    I.    Hostile Work Environment

For the Complainant to establish an actionable case of hostile work environment based on sex, national origin, age, race, and/or reprisal s/he must show that (1) s/he belongs to a statutorily protected class; (2) s/he was subject to unwelcome harassment; (3) the harassment complained of was based on retaliation; (4) the harassment affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile or offensive work environment; (5) there is a basis for imputing liability to the employer. *See Munoz v. Dep't of Homeland Sec.*, EEOC Appeal No. 0120110188 (Aug. 6, 2012); *Humphrey v. U.S. Postal Serv.,* EEOC Request No. 01965238 (October 16, 1998), quoting from *Henson v. City of Dundee*, 682 F.2d 897, 903-05 (11th Cir. 1982) and 29 C.F.R. § 1604.11; and *Fennell v. Small Bus. Admin.,* EEOC Request No. 01A04742 (June 21, 2001).

DEF-0058

Further, whether the harassment is severe or pervasive enough to trigger a statutory violation must be determined by looking at all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 23 (1993). The conduct complained of must be objectively and subjectively offensive and hostile or abusive from the perspective of a reasonable person. The victim must also perceive the conduct to be hostile or abusive. *Id.* at 21. "'Simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions' of employment." *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

In the context of supervisory liability, employers are subject to vicarious liability for unlawful harassment by supervisors. Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries v. Ellerth, 524 U.S. 742 (1998). The standard of liability set forth in these decisions is premised on two principles: (1) an employer is responsible for the acts of its supervisors, and (2) employers should be encouraged to avoid or limit the harm from harassment. In order to accommodate these principles, the Court held that an employer is always liable for a supervisor's harassment if it culminates in a tangible employment action. Where, as in this case, harassment does not result in a tangible employment action, the employer may prove an affirmative defense comprised of two elements: (1) that the employer exercised reasonable care to prevent and correct promptly any harassing behavior, and (2) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. Faragher, id.; Burlington Industries v. Ellerth, id.

In this case, the Complainant argues that summary judgment is inappropriate because the proposed findings of fact stated that there was one comment when, in fact, there had been prior comments. The Complainant had also believed that a prior negotiated settlement would have curtailed any future comments. The Complainant's recitation of the facts stated in the Notice of Proposed Summary Judgment is not exactly correct. There was no reference to prior comment**s** (emphasis added). Instead there was a reference to one prior comment, i.e. "I bet you can hold a pencil under your boobs and not let it drop." It was appropriate for the Agency to address this allegation with a negotiated settlement agreement. Regardless, this one comment alone does not meet the legal threshold of establishing a hostile work environment.

Similarly, the one additional comment at issue in this case, does not meet the legal threshold for establishing a hostile work environment. Even considering the two comments together, it amounts to nothing more than simple teasing or offhand comments that do not amount to discriminatory changes in the 'terms and conditions' of employment. *See Faragher, supra.* The Complainant has a legal burden to establish that a hostile work environment existed before there can be any consideration of whether the Agency took prompt remedial action. The Complainant did not provide specific facts regarding additional comments, if any, that had been made to create a genuine issue of fact on this issue.

DEF-0059

CONCLUSION

Based on the foregoing, I find that there are no genuine issues of material fact for hearing. Accordingly, I hereby enter summary judgment in favor of the Agency.

It is so ORDERED.

For the Commission: *Deborah M. Barno*
Administrative Judge
EEOC – Detroit Field Office

**NOTICE TO THE PARTIES**

*TO THE AGENCY*:

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, August 5, 2015, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

*TO THE COMPLAINANT*:

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge.  Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations.  In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

*WHERE TO FILE AN APPEAL*:

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

BY MAIL:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

BY PERSONAL DELIVERY:

U.S. Equal Employment Opportunity Commission
Office of Federal Operations
131 M Street, NE
Suite 5SW12G
Washington, DC  20507

BY FACSIMILE:

Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency.  If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance.  The agency shall resolve the matter and respond to the complainant in writing.  If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action.  The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination.  A copy of the appeal must

be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the **Decision and Order Entering Judgment** was uploaded into FED/SEP, e-mailed, and/or served via U.S. Mail on March 30, 2020 to the following individuals at their respective addresses:

Joe DaSilva, Jr.
Complainant

Solomon M. Radner
Complainant's Counsel

Steven Whittington
Agency Counsel



*Deborah M. Barno*
Deborah M. Barno
Administrative Judge

6

DEF-0062