UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

      Plaintiff,                       Civil No. 20-11358

v.                                  Honorable Mark A. Goldsmith

CHRISTINE WORMUTH,          Magistrate Judge Anthony P. Patti
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

      Defendants.

_____

**DEFENDANT CHRISTINE WORMUTH'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

_____

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... iii

INTRODUCTION ...................................................................................1

BACKGROUND ....................................................................................1

ANALYSIS ...........................................................................................5

   A. Legal standard governing motions to amend. ....................................5

   B. Plaintiff's arguments. ...................................................................7

   C. Plaintiff unduly delayed in seeking leave to amend; Defendant would suffer significant prejudice if amendment were permitted..........................................8

   D. The proposed claims, if permitted, would not survive a motion to dismiss and would be futile................................................................12

      1. First Amendment retaliation claim would not survive a motion to dismiss. .......................................................12

      2. Any ELCRA claim would not survive a motion to dismiss. ......................14

      3. The tort claims would not survive a motion to dismiss. ............................15

CONCLUSION......................................................................................17

CERTIFICATION OF SERVICE...............................................................19

LOCAL RULE CERTIFICATION ............................................................19

# TABLE OF AUTHORITIES

## Cases

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
  403 U.S. 388 (1971) ........................................................................ 13, 14

*Blakely v. United States*, 276 F.3d 853 (6th Cir. 2002) ...........................................16

*Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925 (6th Cir. 2020) ...............6

*Douglas v. United States*, 658 F.2d 445 (6th Cir. 1981) ........................................17

*Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) .................... 6, 9, 12

*Egbert v. Boule*, 142 S. Ct. 1793 (2022) ............................................................ 13, 14

*Ellison v. United States*, 531 F.3d 359 (6th Cir. 2008) ...........................................16

*Enriquez-Perdomo v. Newman*, 54 F.4th 855 (6th Cir. 2022) ................................13

*Greene v. United States*, No. 21-5398, 2022 WL 13638916
  (6th Cir. Sept. 13, 2022) ....................................................................................13

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117 (6th Cir. 1989) ...................................6

*McNeil v. United States*, 508 U.S. 106 (1993) ........................................................16

*Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579 (6th Cir. 1990) ...........5

*Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001) .........................................................13

*SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351 (6th Cir. 2014)............12

*Siegner v. Twp. of Salem*, 654 F. App'x 223 (6th Cir. 2016) ...................................6

*Silverstein v. Fed. Bureau of Prisons*, No. 07–cv–02471–PAB–KMT,
  2011 WL 588717 (D. Colo. Feb. 10, 2011)...........................................................6

*United States v. Sherwood*, 312 U.S. 584 (1941) ...................................................16

*Zareck v. Corr. Corp. of Am.*, 809 F. App'x 303 (6th Cir. 2020)...........................12

## Statutes

28 U.S.C. § 1346(b) .................................................................................................16

28 U.S.C. § 1927 .....................................................................................................14

28 U.S.C. § 2675(a) ..................................................................................................16

28 U.S.C. § 2679(b)(1)............................................................................................16

42 U.S.C. § 1983 ........................................................................................... 1, 12, 13

**Rules**

Fed. R. Civ. P. 11(b)(1)...........................................................................................14

Fed. R. Civ. P. 11(b)(2)...........................................................................................14

Fed. R. Civ. P. 15(a)(1)(A) .......................................................................................5

Fed. R. Civ. P. 15(a)(2)..............................................................................................5

**Regulations**

28 C.F.R. § 14.2(a)..................................................................................................17

## INTRODUCTION

Plaintiff has moved for leave to amend his complaint and add claims against Arthur Young in his individual capacity. This motion should be denied for multiple reasons, including: (i) Plaintiff delayed in seeking leave to add Young as a defendant; (ii) Defendant would be prejudiced if Plaintiff were permitted to add Young as a defendant; and (iii) the amendment, if permitted, would be futile because the proposed claims against Young would not survive a motion to dismiss.

