**From:** Brian E. Koncius <bkoncius@kbogaslaw.com>
**Sent:** Monday, August 22, 2022 10:31 AM
**To:** Jill Fultz <JillFultz@kaltmanlaw.com>; Anchill, Benjamin (USAMIE) <Benjamin.Anchill@usdoj.gov>; General Email <office@kbogaslaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Liti <liti@kaltmanlaw.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Michelle Benvenuto <michellebenvenuto@kaltmanlaw.com>
**Subject:** Request to Consider Intervening Authority and for Concurrence in Dismissal of Claim against Defendant Potter

Keith –
Before we all spend more time and money on this matter I wanted to bring to your attention the attached case from the United States Supreme Court that is directly on point regarding the remaining Claim against Defendant Potter in his individual capacity.  The case is *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022), which was decided in the last couple of months.  In *Egbert*, the Supreme Court unambiguously wrote: "we hold that there is no *Bivens* action for First Amendment retaliation." Please note, the three dissenting Justices also agreed with the majority that there is no *Bivens* remedy for First Amendment retaliation.  Therefore the Court stood unanimous on that aspect of the holding.  Please review this case and let me know if you will agree to dismiss that Claim against Potter.
-bk

BRIAN E. KONCIUS
BOGAS & KONCIUS PC
P 248.502.5000

Be Safe.  Be Well.

**From:** Brian E. Koncius <bkoncius@kbogaslaw.com>
**Sent:** Tuesday, October 18, 2022 5:49 PM
**To:** Michelle Benvenuto <michellebenvenuto@kaltmanlaw.com>
**Cc:** Keith Altman <keithaltman@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Liti <liti@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Jill Gelhausen <JillFultz@kaltmanlaw.com>
**Subject:** Re: DaSilva v. Potter, et al. - Outstanding Discovery

Your email is incorrect on so many levels that I will not go through them all.  You have received the responses to interrogatories. I can resend those if somehow you believe that you have not.  As discussed multiple times, the documents are the Army's property and we are working with them to provide anything that may not have been provided in the production through the Army responses.  As to a settlement offer, there has only been global demands and global responses.

==Also, please confirm that despite the Supreme Court's clear ruling in Egbert, Plaintiff still refuses to dismiss the claims against Potter in his individual capacity.  If that is the case we will prepare the case to present to Judge Goldsmith as intervening authority and seek sanctions for not voluntarily dismissing the improper claims brought against him.==
Thank you.


Brian E. Koncius
BOGAS & KONCIUS PC
31700 Telegraph Road
Suite 160
Bingham Farms, MI  48025


**From:** Michelle Benvenuto <michellebenvenuto@kaltmanlaw.com>
**Sent:** Tuesday, October 18, 2022 4:44:20 PM
**To:** Brian E. Koncius <bkoncius@kbogaslaw.com>
**Cc:** Keith Altman <keithaltman@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Liti <liti@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Jill Gelhausen <JillFultz@kaltmanlaw.com>
**Subject:** DaSilva v. Potter, et al. - Outstanding Discovery

Mr. Koncius,