UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR., ) Civil No. 20-11358
) Hon. Mark A. Goldsmith
Plaintiff, )
v. )
)
CHRISTINE WORMUTH, )
Secretary of the Army, and )
MARTIN POTTER, in his )
individual capacity )
)
Defendant. )
____________________________)

DEPOSITION OF JOE DASILVA, JR.

DATE: Wednesday, September 7, 2022

TIME: 10:00 a.m. to 4:27 p.m.

FACILITATED BY: Free State Court Reporting

PURSUANT TO: Notice by counsel for the Defendant for purposes of discovery, use at trial, or such other purposes as permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence

REPORTED BY: JEREMY TIEKING

attitude like they change. They're like you better know your job, and you know, it's not my job to save you, and you know all these things. So, but that did happen, the accident.

Q. Do you -- do you believe that any -- the firefighter -- well, who reacted like -- who failed to help you?

A. Captain Skabilia was the captain on that day. He said he even moved, and he knew it was going to hit me.

Q. But he's not one of the people that you listed as being someone who discriminated or retaliated against you or created a hostile work environment for you.

A. You're asking me what possibly changed, and I'm telling you what could have changed. I don't know, but people change as they move up in rank and do things.

Q. Do you allege that Skabilia discriminated against you?

A. I'm not saying that. I feel uncomfortable that he didn't stop what he was doing to make sure I was okay, so that was a little, you know. The guy -- some of the guys said we don't trust you because you went against management, or you know, you filed this against Potter and he's a good chief, and he's -- I'm like well, I'm sorry. He's a good chief to you, but he's not a good chief to me, what he did to me.

Q. Are you naming Skabilia as someone who discriminated against you, retaliated against you, or created a hostile



FREE STATE REPORTING, INC.
Court Reporting Transcription

Electronically signed by Jeremy Tieking (501-087-518-8444) f4927a5a-79e5-479a-8c66-b3976bf91360

work environment toward you?

A. No.

Q. Okay.

A. I'll say no.

Q. Who else failed to come to your rescue during the fire that you mentioned a minute ago other than Skabilia?

A. Well, the driver couldn't do anything, so, I don't know. It's just they probably had -- they were busy, and they probably had something to do, so. So, I don't know anybody. There was only three or four of us there, so.

You just asked me what I thought. I thought the guys would stop, and maybe now that I'm thinking about it, they might have -- couldn't stop what's going on, so, to probably save me, so, I don't know. So, just being honest with you of what I thought, you know.

jQ. Did you report that incident to your -- to anyone? The fire in which you got knocked out?

A. That was -- there was an incident done because I had to go to the hospital.

Q. Okay.

A. Yeah, so.

Q. There was an incident report done?

A. I believe so. I mean, I went to the hospital. We were helping another city, so.

Q. Do you allege as part of this lawsuit that anyone



FREE STATE REPORTING, INC.
Court Reporting Transcription

Electronically signed by Jeremy Tieking (501-087-518-8444) f4927a5a-79e5-479a-8c66-b3976bf91360

reacted in a way that was discriminatory or retaliatory with regard to the fire that you just mentioned?

A. Not in the fire that I mentioned, probably not, but the way they treat me at the station and stuff, you know.

Q. So, let me ask you that question again then. Has anyone said or done anything to you that you consider to be threatening as part of your claim -- as part of the claims that you make in this case?

MR. ALTMAN: Objection, form, asked and answered.

THE WITNESS: Did I answer it?

MR. ALTMAN: Go ahead and answer.

THE WITNESS: I think that I feel the threat of them not taking my complaint serious. I felt threatened after. I felt unsafe. I felt scared. I felt every time I went to work great, I got the EEO, I've got the SHARP, I think I got the director now pissed off at me, and you know, am I really going to be safe if a fire happens or something's going on or what's happening, you know. I felt that way. It's like a natural instinct, like great because I know everybody's pissed that I did this, so, I feel unsafe because basically they did not take this seriously. They didn't do what they were supposed to. So, yeah, I do feel unsafe and -- and scared at work.

BY MR. ANCHILL:

Q. And when you say they didn't take this seriously,



FREE STATE REPORTING, INC.
Court Reporting Transcription

Electronically signed by Jeremy Tieking (501-087-518-8444) f4927a5a-79e5-479a-8c66-b3976bf91360

-- yes, sir. I guess I stand corrected because I didn't have anything in front of me, so.

Q. So, the earlier references to the 2016 EEO complaint are really the EEO complaint that's exhibit three that you're looking at now?

A. Well. Okay, say that again.

Q. Yeah. So, earlier we discussed a 2016 EEO complaint.

A. Right.

Q. I think that refers to the complaint that you're holding in your hand right now, which is exhibit three, which was really done in 2017. Is that correct?

