# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOE DASILVA, JR.,

    Plaintiff,

-vs-                                       Case No: 20-cv-11358
                                               Hon. Mark A. Goldsmith
                                               Magistrate Judge Anthony Patti

CHRISTINE WORMUTH,
Secretary of Army and
MARTIN POTTER, in his
Individual capacity,

    Defendants.
_____/

| | |
|---|---|
| THE LAW OFFICE OF<br>KEITH ALTMAN<br>Keith Altman (P81702)<br>Attorney for Plaintiff<br>33228 W. 12 Mile Road, Suite 375<br>Farmington Hills, MI 48334<br>kaltman@lawampmmt.com<br>(516) 456-5885 | DAWN N. ISON<br>UNITED STATES ATTORNEY<br>Benjamin A. Anchill (P70968)<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>(313) 226-0205<br>benjamin.anchill@usdoc.gov<br><br>BOGAS & KONCIUS, PC<br>Brian E. Koncius (P69278)<br>Attorneys for Defendant<br>Martin Potter, Only<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, Michigan 48025<br>(248) 502-5000<br>bkoncius@kbogaslaw.com<br>office@kbogaslaw.com |

_____/

**DEFENDANT MARTIN POTTER'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1

## **DEFENDANT POTTER'S REPLY TO "UNDISPUTED FACTS" AS PRESENTED BY PLAINTIFF**

Plaintiff identifies what he alleges are Undisputed Facts in his Introduction that does not appear in the numbered paragraphs that follow.  Therefore, Defendant will identify and respond to them prior to the numbered paragraphs below.

   A. Plaintiff states: "It is further undisputed that the EEO investigation concluded that the Plaintiff was subjected to harassment in violation of Title VII."

   Defendant responds: Denied. Plaintiff provides no citation to the record for this proposition and there is no such finding using this language in any record document.

   B. Plaintiff states: "Lastly, it is undisputed that said adverse treatment caused Plaintiff to leave his employ."

   Defendant responds: Denied. Plaintiff admitted that he was trying to return to work but was unable to due to COVID and long term symptoms therefrom. (*See* DaSilva Dep. at pp. 66-67 (Q: When you were out due to COVID, were you hoping to get back to work as a firefighter?  A: Of course, of course.  * * * Q: And why were you ultimately unable to return to work, is it because of long-haul COVID?  A: COVID, yes, sir.)

2

1. Undisputed.

2. Denied. Plaintiff never alleged or testified that Potter asked about his wife's bra size, nor does the document cited by Plaintiff make this allegation. (Id., see DaSilva Dep. Transcript (no testimony regarding wife's bra size.); Potter Aff. at ¶2)

3. Denied.  Plaintiff's own citation does not support this. (*Id.;* Dkt. 96-1 PageID 2205)

4. Uncontested.  However, this Court in its ruling on Motions to Dismiss found that these complaints were the subject of a Settlement Agreement between Plaintiff and the Army and cannot be the basis for any claims in this matter. (Dkt. 50 at 5-8)

5. Denied. The Settlement Agreement did not provide for what Plaintiff says. The language of the Settlement Agreement was that the Army would "conduct an Inquiry into … Edwards' alleged rude and discourteous behavior" and "[n]ot take any disciplinary action against … DaSilva for acts that occurred prior to March 2, 2017." (Dkt. 90-12, PageID 869)  However, if Plaintiff believe that this was the substance of the Agreement, he admitted that the Army, in fact, complied with its obligations under the Agreement. (Dkt. 98-1, 3074-75)

3

6. Denied. Plaintiff, did receive the write-up he cites to. However, Plaintiff has admitted to watching pornography at work. (DaSilva Dep. at p. 245-58.) Further, there is no evidence that Potter acted in a retaliatory manner in issuing a write-up for Plaintiff viewing pornography in the workplace. *Id.* Viewing pornography at work is a fireable offense but Potter decided not to terminate Plaintiff because he "did not want him to have to tell his family that he was fired for watching pornography at work" (*See* Potter Aff. at ¶6)

7. Denied. During a morning gathering at shift change where there were a number of people in the kitchen area watching TV. The TV news stated that after commercial break they would discuss the cost of breast implants. At that point, Mr. DaSilva was walking towards Potter and Potter turned as we were passing and asked, Joe, how much do breast implants cost? (Potter Dep. p. 14)

8. Denied. Plaintiff's citation does not support same. (*Id.*)

9. Denied. Plaintiff's citation does not support same. (*Id.*)

10. Denied. (*See* paragraph 7 above.)

11. Denied. There were not multiple, nor any, comments about Plaintiff's breasts made by Potter. (*See* paragraph 7 above.)

