UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

    Plaintiff,

v.

CHRISTINE WORMUTH,
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

    Defendants.

Civil No. 20-11358

Honorable Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**JOINT MOTION TO ADJOURN MOTION *IN LIMINE* AND FINAL PRETRIAL ORDER DEADLINES PENDING THE OUTCOME OF DISPOSITIVE MOTION PRACTICE**

The parties, through their respective attorneys, jointly request that the upcoming April 24, 2023, deadline for motions *in limine* and proposed final pretrial order be adjourned pending the outcome of the two dispositive motions that are pending before the Court. In support of their joint motion, the parties state as follows:

1. This is an employment discrimination case. Plaintiff alleges that his supervisor, Defendant Martin Potter, sexually harassed him and retaliated against him. The claims against the Secretary of the Army are brought under Title VII. Plaintiff also brings a First Amendment retaliation claim against

1

   Potter in his individual capacity. (ECF No. 29.) Potter is represented by private counsel as to the individual capacity claim. (ECF No. 23.)

2. On December 19, 2022, Potter filed a motion for summary judgment, arguing that the claim against him is barred by *Egbert v. Boule*, 142 S. Ct. 1793 (2022), and that he is entitled to qualified immunity. (ECF No. 89.)

3. On December 19, 2022, the Army filed a motion for summary judgment, arguing that Plaintiff cannot satisfy the elements of his hostile work environment and retaliation claims. (ECF No. 90.)

4. Both motions for summary judgment are fully briefed and awaiting decision.

5. The deadline for the parties to file motions *in limine* and to submit their proposed joint final pretrial order is April 24, 2023. (ECF No. 74.) As part of the proposed joint final pretrial order, the parties are required to set forth their trial witnesses and exhibits, identify evidentiary issues that are likely to arise at trial, and submit proposed voir dire questions and jury instructions, among other requirements. (*Id.*)

6. The parties now ask the Court to adjourn the April 24, 2023, motion *in limine* and joint final pretrial order deadline pending the outcome of dispositive motion practice. The parties agree that proceeding with motions *in limine* and a proposed joint final pretrial order before dispositive motions are decided would be inefficient and unnecessarily consume time and resources. For

example, in the event Potter's motion for summary judgment is granted, Potter would no longer be a party to the case, eliminating the need for his private counsel to devote time and money to trial preparation, including motions *in limine* and the joint final pretrial order. By the same token, it would potentially waste government resources, along with the resources of Plaintiff's own attorney, for the parties to proceed with motions *in limine* and the proposed joint final pretrial order before knowing which claims, if any, will survive the Army's motion for summary judgment.

7. Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court may extend a deadline for good cause. There are no published Sixth Circuit cases interpreting the "good cause" standard of Rule 6(b)(1)(A). In interpreting "good cause" under another Federal Rule (Rule 4), the Sixth Circuit observed that there is good cause for an extension if the party seeking the extension was reasonably diligent. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994).

8. In addition, Local Rule 16.1(f) provides that the deadline for submission of the joint final pretrial order will be postponed if a timely-filed dispositive motion remains pending on the seventh day before the deadline for submitting the final pretrial order. E.D. Mich. LR 16.1(f).

3

9. In this case, all parties jointly seek an extension of the April 24, 2023, deadline for motions *in limine* and the proposed joint final pretrial order. The parties agree that they have been reasonably diligent in this matter and that no party would be prejudiced by the requested extension, if granted. "[D]istrict courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). Here, all of the parties would benefit by waiting to prepare their motions *in limine* and the proposed joint final pretrial order until knowing the result of dispositive motion practice.

Respectfully Submitted,

| | |
|---|---|
| LAW OFFICE OF KEITH ALTMAN | DAWN N. ISON<br>United States Attorney |
| *s/Keith Altman*<br>Keith Altman (P81702)<br>33228 West 12 Mile Road<br>Suite 375<br>Farmington Hills, MI 48331<br>(248) 987-8929<br>keithaltman@kaltmanlaw.com | *s/Benjamin A. Anchill*<br>Benjamin A. Anchill (P70968)<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>(313) 226-9566<br>benjamin.anchill@usdoj.gov |
| *Attorney for Plaintiff* | *Attorneys for Defendant Wormuth* |
| | BOGAS & KONCIUS, P.C. |
| | *s/ Brian E. Koncius*<br>Brian E. Koncius (P69278)<br>Bogas & Koncius P.C.<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, MI 48025<br>(248) 502-5000<br>bkoncius@kbogaslaw.com |
| Dated: April 10, 2023 | *Attorneys for Defendant Potter in his individual capacity only* |