UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DASILVA, JR.,

     Plaintiff,

v.

CHRISTINE WORMUTH,
Secretary of the Army, and MARTIN
POTTER, in his individual capacity,

     Defendants.

Civil No. 20-11358

Honorable Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

**JOINT MOTION TO (1) ADJOURN FINAL PRETRIAL CONFERENCE AND TRIAL PENDING THE OUTCOME OF DISPOSITIVE MOTIONS AND (2) SET PRETRIAL DEADLINES**

---

The parties, through their respective attorneys, jointly request an adjournment of the upcoming final pretrial conference on June 5, 2023, and trial on July 12, 2023, pending the outcome of the two dispositive motions that are pending before the Court. In support of their joint motion, the parties state as follows:

1. This is an employment discrimination case. Plaintiff alleges that his supervisor, Defendant Martin Potter, sexually harassed him and retaliated against him. The claims against the Secretary of the Army are brought under Title VII. Plaintiff also brings a First Amendment retaliation claim against

1

Potter in his individual capacity. (ECF No. 29.) Potter is represented by private counsel as to the individual capacity claim. (ECF No. 23.)

2. On December 19, 2022, Potter filed a motion for summary judgment, arguing that the claim against him is barred by *Egbert v. Boule*, 142 S. Ct. 1793 (2022), and that he is entitled to qualified immunity. (ECF No. 89.)

3. On December 19, 2022, the Army filed a motion for summary judgment, arguing that Plaintiff cannot satisfy the elements of his claims. (ECF No. 90.)

4. Both motions are fully briefed and awaiting decision.

5. On April 10, 2023, the parties jointly requested that the Court adjourn the most immediate case deadline: the motion *in limine* deadline and the deadline for submission of the proposed joint final pretrial order – both due on April 24, 2023. (ECF No. 100.) On April 19, 2023, the Court granted the motion, adjourning the deadline for motions *in limine* and submission of the proposed joint final pretrial order "until further order of the Court." (ECF No. 101.)

6. A final pretrial conference remains scheduled for June 5, 2023, at 3:30 p.m., per the Court's order entered on October 5, 2022. (ECF No. 74.) In addition, on May 12, 2023, the Court set this matter for trial commencing on July 12, 2023. (ECF No. 104.)

7. The parties now ask the Court to adjourn the final pretrial conference and trial date. Under the current schedule, the final pretrial conference is scheduled to

occur in less than two weeks. Inasmuch as the purpose of the final pretrial conference is to discuss the joint final pretrial order, this could not be accomplished on June 5, 2023, because the deadline for submission of the proposed joint final pretrial order has been adjourned. (ECF No. 101.)

8. In addition, the parties jointly ask the Court to adjourn the July 12, 2023, trial date. The parties have not begun their trial preparation because dispositive motions remain pending and, as such, the parties do not know which claims, if any, will proceed to trial.

9. In addition to not knowing which claims will be tried, if any, the parties do not know which parties and attorneys will be proceeding to trial. Defendant Potter is represented by private counsel as to the individual capacity claim against him and has filed a motion asserting that there is no *Bivens* remedy for that claim pursuant to a recent Supreme Court case, and that he is entitled to qualified immunity. The Court should not require Defendant Potter and his private counsel to begin preparing for trial before these threshold issues are resolved by the Court. *See Egbert v. Boule*, 142 S. Ct. 1793, 1807 n.3 (2022) (recognizing that "a *Bivens* cause of action 'is an extraordinary act that places great stress on the separation of powers,'" and courts "have 'a concomitant responsibility' to evaluate any grounds that counsel against *Bivens* relief"); *Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 881 (6th Cir. 2021) ("In a

3

lawsuit against federal officers, the first question a court should ask is whether a cause of action exists."); *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015) (recognizing that entitlement to qualified immunity should be resolved "at the earliest possible point").

10. Even if dispositive motions were decided in the near future, the parties do not believe there would be enough time to adequately prepare the case for trial. For example, the parties have not filed motions *in limine*, exchanged Rule 26(a)(3) disclosures, or prepared a proposed joint final pretrial order. These trial activities can be more efficiently completed after dispositive motions are decided. If the case survives summary judgment, the parties ask the Court to issue an order setting pretrial deadlines that give the parties ample time following decision on dispositive motions to get the case ready for trial.

11. The Court's Local Rules recognize that parties should ordinarily not be required to devote significant time and resources to trial activities while dispositive motions remain pending. *See* E.D. Mich. LR 16.1(f) (providing that the deadline for submission of the joint final pretrial order will be postponed if a timely-filed dispositive motion remains pending on the seventh day before the deadline for submitting the final pretrial order). This is all the more true where, as here, threshold questions remain unresolved concerning the existence of a cause of action and immunity.

12. Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court may extend a deadline for good cause. There is good cause for an extension if the party seeking the extension was reasonably diligent. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994). In this case, all parties jointly seek adjournment of the upcoming final pretrial conference and trial date. The parties have been reasonably diligent and no party would be prejudiced by the requested adjournment.

Respectfully Submitted,

LAW OFFICE OF KEITH ALTMAN

s/Keith Altman
Keith Altman (P81702)
33228 West 12 Mile Road
Suite 375
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com

*Attorney for Plaintiff*

DAWN N. ISON
United States Attorney

s/Benjamin A. Anchill
Benjamin A. Anchill (P70968)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9566
benjamin.anchill@usdoj.gov

*Attorneys for Defendant Wormuth*

BOGAS & KONCIUS, P.C.

s/ Brian E. Koncius
Brian E. Koncius (P69278)
Bogas & Koncius P.C.
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
(248) 502-5000
bkoncius@kbogaslaw.com

*Attorneys for Defendant Potter in his individual capacity only*

Dated: May 26, 2023

6