## BACKGROUND

The case background is set forth in Defendant's pending motion for summary judgment. The following procedural background is relevant to the present motion. Plaintiff filed this action on May 28, 2020, naming Mark Esper, then-Secretary of Defense, Fire Chief Sean Edwards, and Assistant Fire Chief Martin Potter as defendants, each in both their official and individual capacities. The complaint contained five counts:

Count I: First Amendment retaliation against Defendant Potter under 42 U.S.C. § 1983

Count II: Sexual harassment and gender stereotyping under Title VII

Count III: Fourth and Fourteenth Amendment "bodily integrity" claim against Defendant Potter under 42 U.S.C. § 1983

Count IV: Constitutional violations by Esper and Potter

Count V: Sex and weight discrimination under Michigan's Elliott-Larsen Civil Rights Acts

(ECF No. 1.)

After Plaintiff declined Defendants' requests to dismiss or amend the complaint made pursuant to Local Rule 7.1(a), Defendants moved to dismiss on February 18, 2021. (ECF Nos. 26, 27.)

Plaintiff amended his complaint on March 4, 2021. (ECF No. 29.) On March 8, 2021, the Court denied the motions to dismiss as moot given that Plaintiff had timely amended his complaint. (ECF No. 30.)

In the amended complaint, Plaintiff dropped one of his constitutional claims, the Fourth and Fourteenth Amendment "bodily integrity" claim, but continued to assert a First Amendment retaliation claim against Potter. Plaintiff also continued to assert ELCRA claims and added an ELCRA retaliation claim. Plaintiff also added state-law tort claims for negligent and intentional infliction of emotional distress, along with retaliation claims under both Title VII and ELCRA. (ECF No. 29.)

On March 16, 2021, a designee of the Attorney General filed a scope certification certifying that Defendant Potter was acting within the scope of his employment at the time of the events alleged in the amended complaint and substituting the United States in place of Potter as the sole defendant as to the tort claims in the amended complaint. (ECF No. 31.)

On March 18, 2021, Defendants filed motions to dismiss the amended complaint. (ECF Nos. 32, 33.)

On March 26, 2021, after Plaintiff indicated an intent to object to the scope certification, the Court ordered the parties to file memoranda addressing the proper procedure for adjudicating Plaintiff's objection to the scope certification. (ECF No. 36.) The Court adjourned Plaintiff's deadline to respond to Defendants' motions to dismiss pending resolution of the scope issue. (*Id.*)

On April 15, 2021, the Court issued an order addressing procedural issues governing Plaintiff's intent to object to the Attorney General's scope certification and setting a briefing schedule. (ECF No. 39.) The parties filed briefs, as instructed, on April 26 and May 10, 2021. (ECF Nos. 40, 41.)

On October 29, 2021, the Court issued an order directing Plaintiff to respond to the pending motions to dismiss, (ECF No. 42), and Plaintiff filed his response brief on January 18, 2022. (ECF No. 46.) In his response, Plaintiff withdrew his tort claims for negligent and intentional infliction of emotional distress. (ECF No. 50, PageID.309 n.5.)

On February 9, 2022, the Court granted in part and denied in part the Army's motion to dismiss. (ECF No. 50.) Specifically, the Court dismissed Plaintiff's ELCRA claims due to sovereign immunity and Title VII exclusivity. (ECF No. 50, PageID.322-324.) The Court otherwise denied the motion.

On April 1, 2022, the Court issued a Case Management and Scheduling Order setting case deadlines, including a discovery cutoff of September 26, 2022, and a dispositive motion deadline of October 14, 2022. (ECF No. 60.)

On September 15, 2022, Plaintiff filed an unopposed motion to extend discovery, (ECF No. 70), which the Court granted on October 5, 2022, extending the discovery deadline to November 18, 2022, and the dispositive motion deadline to December 2, 2022. (ECF No. 74.)

On September 8, 2022, Plaintiff first noticed the deposition of Arthur Young to occur on September 28, 2022. Exhibit 1 – Email and Notice of Deposition. The deposition was adjourned several times and eventually occurred on November 9, 2022. (ECF No. 90-15, PageID.881.)

On November 10, 2022, during a hearing on two discovery motions, Plaintiff's counsel informed the Court (and defense counsel) that Plaintiff intended to file a motion for leave to amend the complaint.

On November 14, 2022, the Court further extended the discovery deadline to December 6, 2022, and the dispositive motion deadline to December 19, 2022. (ECF No. 83.)