A. Yes, but it falls back on the reprisal of the 20 --

Q. I understand. I'm only asking about the filing date.

A. Okay, yeah, so obviously, yeah. The filing date says this, yes, sir.

Q. You initially contacted the EEO counselor on February 6th, 2017?

A. Hold on a second.

Q. If you flip to the first page, I think I highlighted it.

A. That -- that's what the date says, yes, February 6th, 2017.

Q. If you flip to the next page under basis of



FREE STATE REPORTING, INC.
Court Reporting Transcription

Electronically signed by Jeremy Tieking (501-087-518-8444) f4927a5a-79e5-479a-8c66-b3976bf91360

Q. Did you ever make fun of or poke fun at his stomach during a weight loss competition or a biggest loser challenge?

A. I might have. I don't remember to be honest with you. Now you're kind of telling me something, yeah, the weight loss thing, I might have.

Q. And is that what triggered Potter to then say well, you ought to wear a bra?

A. I don't know sir if that's what triggered it. That I don't know.

MR. ALTMAN: One second.

(Brief pause in proceeding.)

BY MR. ANCHILL:

Q. All right, on exhibit three, please flip to page DEF-730 and 731. It's in the lower righthand corner. You and the Army entered into a settlement agreement to settle your 2017 EEO complaint, right?

A. Yes.

Q. Is that your signature on that agreement?

A. Yes, sir.

Q. You signed on March 16, 2017?

A. Yes, sir.

Q. Under paragraph A of the agreement it says that the Army agreed to conduct an inquiry into Edward's alleged rude and discourteous behavior towards you. Do you know one way


FREE STATE REPORTING, INC.
Court Reporting Transcription

Electronically signed by Jeremy Tieking (501-087-518-8444) f4927a5a-79e5-479a-8c66-b3976bf91360

or another whether or not that inquiry took place?

A. Well, yeah, because Chief Edwards made the statement that that was the first time he'd ever been written up.

Q. Okay.

A. Or counseled. That was the first time he'd ever been counseled.

Q. Did Edwards ever make an inappropriate statement to you again after that? After he was written up and counseled?

A. I don't remember what day that was, sir. So I don't know. Don't remember.

Q. Under paragraph 3A of that agreement it says "The Army agrees not to take any disciplinary action against you for acts prior to March 2, 2017." What is this a reference to?

A. I don't remember.

Q. Was there any discipline potentially in the works?

A. I don't remember, sir.

Q. In any event, did the Army live up to that aspect of that agreement? Did they ever discipline you for something before March 2, 2017?

A. No.

Q. Please look at paragraph 6. It says, "In addition, complainant agrees to waive his right to pursue administrative or judicial action in any form concerning the matters raised in this complaint and that they will not be



FREE STATE REPORTING, INC.
Court Reporting Transcription

Electronically signed by Jeremy Tieking (501-087-518-8444) f4927a5a-79e5-479a-8c66-b3976bf91360

Q. Not aware of that, okay. Are you aware that Olman also felt that your remarks created a hostile work environment?

A. Nope.

Q. Did Potter counsel you about this on March 7, 2017?

A. Counsel me about what?

Q. Making remarks about management, calling them snakes and fucking dumbasses.

A. When, of '17?

Q. Did he counsel you about that?

A. When you said?

Q. Well, anytime.

A. Well, I don't remember. That's why I'm asking. I don't remember, sir.

Q. March 7, 2017.

A. I don't remember. He might have. I do not remember. If you have something that can recollect my mind, I'd like to look at it. I don't remember.

Q. Okay. I'm showing you what we'll mark as exhibit seven. This is Bates labelled 878 to 880.

(At 4:06 p.m., deposition exhibit 7 marked.)

BY MR. ANCHILL:

Q. I just want to direct your attention to the first page, please. I'm just going to ask you some questions about the first page for now.



FREE STATE REPORTING, INC.
Court Reporting Transcription

Electronically signed by Jeremy Tieking (501-087-518-8444) f4927a5a-79e5-479a-8c66-b3976bf91360

A. Yes, sir, go ahead.
Q. Did you read the first page, DEF 878?
A. Yes, sir.
Q. Okay. Is there anything in that memo that is inaccurate?
A. Nope, it's probably true. Yes, sir, now I remember. It's been a long time, so.
Q. Do you think it's appropriate to call management snakes and fucking dumbasses?
A. I don't remember saying it, but --
Q. Well, you just said now you remember --
A. I remember it.
Q. -- after looking at it.
A. No, I remember the conv -- I remember a conversation, but I don't know if I said all that.
Q. DO you think it's appropriate to call management snakes and fucking dumbasses?
A. Given my case and what I've been through with management and not holding up their side of what they need to do, no, sir, because it was a personal feeling that I had and I was frustrated with work and how I was being treated and how I was being harassed and everything, so, I'm sorry.
Q. Well, this occurred in early March 2017.
MR. ALTMAN: Hold on, hold on, wait, hold on. Were you finished answering?



FREE STATE REPORTING, INC.
Court Reporting Transcription

Electronically signed by Jeremy Tieking (501-087-518-8444) f4927a5a-79e5-479a-8c66-b3976bf91360