12. Denied in that Potter did not make the comments alleged by Plaintiff. (*See* paragraph 7 above.)

13. Uncontested that Plaintiff filed a SHARP Complaint.

14. Denied. (Dkt. 96-1 PageID 2205)

15. Denied. (See paragraph 3 above; Dkt. 96-1 PageID 2205)

16. Denied. Plaintiff's own citation does not support this. (*Id.*)

17. Uncontested that there was a Report of Proceedings in April 2018. However, the citation of findings provided by Plaintiff is incomplete and misleading where the full statement includes, "I do not believe sexual harassment was the issue, but Assistant Chief Potter did ask Fire Fighter [Plaintiff] DaSilva about the cost of breast implants …" (*Id.*)

18. Uncontested but for the fact that the document is a Memorandum and not an email and that Plaintiff is only quoting a portion of the document. (*Id.*)

19. Uncontested the document speaks for itself.

20. See response to paragraph 19 above. However, the Sharp Complaint is not attached to the document identified by Plaintiff. (*Id.*)

21. Uncontested though the title of the document is Formal Complaint of Discrimination.

22. Plaintiff checked the boxes for Race, Sex, Age, National Origin, and Religion on the Formal Complaint of Discrimination identified by Plaintiff, there is no section titled relief. (*Id.*)

23. Denied. Plaintiff's own citation does not support this as the text does not appear anywhere in the document identified. (*Id.*)

5

24. Denied in that the email identifies an "(informal) Equal Employment Opportunity (EEO) pre-complaint of discrimination…" rather than a pending EEO Complaint. (*Id.*)

25. Denied. The email identified was sent to Amy Dombrowski, not Kleehammer and was later forwarded to Kleehammer. (*Id.*)

26. Denied. Plaintiff's own citation does not support this. (*Id.*)

27. Plaintiff's citation does not support this statement. (*Id.*)

28. Denied. Plaintiff's own citation does not support this. (*Id.*)

29. Plaintiff's own citation does not support this. (*Id.*)

30. Plaintiff's own citation does not support this as there is no Ex. C attached to his Pleading. (*Id.*)

31. Uncontested.

32. Denied. Plaintiff's own citation does not support this. (*Id.*) See response to paragraph 5 above. Further, Plaintiff admitted that the Army, in fact, complied with its obligations under the Agreement. (Dkt. 98-1, 3074-75)

33. Denied. Plaintiff's own citation does not support this. (*Id.*)

34. Denied. Plaintiff's own citation does not support this. (*Id.*) Plaintiff admitted that Potter receive a letter of counseling and his performance evaluation was lowered. (Dkt. 97 PageID 2544)

35. Denied. Plaintiff's own citation does not support this. (*Id.*) Further, other than his own unsupported belief, there is no evidence that the Army violated its policies and procedures when taking the actions identified above in paragraph 34 and admitted by Plaintiff. (ECF No. 97 PageID 2544)

36. Denied. Plaintiff's own citation does not support this. (*Id.*)

37. Denied. Plaintiff's own citation does not support this. (*Id.*)

38. Denied. Plaintiff's own citation does not support this and no evidence has been produced to support this statement. (*Id.*) Rather, Plaintiff did not receive a promotion because he was not the best qualified candidate. (*See* Potter Aff. at ¶¶7-8.)

39. Denied.  Plaintiff's own citation does not support this. (*Id.*) Further, Potter testified that Plaintiff never asked him to stop joking around with him. Potter did not know that Plaintiff took offense to his jokes at the time he made them. Potter first learned that Plaintiff apparently took offense to any jokes when Plaintiff filed a SHARP complaint in April 2018. Potter was shocked when he found out and never again joked with Plaintiff.  (*See* Potter Aff. at ¶3)

## I. INTRODUCTION

Plaintiff's arguments are unpersuasive as there are no questions of law. Rather, it is clear since the Supreme Court's ruling in *Bivens,* that: 1.) There is no *Bivens* remedy for First Amendment Retaliation; 2.) Plaintiff's claim is a *Bivens* claim although styled as a §1983 claim; and 3.) That a §1983 claim cannot be brought against Potter as he is a federal agent and §1983 claims may only be brought against a state.

For these reasons, Count I against Defendant Potter in his individual capacity must be dismissed.

## II. ARGUMENT

### A. There Can Be No Claim For First Amendment Retaliation Against Defendant Potter, As Admitted by Plaintiff

Incredibly, Plaintiff seems to argue that this Court has granted him Summary Judgment on this issue by simply allowing the claim to move forward after an initial Motion to Dismiss was denied. (Dkt. 96 at 16)  This Court did **not** rule that Plaintiff had proven its retaliation claim.  Rather, quite clearly, the Court, denying without prejudice, in its February 9, 2022 Opinion & Order (1) Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkts. 32,33) and (2) Denying as Moot Plaintiff's Motion for an Order Striking Substitution, stated that "…the Court will not address the question further at this time.

1

Defendants may or may not ultimately prevail… However, the Court concludes that the most prudent course is to decide the question after the parties have had an opportunity to engage in discovery…" (Dkt. 50 at 5-8) The parties have concluded discovery but it is the Supreme Court's ruling in *Egbert*, which was issued during the pendency of this matter and **after** this Court's ruling on the Motions to Dismiss that is dispositive.