On December 6, 2022 – the final day of discovery and 27 days after informing the Court of Plaintiff's intent to seek leave to amend his complaint – Plaintiff filed

his motion for leave to amend the complaint. (ECF No. 84.) The motion was re-filed on December 9, 2022, after it was struck by the Court. (ECF Nos. 85, 86.)

On December 15, 2022, the Army filed an unopposed motion to adjourn the dispositive motion deadline of December 19, 2022, pending resolution of Plaintiff's motion for leave to amend the complaint, arguing that Defendant would suffer prejudice if required to file her motion for summary judgment while Plaintiff's motion for leave to amend the complaint remained pending. (ECF No. 87.) The Court denied the motion on the same day. (ECF No. 88.)

On December 19, 2022, the Army filed a motion for summary judgment. (ECF No. 90.) Potter, in his individual capacity, also filed a motion for summary judgment. (ECF No. 89.) Plaintiff's deadline to respond to both motions is January 9, 2023.

## ANALYSIS

**A.    Legal standard governing motions to amend.**

Federal Rule of Civil Procedure 15(a)(1)(A) provides a plaintiff the right to amend a complaint "once as a matter of course within . . . 21 days after serving it." In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend is within the sound discretion of the court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

While Federal Rule of Civil Procedure 15(a) provides that courts should freely give leave to amend, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020). The factors considered in resolving a motion or leave to amend include undue delay in filing the motion to amend, prejudice to the opposing party, and futility of the proposed amendment. *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "This court requires at least some significant showing of prejudice to deny a motion to amend based solely upon delay." *Church Joint Venture*, 947 F.3d at 934 (cleaned up). "The longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id.* Allowing amendment "after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed," "would create significant prejudice to the defendants." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). *See also Siegner v. Twp. of Salem*, 654 F. App'x 223, 228 (6th Cir. 2016) ("Allowing an amendment after discovery is closed and summary judgment motions are 'fully briefed' imposes significant prejudice on defendants."); *Silverstein v. Fed. Bureau of Prisons*, No. 07–cv–02471–PAB–KMT, 2011 WL 588717, at *2 (D. Colo. Feb. 10, 2011) ("Defendants would be prejudiced if discovery were reopened in light of the fact that their summary judgment motion has already been filed.").

## B.    Plaintiff's arguments.

In his motion for leave to amend the complaint, Plaintiff states that he took the deposition of Young on November 17, 2022, at which time he was put on notice of "[t]he extent of [his] involvement" in this matter. (ECF No. 86, PageID.596.) Plaintiff seeks to add Young as a defendant for two reasons: (i) because he "was aware of the first complaint that Plaintiff filed against Defendant Potter," but "did not notify Defendant Potter that a complaint had been filed against him while simultaneously assuring Plaintiff that he had talked to Defendant Potter and the behavior that gave rise to the complaint would not occur again"; and (ii) because "Young allowed Defendant Potter to sit on the promotions board for Plaintiff following the mishandling of the complaint." (*Id.* at PageID.596.)

Plaintiff argues that "Defendants cannot demonstrate substantial prejudice resulting from the proposed amendment as the full extent of Arthur Young's involvement was not disclosed until the deposition of Arthur Young on November 17, 2022." (*Id.* at PageID.597.) Plaintiff states that "Defendants delayed the production of Arthur Young for deposition. It was not until the deposition of Arthur Young on November 22, 2022, that Plaintiff was aware of his involvement in Plaintiff's claims." (*Id.*) Plaintiff also argues that "Young was not produced for deposition until the day before the close of discovery." (*Id.* at PageID.596.)

7

Plaintiff appears to propose adding Young as a Defendant to Count I, which asserts a First Amendment retaliation claim against Defendant Potter in his individual capacity. (ECF No. 86-2, PageID.624-626.) Plaintiff then proposes to reinstate his claims under Michigan's Elliott-Larsen Civil Rights Act – claims that this Court previously dismissed. (*Id.* at PageID.630-633.) Plaintiff also proposes to revive tort claims against Potter that Plaintiff previously withdrew. (*Id.* at PageID.633-634.) Finally, Plaintiff proposes to add tort claims against Young. (*Id.* at PageID.634-635.)