Here and now, the Supreme Court's ruling is the law of the land and covers **all** actions for money damages brought against federal employees for First Amendment retaliation, "there is no *Bivens* action for First Amendment retaliation." *Egbert v Boule,* 213 L Ed 2d 54; 142 S Ct 1793 (2022) The Sixth Circuit, in *Enriquez-Perdomo v. Newman*, has adopted the Supreme Court's ruling and applied it in finding that the plaintiff's First Amendment retaliation case was "not viable after *Egbert*." *Enriquez-Perdomo v. Newman*, 54 F4th 855, 869 (Dec. 5, 2022)

Simply, the facts of the *Egbert* case as argued by Plaintiff are not meaningful as the Supreme Court's ruling on First Amendment retaliation claims was not and cannot be limited to the facts of the case. In the context of a claim for monetary damages against a federal agent for First Amendment retaliation, which is the exact factual situation we have here, the claim cannot stand and must be dismissed.

Finally, Plaintiff in its Response to the Army's Motion for Summary Judgment identifies as "Uncontested" the Army's Material fact that in part reads,

2

"The amended complaint contains seven counts. Count one alleges First Amendment retaliation against Potter in his individual capacity, a *Bivens* claim that is barred by *Egbert v. Boule*, 142 S. Ct. 1793 (2022)…" (ECF No. 97 PageID 2549; ECF No. 90 PageID 704)

1. **Plaintiff's Claim Is A *Bivens* Claim**

While Plaintiff argues that his claim is not a *Bivens* claim there is no support for the argument.  A *Bivens* claim is a claim seeking money damages brought against government officials for allegations of violations of constitutional or statutory rights. See *Camreta v. Green*, 563 US 692, 705 (2011)  Plaintiff here is seeking: 1) money damages; from 2) a government official; for 3) allegations of violations of constitutional or statutory rights. *See* Dkt. 29, p. 89.  These are the exact issues in dispute in Egbert where the Court held that no Bivens remedy was available for First Amendment Retaliation Claims.

Further, despite Plaintiff arguing that retaliation occurred, it does not matter what occurred when such allegations are not cognizable under the law as is the case here after *Egbert*.  *See Enriquez-Perdomo,* 54 F4th at 869

2. **A §1983 Claim May Not Be Brought Against A Federal Actor Like Potter**

Simply, a §1983 Claim may not be brought against Potter, a federal actor, where such claims may only be brought against State, not federal, actors.  Congress

3

did not create an analogous statute for federal officials. *Ziglar v. Abbasi*, 198 L Ed 2d 290; 137 S Ct 1843, 1854 (2017); see also *Zareck v. Corrections Corp of America*, 809 Fed Appx 303, 305 (6th Cir, April 14, 2020).

Defendant is entitled to Summary Judgment in this matter because, according to the United States Supreme Court in it's unequivocal decision in *Egbert*, there is no cognizable cause of action for First Amendment Retaliation against Defendant Potter as alleged by the Plaintiff in this matter. This Court, in following the precedent of the United States Supreme Court, should dismiss Plaintiff's claim as Plaintiff fails to state a claim for which relief can be granted and summarily dismissed.

**B. Defendant Potter is Entitled to Qualified Immunity**

Plaintiff has not been able to clear the two-step inquire to defeat Potter's entitlement to qualified immunity. Plaintiff has not shown that "the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier*, 533 U.S. at 201. Nor has plaintiff established that the actions here would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Brosseau v. Haugen*, 543 U.S. 194, 198- 99; 125 S. Ct. 596; 160 L. Ed. 583 (2004) (quoting *Saucier*, 533 U.S. at 201-202). Even taking the facts in the light most favorable to the Plaintiff, there is no evidence that Potter took any action based on Plaintiff's past

complaints or that his choosing another equally or more qualified candidate for the Captain's position would violate any rights of Plaintiff.

### III. CONCLUSION

As identified more fully in Defendant's briefing, the United States Supreme Court's decision in *Egbert* counsels this Court to dismiss Plaintiff's Claim for First Amendment retaliation against Defendant Potter as there is no such cognizable claim to be brought against government officials like Defendant Potter. Further, Defendant Potter is entitled to qualified immunity where his carrying out of his duties in participating in interviewing and providing feedback on group of qualified applicants and filling a Captain's position could not be known to a reasonable person in his position to be unlawful if anyone but Plaintiff were chosen. For these reasons Defendant Potter asks that the honorable Court dismiss Count I of Plaintiff's First Amended Complaint. For the reasons in Defendant Christine Wormuth's brief, Defendant Potter asks this honorable Court to dismiss all of Plaintiff's claims.

Respectfully submitted,

BOGAS & KONCIUS, PC

*/s/ Brian E. Koncius*
Brian E. Koncius (P69278)
BOGAS & KONCIUS, PC
Attorneys for Defendant
Martin Potter, Only
31700 Telegraph Road, Suite 160
Bingham Farms, Michigan 48025
(248) 502-5000
bkoncius@kbogaslaw.com
office@kbogaslaw.com

Dated: December 19, 2022

## LOCAL RULE CERTIFICATION

I, Brian E. Koncius, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

s/Brian E. Koncius
BRIAN E. KONCIUS
Bogas & Koncius, PC

6