## C.    Plaintiff unduly delayed in seeking leave to amend; Defendant would suffer significant prejudice if amendment were permitted.

Plaintiff's motion includes multiple misstatements. First, Young was deposed on November 9, 2022 – not on November 17, 2022, as claimed by Plaintiff, and not the day before discovery ended (i.e., December 5, 2022), as Plaintiff also claims. Thus, even accepting Plaintiff's argument that the extent of Young's involvement was not known until his deposition, that date was earlier than Plaintiff incorrectly claims in his motion. Accepting as true that the extent of Young's involvement was not known until his deposition, Plaintiff still waited 27 days – from November 9 to December 6, 2022 – to seek leave to amend. Plaintiff offers no explanation or justification for this delay, which resulted in Plaintiff moving to amend on the day of the discovery deadline and a mere two weeks before the dispositive motion deadline. This delay prejudiced Defendant. Defendant was forced to file a motion to

adjourn the dispositive motion deadline. That motion was denied, and Defendant was then required to file her motion for summary judgment while a motion for leave to amend the complaint is pending. *See Duggins*, 195 F.3d at 834 (allowing amendment "after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed," "would create significant prejudice to the defendants").

Second, Plaintiff's assertion that Defendant "delayed the production of Arthur Young for deposition" is false. Plaintiff does not explain this. The Court issued its Case Management and Scheduling Order on April 1, 2022. (ECF No. 60.) Plaintiff could have taken Young's deposition at any time after this date. Instead, he noticed Young's deposition on September 8, 2022 – more than five months after the start of discovery. Exhibit 1 – Email and Notice of Deposition. Defendant did not "delay" producing Young, as Plaintiff could have noticed his deposition earlier. Plaintiff offers no explanation why he did not notice Young's deposition earlier in the discovery period.

Third, Young's deposition did not reveal anything new. Plaintiff faults Young – and wishes to add him as a defendant – because he did not inform Potter of Plaintiff's "first complaint." (ECF No. 86, PageID.596.) Defendant assumes that Plaintiff is referring to Plaintiff's 2017 EEO complaint, which chiefly alleged harassment by Fire Chief Sean Edwards – not Potter. (ECF No. 90-11, PageID.866.)

Plaintiff settled the 2017 EEO complaint and entered into a negotiated settlement agreement that required Defendant to investigate Edwards' "alleged rude and discourteous behavior." The settlement agreement did not require Young or anyone else to take any action towards, or investigate, Potter. (ECF No. 90-12, PageID.869-870.) Under the settlement agreement, Defendant was under no obligation to do what Plaintiff faults Young for not doing. Plaintiff could have potentially negotiated a different settlement, but he did not.

Plaintiff also suggests that Young's deposition revealed that Young allowed Potter to sit on the interview panel for Plaintiff's 2019 application for a promotion to captain. Yet Defendant produced an email on August 16, 2022, three months prior to Young's deposition, from Garrison Manager Joe Moscone to Plaintiff dated October 23, 2019, whereby Moscone informed Plaintiff that Young was managing the panel selection process and directed Plaintiff to talk to Young regarding Plaintiff's concerns about Potter sitting on his interview panel. Exhibit 2 – Moscone Email. This email reminded Plaintiff that Young was involved in the decision to allow Potter to sit on the interview panel. Plaintiff's argument that he did not learn of the possibility of Young's involvement in formulating Plaintiff's interview panel until Young's deposition on November 9, 2022, is thus incorrect. Moscone's email to Plaintiff in 2019 would have put Plaintiff on notice that Young had knowledge regarding the composition of Plaintiff's interview panel and Potter's inclusion on

the panel. Plaintiff was then reminded of Young's involvement when the email was produced to Plaintiff on August 18, 2022.

Even setting aside the email that Plaintiff received from Moscone in 2019, Plaintiff had discovery tools at his disposal to learn of Young's involvement before Young's deposition. For example, Plaintiff could have served an interrogatory seeking information on the decision to include Potter on the interview panel.

These facts show that Plaintiff delayed in seeking leave to amend. And there are multiple, independent periods of delay. In 2019, Plaintiff had the knowledge to assert a claim against Young in his initial complaint (or first amended complaint). This is the first period of delay. The second period of delay is from August 16, 2022, when Moscone's email was produced during discovery, to December 6, 2022, when Plaintiff filed his motion for leave to amend. The third period of delay is from November 9, 2022, the day of Young's deposition, until December 6, 2022. Plaintiff knew that he intended to seek leave to amend the complaint as of November 10, 2022, because Plaintiff's counsel informed the Court of his intention at a discovery hearing that day, but then waited 27 days – until the final day of discovery – to file the motion.

These delays combined to prejudice Defendant, forcing her to file her motion for summary judgment during the pendency of Plaintiff's motion for leave to amend.

The Sixth Circuit has held that this posture results in "significant prejudice" to a defendant. *Duggins*, 195 F.3d at 834.

**D. The proposed claims, if permitted, would not survive a motion to dismiss and would be futile.**

Plaintiff wishes to amend his complaint to add: (i) a First Amendment retaliation claim against Young pursuant to 42 U.S.C. § 1983; (ii) ELCRA claims; and (iii) tort claims for negligent and intentional infliction of emotional distress. "[C]ourts need not give leave to amend when doing so would be futile." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014). "Amending would be futile if a proposed amendment would not survive a motion to dismiss." *Id*. Here, none of the proposed new claims would survive a motion to dismiss.

**1. First Amendment retaliation claim would not survive a motion to dismiss.**

Plaintiff seeks leave to amend to assert a First Amendment retaliation claim against Young under 42 U.S.C. § 1983. Yet federal employees are not subject to liability under § 1983.

To state a claim under § 1983, a plaintiff must allege facts that show a violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Young is not a state actor and cannot be held liable under § 1983. *See, e.g.*, *Zareck v. Corr. Corp. of Am.*, 809 F. App'x 303, 305 (6th Cir. 2020) ("§ 1983 claims may be brought against only state, not federal, actors.").

Plaintiff's proposed First Amendment retaliation claim against Young is properly construed as a proposed claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001) (observing that § 1983 and *Bivens* actions are identical except for the requirement of a state actor under § 1983 and federal actor under *Bivens*). But a *Bivens* claim against Young for First Amendment retaliation is now barred by *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022), which held that "there is no *Bivens* action for First Amendment retaliation."

Earlier this month, in *Enriquez-Perdomo v. Newman*, 54 F.4th 855 (6th Cir. 2022), the Sixth Circuit applied *Egbert* to hold that "Enriquez-Perdomo's First Amendment retaliation claim is not viable after *Egbert*." And a few months earlier, the Sixth Circuit observed that, after *Egbert*:

> *Bivens* claims are currently limited to three situations: 1) a Fourth Amendment claim against federal narcotics agents for an illegal seizure, 2) a Fifth Amendment claim against a member of Congress for sex discrimination, and 3) an Eighth Amendment claim against prison officials for inadequate medical care.

*Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *3 (6th Cir. Sept. 13, 2022).[1] Plaintiff's First Amendment retaliation claim against Potter and proposed

---

[1] Even this summary is almost certainly overly broad in light of Egbert's instructions to courts on how to evaluate *Bivens* ongoing claims.

First Amendment retaliation claim against Young do not fall into the three discrete categories of permissible *Bivens* claims.

Counsel for Potter informed Plaintiff's counsel of *Egbert* months ago. Exhibit 3 – Emails. Plaintiff refused to withdraw the claim against Potter even when informed of *Egbert*. And Plaintiff has now doubled down by attempting to assert the same claim against Young.

Plaintiff's proposed First Amendment retaliation claim against Young would thus not survive a motion to dismiss, making any amendment futile. For the same reasons, the First Amendment retaliation claim against Potter must also be dismissed, as *Egbert* makes abundantly clear that courts have "'a concomitant responsibility' to evaluate any grounds that counsel against *Bivens* relief." *Egbert*, 142 S. Ct. at 1807 n.3.

**2.    Any ELCRA claim would not survive a motion to dismiss.**

As the Court previously decided, Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment and is exclusive and preemptive of the ELCRA claims. (ECF No. 50, PageID.322-324.) This is the law of the case. Plaintiff's attempt to reassert his previously dismissed ELCRA claims in light of the Court's prior holding is groundless. *See* Fed. R. Civ. P. 11(b)(1), (2); 28 U.S.C. § 1927. Plaintiff does not acknowledge the Court's earlier ruling in his motion and makes no effort to explain why he believes he is entitled to reassert

ELCRA claims. Allowing Plaintiff to reassert his ELCRA claims would be futile; these claims also would not survive a motion to dismiss.

### 3.  The tort claims would not survive a motion to dismiss.

Plaintiff also seeks to bring back tort claims alleging negligent and intentional infliction of emotional distress. In his first amended complaint (ECF No. 29), Plaintiff brought these same claims against Potter. These must, again, be construed as claims brought against the United States. A designee of the United States Attorney General found that Potter was acting in the scope of his employment and substituted the United States as the sole defendant to these claims under the Federal Tort Claims Act (FTCA). The Court ordered briefing on the issue of substitution, (ECF No. 36), which the parties filed. (ECF No. 37, 38.) Plaintiff later filed an objection to the Attorney General's scope determination. (ECF No. 40.) In his opposition to Defendant's motion to dismiss the first amended complaint, filed on January 18, 2022, Plaintiff withdrew the tort claims. (ECF No. 46, PageID.273.)

Plaintiff should not be allowed to revive claims that he previously withdrew. Allowing these claims would prejudice Defendant and delay these proceedings. If Plaintiff were permitted to amend to revive his tort claims, a designee of the Attorney General would, in all likelihood, certify that Young was acting within the scope of his employment at the time of the alleged wrongdoing. At that point, the United States would be substituted for Young as the sole defendant on the tort claims, the

claims would proceed under the FTCA, and they would be subject to dismissal for failure to exhaust administrative remedies under the FTCA. (*See* ECF No. 32, PageID.134-136.)

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA provides the exclusive waiver of sovereign immunity for suits sounding in tort against the United States, its agencies, and/or its employees acting within the scope of employment. *See* 28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b)(1). But this waiver of sovereign immunity is "limited," and Congress has placed "several conditions" on it. *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008). One of the limitations Congress placed on the FTCA is that plaintiffs may not initiate suit against the United States under the FTCA before they exhaust the administrative tort claim procedure described in the Act. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002).

Specifically, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). A claimant presents an administrative claim to an agency under § 2675(a) of the FTCA when he or she "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places

a value on his or her claim." *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981); *see also* 28 C.F.R. § 14.2(a) (setting forth requirements for administrative claims under FTCA).

Plaintiff here does not allege in his proposed amended complaint that he presented a claim to the appropriate agency, the Department of the Army. Nor has a diligent search of the agency's records revealed any record of a claim. Exhibit 4 – Declaration of James Green ¶¶ 1-2. Accordingly, if Plaintiff were permitted to amend his complaint to add tort claims against Young, those claims would proceed under the FTCA and would be dismissed for failure to exhaust.

## CONCLUSION

Plaintiff had the knowledge earlier to bring his proposed claims against Young, yet waited until the last day of discovery, which prejudiced Defendant. This alone is sufficient to justify denial of the requested amendment. But even setting aside Plaintiff's undue delay and resulting prejudice to Defendant, the proposed amendment, if permitted, would be futile because the proposed new claims would not survive a motion to dismiss. Plaintiff's motion for leave to amend his complaint should be denied.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*/s/ Benjamin A. Anchill*
Benjamin A. Anchill (P70968)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9566
benjamin.anchill@usdoj.gov

Dated: December 27, 2022

**CERTIFICATION OF SERVICE**

I hereby certify that on December 27, 2022, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system, which will send notification

of such filing to the ECF participants in this case.

> *s/Benjamin A. Anchill*
> BENJAMIN A. ANCHILL
> Assistant U.S. Attorney

**LOCAL RULE CERTIFICATION**

I, Benjamin A. Anchill, certify that this document complies with Local Rule

5.1(a), including: double-spaced (except for quoted materials and footnotes); at

least one-inch margins on the top, sides, and bottom; consecutive page numbering;

and type size of all text and footnotes that is no smaller than 10-1/2 characters per

inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify

that it is the appropriate length. Local Rule 7.1(d)(3).

> *s/Benjamin A. Anchill*
> BENJAMIN A. ANCHILL
> Assistant U.S. Attorney